IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:23-cv-01705-RMR

Houston Casualty Company,

    Plaintiffs,

v.

C3 Manufacturing LLC,

    Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* on the Complaint, ECF No. 1, filed by Plaintiff Houston Casualty Company. Plaintiff Houston Casualty Company asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1 ¶ 7.

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction," even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petrol. Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of subject matter jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, "the consent of the parties is irrelevant, principles of estoppel do not

apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Insurance Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See United States Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Because Plaintiff Houston Casualty Company invoked federal jurisdiction by filing the case in this Court, Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *See* ECF No. 1; *Radil*, 384 F.3d at 1224.

Plaintiff Houston Casualty Company asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 ¶ 7. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction only exists if no plaintiff and no defendant are citizens of the same state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (construing 28 U.S.C. § 1332 to require "complete diversity between all plaintiffs and all defendants") (citation omitted); *see also, e.g.*, *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Lincoln Prop. Co.*, 546 U.S. at 89) ("[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state."). While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, non-

conclusory, and non-speculative facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008) (Gorsuch, J.) (internal citation omitted), the allegations regarding the citizenship of the Defendant are not well-pled.

The citizenship of Defendant C3 Manufacturing LLC, a limited liability company, is determined not by the state of its organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). The Complaint states that "C3 is a single-member limited liability company" that is "incorporated in Colorado, with its principal place of business in Colorado," and that Ronald Naranjo is the "the owner and the single member" of C3 Manufacturing. ECF No. 1 ¶ 3–5. The Complaint does not allege Ronald Naranjo's citizenship; therefore, it is not sufficient to establish the citizenship of Defendant C3 Manufacturing.

Because the Complaint has not sufficiently alleged Defendant's citizenship, the Court is unable to determine whether it has subject matter jurisdiction over the claims. *See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted); *see also Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (A federal district court "must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."),

*abrogated on other grounds by Dart Cherokee Operating Co. v. Owens*, 574 U.S. 81 (2014); *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("Statutes conferring diversity jurisdiction are to be strictly construed.").

Accordingly, because the allegations in the Complaint are presently insufficient for the Court to ensure that it possesses subject matter jurisdiction over this case, it is

ORDERED that, on or before July 21, 2023, Plaintiff shall show cause, in writing, as to why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED: July 7, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

4