# EXHIBIT C

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

MICHAEL VANDIVERE and KATHRYN SNOW VANDIVERE, husband and wife and their marital community, and KATHRYN SNOW VANDIVERE, as the legal guardian of W.V., a minor,

Plaintiffs,

vs.

VERTICAL WORLD, INC, a Washington State Corporation; C3 MANUFACTURING, LLC, a Colorado Company,

Defendants.

NO. 19-2-27385-2 SEA

SECOND AMENDED COMPLAINT FOR DAMAGES

Demand for Jury Trial

**COMES NOW** Plaintiffs, by through their attorneys Darrell L. Cochran and Pfau, Cochran, Vertetis & Amala, PLLC, for causes of action against Defendants, and allege the following.

## I. INTRODUCTION

1.1     Nature of Case.     This is a gross negligence, product defect, and Consumer Protection Act action against Vertical World, Inc. ("Vertical World") for its failure to provide a safe recreational facility or safe and functional equipment to Michael Vandivere, who was a paying patron of the Vertical World facility in Seattle, and whose belay device, provided by Defendant, failed to control the slack of rope that he was climbing and failed to catch him as he

SECOND AMENDED COMPLAINT FOR DAMAGES

1 of 14

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

fell onto the grossly insufficient pad on the floor of the facility, resulting in Mr. Vandivere suffering substantial injuries. Mr. Vandivere, his wife, Kathryn Snow Vandivere, and their daughter, W.V., additionally bring claims for loss of consortium following the significant injuries Mr. Vandivere sustained which were preventable and avoidable but for Vertical World's gross negligence in its installation, maintenance, inspection, and operation of its recreational facility and equipment. Vertical World knew or should have known that the sport of rope climbing is an activity which can result in significant harm to the public should they fail to meet their duty to keep their facility and equipment safe for use by their paying patrons. However, due to Vertical World's failure to protect Mr. Vandivere from harms that were hidden to him and not inherent to the sport, such as the ineffective and unsafe belay device or the inexcusably unsafe pad on the floor, Mr. Vandivere and his family have suffered substantial and irreparable harm.

1.2  Additionally, C3 Manufacturing, LLC (hereinafter "C3 Manufacturing") manufactured the Perfect Descent auto-belay device that Mr. Vandivere used on the incident date. C3 Manufacturing, LLC sold the Perfect Descent auto-belay to Vertical World. Mr. Vandivere's injuries were proximately caused by C3 Manufacturing, LLC's failure to provide adequate warnings and instructions.

## II.   PARTIES

2.1  At all times relevant hereto, Michael Vandivere and Kathryn Snow Vandivere, husband and wife, parents to W.V., and W.V., a minor, were and have been residents of the State of Washington, residing in Seattle, Washington, King County.

2.2  At all times relevant hereto, Vertical World, Inc. (hereinafter "Vertical World") is and has been a Washington profit corporation that provides entertainment, education, and recreational facilities at a location in Seattle, King County, Washington.

2.3  At all times relevant hereto, C3 Manufacturing, LLC is and has been a Colorado profit company based in Littleton, Arapahoe County, Colroado. C3 Manufacturing, LLC

SECOND AMENDED COMPLAINT FOR DAMAGES

2 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654


manufactured and sold the Perfect Descent auto-belay that was used by Plaintiff Michael Vandivere in the Vertical World facility. C3 Manufacturing conducted business in the state of Washington at all relevant times hereto.

### III. JURISDICTION

3.1   Under article IV, section 6 of the Washington State Constitution, the Superior Court, King County, has universal original jurisdiction over this lawsuit.

3.2   Jurisdiction is also proper under RCW 2.08.010.

3.3   Jurisdiction is also proper because the incident that forms the basis of this lawsuit occurred in King County, Washington.

3.4   The Court also has personal jurisdiction over the named defendant, Vertical World, Inc.

### IV. VENUE

4.1   Venue lies within King County, Washington under RCW 4.12.020, which is the location of where the cause of action arose as well as where defendant resides.

### V. FACTS

5.1   On August 1, 2019, Mr. Vandivere patronized the Vertical World facility located in Seattle for purposes of engaging in rope climbing.

5.2   Vertical World operates a recreational facility which provides training and programs for youth and adults, including facilities for wall and rope climbing, fitness, yoga, and event spaces.

5.3   The website for Vertical World contains the following language:

HISTORY

Vertical World – America's First Climbing Gym® provides a unique training facility and specialized programs for youth and adults within our communities.

