**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01705

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC,

    Defendant.

---

**HOUSTON CASUALTY COMPANY'S MOTION REQUESTING SUBSTITUTED SERVICE**

---

Houston Casualty Company ("HCC"), by and through counsel, Arnett Litigation, LLC, hereby requests an order for substituted service.

1.    On July 5, 2023, HCC filed its Complaint in this matter, along with Exhibits A through E. [ECF No. 1 and 1-1 through 1-5] Simultaneously with the Complaint, HCC filed a Civil Cover Sheet and a Summons. [ECF Nos. 1-6 and 1-7]

2.    The Clerk of Court issued the Summons to C3 Manufacturing LLC ("C3") on July 5, 2023. [ECF No. 3]

3.    The registered agent of defendant C3 is Ronald Naranjo, with an address of 9502 Palmer Lake Ave., Littleton, CO 80125. *See* attached as Exhibit A C3's most recent Periodic Report filed with the Colorado Secretary of State.

4. The principal office address of C3 is 3809 Norwood Dr. Unit 2, Littleton, CO 80125. Ex. A.

5. Beginning on July 6, 2023, a service processor retained by HCC attempted service on C3 a total of five times. Each time, C3 evaded service. *See* attached as Exhibit B an affidavit from the service processor, attaching his notes of attempted service.

6. The service processor attempted service at Mr. Naranjo's home address two times, on July 6, 2023 and on July 7, 2023. *Id.*

7. The service processor wrote about the second attempt at Mr. Naranjo's home, "There is a dog barking and being calmed or shun [sic] by someone inside the house that is non. Visible [sic] but seems pretty obvious as to their presence. . . . Avoiding possibly [sic]" During the July 7, 2023 service attempt, a Chevy with Colorado license plate OVZ-052 was parked at the home. *Id.*, Exhibit 1.

8. The service processor attempted service at C3's primary business address three times, on July 6, 2023; July 13, 2023; and July 14, 2023. Ex. B.

9. During the first attempt at the business address, the process server handed to a woman who stated that she was a manager of C3 the Civil Cover Sheet, Summons, and Complaint and exhibits. She refused, however, to give her name, and then reversed course and stated that she was not a manager of C3. *Id.*

10. When the service processor arrived at the business location on July 13, 2023, he "could see people inside this location. Moving around trying to see what might be happening out front. I went and approached the door and door had been locked as I was getting to it." One of the vehicles on site at the business location on this date was the Chevy with Colorado license plate

OVZ-052 that had been at Mr. Naranjo's home at the time of the July 7, 2023 service attempt. *Id.*, Exhibit 1.

11. The service processor wrote about the July 14, 2023 service attempt: "I came out to location to attempt service and once again the door was locked and no one would answer. . . . It was obvious there were multiple employees at this location who are trying to help service be avoided." *Id.*

12. Fed. R. Civ. P. 4(e)(1) and 4(h)(1) provide that service should be effectuated following state law for serving a summons in the state where the district court is located.

13. C.R.C.P. 4(e)(4) provides that service may be made upon a limited liability company, such as C3, "by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state," "a manager of a limited liability company . . . in which management is vested in managers rather than members, or that manager's secretary or assistant," or "a member of a limited liability company . . . in which management is vested in the members . . . or that member's secretary or assistant."

14. The July 6, 2023 service attempt at the business address of C3, on the woman who initially stated she was a manager of C3, was likely effective service. In an excess of caution, however, HCC seeks an order from this Court permitting substituted service pursuant to C.R.C.P. 4(f).

15. On July 7, 2023, the undersigned reached out to C3's Colorado counsel, Ms. Kerri J. Anderson at Levin Sitcoff Waneka, to provide a courtesy copy of the Civil Cover Sheet, Summons, and Complaint and exhibits and to inquire whether Ms. Anderson was authorized to

accept service. On July 10, 2023, Ms. Anderson responded that she is not authorized to accept service. Exhibit C.

16. C.R.C.P. 4(f) provides that if personal service under section (e) is not possible, a motion seeking an order for substituted service may be filed. Upon review of the motion and satisfaction that substituted service is appropriate, the Court shall order that process be mailed and that service shall be complete on the date of delivery.

17. HCC has attempted service on C3 numerous times, at both the principal place of business and at the address of the registered agent. Service has been evaded each time. In addition, HCC has requested that C3's Colorado counsel accept service, which request was denied.

**WHEREFORE**, Houston Casualty Company seeks an Order granting this motion and permitting substituted service by mail.

**DATED** this 18th day of July 2023.

Respectfully Submitted,

*s/ *Jennifer C. Arnett

Jennifer C. Arnett
Arnett Litigation, LLC
1630 30th Street, Ste. A-184
Boulder, Colorado 80301
Tel: 720-726-5852
jennifer@arnettlawyers.com
*Attorney for Plaintiff Houston Casualty Company*

---

\* *Pursuant to Electronic Case Filing Procedure for the District of Colorado (Civil Cases) § 5(C)(1-3), the "s/ signature" serves as the filer's signature on all such documents filed with the court. It also serves as the filer's signature for purposes of the Federal Rules of Civil Procedure, the local rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court.*