We opened the very first rock climbing gym in America in 1987 on Elliott Ave in Seattle. The gym was no more than rocks glued to painted plywood panels. Today, with more advanced facilities, Vertical World accommodates a variety

SECOND AMENDED COMPLAINT FOR DAMAGES

3 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

of offerings beyond just programs to learn how to rock climb, but performance and educational programs in fitness, yoga, and custom group events including birthday parties, school or church groups, corporate events, private parties, and youth camps.

Vertical World currently has two gyms in Washington, with a third to open in 2018: Seattle, Redmond and Lynnwood, respectively. Please contact your local gym to check out the facilities, classes, programs, events or to book a party or corporate event.

COMMON QUESTIONS (FAQ)

The following is a list of common questions that many of our visitors ask us. If you have a question that isn't here, just call your local gym:

1. If I've never climbed before, can I just drop in and start climbing on my own?

With the exception of the waiver form, there is no restriction for someone to just come in and climb. But in order to climb on the ropes someone will need to have a belayer who has passed our Belay Test or you can take our "Intro to Climbing" class first and you'll build the necessary skills to pass our Belay Check and start climbing in the gym with confidence!

2. What is "belaying"?

Belaying is the act of managing a rope to protect a climber. The "belayer" is there to control the slack in the safety system, catch a climber if they fall, and lower them down when they're finished climbing. It's a crucial skill, and one of the first skills we teach in our "Intro to Climbing" class.

5.4    Mr. Vandivere had visited Vertical World approximately 20-30 times prior to August 1, 2019.

5.5    Vertical World employees and/or representatives had never trained or instructed Mr. Vandivere regarding safe rope climbing protocol.

5.6    Vertical World employees and/or representatives had never assessed Mr. Vandivere's level of skill, knowledge or ability in rope climbing.

5.7    Vertical World employees and/or representatives never monitored Mr. Vandivere when he climbed rope at Vertical World's facility.

SECOND AMENDED COMPLAINT FOR DAMAGES

4 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

5.8     Vertical World's rope climbing facility includes climbing walls, ropes, an auto-belay device on each rope to enable climbers to descend, and floor pads.

5.9     On the ground level of the climbing floor was a padded area.

5.10    The pads were about a couple of inches thick.

5.11    On August 1, 2019, the equipment Mr. Vandivere brought with him included a harness and climbing shoes.

5.12    On August 1, 2019, Mr. Vandivere used the Perfect Descent Auto Belay, which was manufactured and sold to Vertical World, Inc. by C3 Manufacturing.

5.13    Mr. Vandivere attached the rope to his harness via the rope carabiner and began to climb the rope.

5.14    On August 1, 2019, Vertical World employees and/or representatives did not supervise or assist Mr. Vandivere in climbing the rope.

5.15    Mr. Vandivere climbed the rope to approximately 45-feet off the ground.

5.16    As Mr. Vandivere began to descend the rope after he was finished climbing, the safety systems failed and he fell.

5.17    The auto-belay device failed to control the rope slack or break his fall.

5.18    Mr. Vandivere fell onto the floor of the facility.

5.19    The pads on the floor failed to sustain his fall.

5.20    Mr. Vandivere suffered severe injuries as the result of the fall.

5.21    The rope climbing facility and its equipment, including but not limited to the belay device and floor pads, were dangerous and unsafe.

5.22    The dangerous and unsafe condition of the facility and equipment, including but not limited to the belay and floor pads, were hidden and/or unknown to Mr. Vandivere.

5.23    Vertical World knew or should have known about the dangerous and unsafe condition of the facility and equipment.

SECOND AMENDED COMPLAINT FOR DAMAGES

5 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

5.24  Vertical World employees and/or representatives failed to train, supervise, instruct, or otherwise take necessary measures to keep Mr. Vandivere safe from harm.

5.25  Vertical World willfully disregarded its own written policies, industry standards, and manufacturer instructions and warnings regarding the use of the Perfect Descent auto-belay and obligation to supervise its customers using said product as outlined in the product operating manual.

5.26  Vertical World did not provide copies of its gym operations manual or the Perfect Descent operating manual to its customers, like Michael Vandivere.

5.27  Vertical World failed to disclose material information to its customers, including but not limited to its willful violation of its own written policies, industry standards, and manufacturer instructions and warnings on the use of the Perfect Descent auto-belay as outlined in the product operating manual.

5.28  The injuries Mr. Vandivere suffered were medically significant.

5.29  Michael Vandivere suffered damage to his property.

5.30  On March 30, 2021, Ron Naranjo, owner of C3 Manufacturing, LLC, executed a declaration wherein Mr. Naranjo admits that the Operations Manual for the Perfect Descent Climbing Systems "is almost a decade old," and that over the course of time, C3 Manufacturing has "learned that some of the information that [C3 Manufacturing and its] customers knew from experience may not be obvious in the manual to a person unfamiliar with our industry. [C3 Manufacturing] have clarified such questions on an individual basis as they come up."

5.31  Rather than the manufacturer clearly identifying particular product users and the required instructions based on the user, Mr. Naranjo indicates that product users decide for themselves how they should be using the device, declaring that "it is up to the user of the auto-belay device to determine how they are going to use the device."

5.32  Rather than product users being able to rely on the user instructions provided by the manufacturer, Mr. Naranjo declares that climbing gyms with questions on how to use C3

SECOND AMENDED COMPLAINT FOR DAMAGES

6 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Manufacturing's auto-belay device should "look to the CWA's practices..." Mr. Naranjo further declares that C3 Manufacturing "expect[s] gyms to put in place rules and requirements and that climbers will abide by those rules," and that if a climbing gym sought clarification regarding product instructions, C3 Manufacturing would state that gyms "were to comply with CWA standards."

5.33  The sworn statements by C3 Manufacturing's owner contradict the product instructions in several respects. Mr. Naranjo refers climbing gyms to the CWA to set the standards on the use of his company's product, yet the product instructions states:

> Facilities using the Perfect Descent Climbing System should refer to, and abide by the Climbing Wall Association Operations Standards which provides guidelines for the indoor climbing industry, including age restriction, waiver forms, belay checks and climbing facility operating procedures. Also refer to and abide by the Climbing Wall Association's Engineering Standards, the climbing industry standard for load distribution and anchor point placement for artificial climbing walls. ***Instructions contained herein supersede any information in the aforementioned publications***.

5.34  Therefore, despite the written operation manual stating that its instructions supersede any information published by the Climbing Wall Association, Mr. Naranjo declares otherwise.

5.35  In further contradiction to the declaration by Mr. Naranjo, the industry standards set by the CWA in fact requires gym operators to use equipment in accordance with the original equipment manufacturer's instructions. This would involve instructions provided in the Perfect Descent auto-belay operation instructions, such as "[c]heck[ing] the climbing harness is correctly fitted and tightened," "[c]heck[ing] the carabiner(s) from the Perfect Descent lanyard is connected to the designated attachment point on the climbing harness and the gate(s) is properly closed," "[d]ouble check[ing] to make sure the carabiner gate has properly closed and latched prior to use," and that "[c]limbers should be under constant supervision by a trained operator."

SECOND AMENDED COMPLAINT FOR DAMAGES

7 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

5.36    Therefore, rather than C3 Manufacturing making an affirmative statement that its product operation instructions are sufficiently clear and that Vertical World failed to comply with the explicit language of its product instructions, C3 Manufacturing instead recants its warnings by claiming that "it is up to the user of the auto-belay device to determine how they are going to use the device." C3 Manufacturing tacitly ratified Vertical World's violation of the Perfect Descent Operations Manual.

5.37    The Perfect Descent Auto Belay is also subject to a recall. On information and belief, the Perfect Descent Auto Belay used by Mr. Vandivere on August 1, 2019 was unsafe as designed and/or was defective after manufacture.

5.38    Plaintiffs also incorporate the additional facts, allegations of fault and theories of liability uncovered in discovery.

## VI.    CAUSES OF ACTION

### A. Washington Common Law – Gross Negligence
(As to Defendant Vertical World)

6.1    Plaintiff re-alleges and incorporates herein the paragraphs set forth above and below.

6.2    Plaintiff, Mr. Vandivere, brings this claim for gross negligence against defendant based on the safety failures and breakdowns that led to Mr. Vandivere's severe and preventable injuries.

6.3    Defendant owed a duty of care to Mr. Vandivere, its business invitee, to provide a safe facility and equipment for indoor rope climbing; provide instruction and supervision; ensure that proper safety and training techniques were utilized prior to the fall; and provide proper inspection of the facility and equipment.

6.4    Defendant breached its duty to Mr. Vandivere by failing to provide the necessary depth of protective surfacing material as required by industry standards; failing to properly cover the facility floor surface with padding necessary to sustain the fall of rope climbers;

SECOND AMENDED COMPLAINT FOR DAMAGES

8 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

failing to properly maintain and inspect the subject facility surface in a manner that would provide the public with proper protection from fall related injuries; failing to properly supervise maintenance crews responsible for upkeep of the subject facility site and equipment; failing to provide a belay device that was safe for use; failing to warn that the facility and its equipment was dangerous and/or defective, and could lead to serious injury; failing to train, instruct, or supervise Mr. Vandivere despite its own safety protocol; and failing to protect Mr. Vandivere from the obvious danger that the facility and its equipment posed.

6.5     Defendant knew or should have known that the facility and its equipment posed a substantial danger to business invitees, and that the padding would not protect climbers who fell. The substantial gravity of harm was foreseeable to Vertical World.

6.6     The misconduct of Vertical World and its employees constitutes "gross negligence," as defendant and its employees failed to follow proper care, policies, and procedures and take necessary steps to ensure the safety of its paying customer.

6.7     The misconduct of defendant and its employees constitutes "gross negligence" since this is the type of danger that customers would not expect to receive while participating in the sport of indoor climbing, including, but not limited to, being provided unsafe, inadequate, or faulty equipment. The unknown and unknowable risks to Mr. Vandivere of injury due to defendant's failure to provide safe or functional equipment, or instruct, inspect, and supervise at the facility constitutes gross negligence.

6.8     Mr. Vandivere's severe injuries were proximately caused by Defendant Vertical World's gross negligence.

6.9     As a result of defendant's gross negligence, plaintiff has suffered significant damages, including medical expenses, loss of income, and other damages in an amount to be proven at trial.

SECOND AMENDED COMPLAINT FOR DAMAGES

9 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

### B. Products Liability – RCW 7.72.030
### (As to Defendant C3 Manufacturing, LLC)

7.1 Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

7.2 Defendant C3 Manufacturing, LLC designed, assembled, and thereby manufactured and distributed a defective product, the Perfect Descent Climbing Systems.

7.3 The Perfect Descent Climbing Systems was not reasonably safe as designed or manufactured or was not reasonably safe because adequate warnings or instructions were not provided.

7.4 The Perfect Descent Climbing Systems was defectively designed and unreasonably dangerous because, at the time of manufacture, the likelihood that the Perfect Descent Climbing Systems would cause Mr. Vandivere's harm or similar harms, and the seriousness of those harms, outweighed the burden on C3 Manufacturing to design a product that would have prevented those harms and any adverse effect a practical, feasible alternative would have on the product's usefulness. Upon information and belief, if C3 Manufacturing had used a higher quality product, such as the ones sold by competitors, Mr. Vandivere would never have been injured.

7.5 Given its defects, the Perfect Descent Climbing Systems was not reasonably safe because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. An ordinary consumer would not contemplate that the Perfect Descent Climbing Systems would simply fail to adhere to Mr. Vandivere's harness or fail to lower Mr. Vandivere in a safe manner.

7.6 Alternatively, C3 Manufacturing failed to exercise reasonable care in the manufacture and design of the Perfect Descent Climbing Systems.

7.7 Alternatively, C3 Manufacturing breached express and implied warranties, including but not limited to the warranty of merchantability and the warranty of fitness regarding the Perfect Descent Climbing System.

SECOND AMENDED COMPLAINT FOR DAMAGES

10 of 14


PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

7.8     As a direct and proximate result of C3 Manufacturing's wrongful acts, Plaintiffs were injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages in an amount to be determined at trial. Further, Plaintiffs claim consequential damages including costs and actual attorney fees.

### C. Products Liability – RCW 7.72.040
### (As to Defendant Vertical World)

8.1     Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

8.2     Defendant Vertical World is a product seller that is engaged in the business of leasing or bailing equipment used in the recreational sport of rope climbing, including but not limited to the rope, belay, and floor pads.

8.3     The severe injuries Mr. Vandivere suffered were proximately caused by Vertical World's gross negligence in maintaining, inspecting, repairing, and providing safe products, including but not limited to functional and safe belays and floor pads. Patrons like Mr. Vandivere look to the entity leasing or bailing products, like Vertical World, to inspect, maintain, select, and provide safe products for their customers, which Vertical World failed to do.

8.4     Alternatively, the severe injuries Mr. Vandivere suffered were proximately caused by Vertical World's breach of express warranties. Vertical World represented, including but not limited to representations made to the public through its website, that a belay is used to protect a climber and is there to control the slack in the safety system, catch a climber if they fall, and lower the climber down when they are finished climbing. Vertical World breached this express warranty by providing a belay to Mr. Vandivere that neither protected him from falling, controlled the slack, nor caught him when he fell.

8.5     Alternatively, the severe injuries Mr. Vandivere suffered were proximately caused by Vertical World's intentional misrepresentation of facts about the products it provided

SECOND AMENDED COMPLAINT FOR DAMAGES

11 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

to Mr. Vandivere. Vertical World represented, including but not limited to representations made to the public through its website, that a belay is used to protect a climber and is there to control the slack in the safety system, catch a climber if they fall, and lower the climber down when they are finished climbing. This representation made by Defendant misstated the fact that the belay would fail to control the slack of rope or catch a climber if they fell.

8.6  Alternatively, the severe injuries Mr. Vandivere suffered were proximately caused by Vertical World's intentional concealment of information about the product it provided to Mr. Vandivere. Vertical World failed to warn Mr. Vandivere that the belay would fail to function as it should, either by not controlling the rope slack or catching him if he fell.

8.7  As a direct and proximate result of Defendant Vertical World's wrongful acts, Mr. Vandivere was severely injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages in an amount to be determined at rail. Further, Plaintiffs claim consequential damages including costs and actual attorney fees.

### D. Washington Common Law – Loss of Consortium and Injury to Parent-Child Relationship
### (As to All Defendants)

9.1  Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

9.2  As a direct and proximate cause of Defendant's gross negligence and tortious misconduct, Mr. and Mrs. Vandivere have suffered a continuing injury to the marital relationship, including the loss of emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from Mr. Vandivere.

9.3  The gross negligence and tortious misconduct has also directly and proximately caused W.V., a child, to suffer from the loss of her parent's love, care, companionship, and guidance.

SECOND AMENDED COMPLAINT FOR DAMAGES

12 of 14

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

9.4     As a direct and proximate cause of Defendant's gross negligence, W.V., a child, has suffered a continuing injury to the parent-child relationship, including the loss of services, emotional support, affection, care, assistance, love, and companionship.

### E. Violation of the Washington Consumer Protection Act ("CPA") – Chapter 19.86 RCW
### (As to Defendant Vertical World)

10.1     Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

10.2     Vertical world failed to provide material information to Plaintiff Michael Vandivere, a paying member of Vertical World, including but not limited to the failure to inform him that:

(a)     Vertical World willfully violates its own written operating policies regarding training and supervision of its customers with respect to the use of the auto-belay system;

(b)     Vertical World willfully violates industry standards regarding the obligations of a gym operator to follow and comply with all device instructions provided by the manufacturer;

(c)     Vertical World willfully violates the warnings and instructions provided in the manufacturer's operating manual for the auto-belay system installed within Vertical World's facility.

10.3     Vertical World, through the above-described practices and as will be further developed in discovery, has engaged in a pattern of unfair, deceptive, and unlawful conduct pursuant to a common policy that has the capacity to deceive a substantial portion of the public in violation of the CPA, chapter 19.86 RCW, entitling Plaintiff Michael Vandivere to treble damages, reasonable attorney fees, costs of suit, and such other relief as may be permitted by statute.

10.4     Vertical World's CPA violations have directly and proximately caused injury, damages, and losses, including loss of business or property, to Plaintiff Michael Vandivere.

SECOND AMENDED COMPLAINT FOR DAMAGES

13 of 14



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## VII. RESERVATION OF RIGHTS

11.1 Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## VIII. JURY DEMAND

12.1 Under the Washington State Civil Rules, Plaintiffs demand that this action be tried before a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter a judgment against the Defendants for the following:

13.1 For special damages for medical treatment expenses, the expenses of medication, and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

13.2 For all general damages for pain and suffering, including physical and emotional, resulting from the acts complained of herein;

13.3 For such reasonable costs, attorney fees, prejudgment interest, treble damages, and exemplary damages allowed under law;

13.4 For injunctive relief under chapter 19.86 RCW; and

13.5 For such other and further relief as this Honorable Court determines just in the premises.

SIGNED this 21st day of May, 2021.

PFAU COCHRAN VERTETIS AMALA PLLC

By: /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Thomas B. Vertetis, WSBA No. 29805
Kevin M. Hastings, WSBA No. 42316
Andrew S. Ulmer, WSBA No. 51227
Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT FOR DAMAGES

14 of 14

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654