**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01705-RMR-NRN

HOUSTON CASUALTY COMPANY,

Plaintiff,

v.

C3 MANUFACTURING LLC,

Defendant.

---

**DEFENDANT, C3 MANUFACTURING LLC'S MOTION TO DISMISS BASED ON *COLORADO RIVER* ABSTENTION**

---

Defendant, C3 Manufacturing LLC, by and through its attorneys Bradley A. Levin and Kerri J. Anderson of LEVIN SITCOFF WANEKA PC, respectfully requests that the Court dismiss this declaratory judgment action.

## SUMMARY OF ARGUMENT

As a court of limited jurisdiction with discretion to determine whether to hear a matter under the Federal Declaratory Judgment Act, the Court should abstain from exercising jurisdiction and dismiss this action pursuant to the *Colorado River* abstention doctrine. *See Tetra Tech Inc. v. Town of Lyons,* --- F.Supp.3d ---- (D. Colo. Nov. 16, 2022), 2022 WL 16961720, *7. This case is parallel to the action to be filed in the Superior Court for the State of Washington, King County concerning all of the losses sustained by C3 as a result of certain litigation pending in that court out of which this dispute with Plaintiff Houston Casualty Company ("HCC") arises. And, the exceptional circumstances of this case warrant *Colorado River* abstention. Maintaining this action

while the state court action is pending will result in a duplicity of claims and/or piecemeal litigation, state law – not federal law – applies, and the state court will be able to provide a full remedy concerning the claim for relief at issue in this lawsuit. The Court should dismiss the lawsuit accordingly.

## BACKGROUND

Defendant C3 Manufacturing, LLC ("C3") is named as a defendant in the case styled *Vandivere v. Vertical World, Inc., a Washington state corporation, C3 Manufacturing LLC, a Colorado company, Defendants*, Superior Court of the State of Washington, County of King, Case No. 19-2-27385-2 SEA (the "Vandivere Action"). The Vandivere Action arose out of certain injuries that Michael Vandivere sustained while rock climbing at a gym in Washington owned by Vertical World. C3 is the manufacturer of one of the components of the safety equipment used at the Vertical World gyms and Vandivere alleged that it failed on the date of the accident.

At the time of the loss, C3 was insured by Great American Insurance Company ("Great American"). Great American accepted coverage but HCC, which had issued an excess commercial policy to C3 for the same time period, refused to accept coverage for the Vandivere Action. This is the subject of the Complaint in this case.

## ARGUMENT

**The Court Should Abstain From Hearing This Action Under The Colorado River Abstention Doctrine.**

This matter is an action for declaratory relief under the Federal Declaratory Judgment Action, which provides in relevant part:

> In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested

> party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (italics added).[5] By its terms, a court's exercise of jurisdiction under the Declaratory Judgment Act is not mandatory. *See Bituminous Casualty Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). "The Federal Declaratory Judgments Act authorizes, but does not compel, federal jurisdiction over suits seeking declaratory relief." *Sinclair Oil Corp. v. Amoco Prod. Co.*, 982 F.2d 437, 440 (10th Cir. 1992) (noting wide discretion to refuse to hear duplicative declaratory judgment actions). Therefore, the Court must first decide whether it should exercise jurisdiction over this matter. *See Nationwide Mutual Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991).

"The Colorado River abstention doctrine permits federal courts to 'dismiss or stay a federal action in deference to pending parallel state court proceedings" where the federal court would otherwise have concurrent jurisdiction with the state court.'" *Tetra Tech, supra,* at *8, quoting *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Doing so promotes the policy of conservation of judicial resources when a state and a federal court share contemporaneous jurisdiction. *See Tetra Tech, supra,* at *9.

In determining whether to exercise *Colorado River* discretion to dismiss a suit, a two-part analysis is employed. *See id.* The first step is to determine whether the proceedings are parallel and if so, the court examines the "nonexclusive list of factors" that inform whether exceptional circumstances exist that warrant deference to the state court. *See id.* "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox,*

*supra,* at 1081. The "nonexclusive list of factors" that the Tenth Circuit Court of Appeals has considered are:

1. the possibility that one of the two courts has exercised jurisdiction over property
2. the inconvenience from litigating in the federal forum
3. the avoidance of piecemeal litigation
4. the sequence in which the courts obtained jurisdiction
5. the "vexatious or reactive nature" of either case
6. the applicability of federal law
7. the potential for the state-court action to provide an effective remedy for the federal plaintiff
8. the possibility of forum shopping.

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1122 (10th Cir. 2018). The Washington state court action will involve the same parties and the same issues as this lawsuit, and factors 2, 3, 5, 6, and 7 favor abstention while nos. 4 and 8 are neutral and no. 1 is not implicated.

**A. The State Court Action And The Federal Declaratory Judgment Action Are Parallel Because The Involve The Same Parties And Issues.**

C3 anticipates that the Washington state court action will be filed on or before August 4, 2023. *See Tetra Tech, supra* at In it, claims for breach of contract and breach of the duty of good faith and fair dealing will be asserted against HCC in connection with the Vandivere Action. Those claims are based on HCC's unreasonable conduct in refusing to pay the limits of an excess insurance policy it issued to C3 for the time period October 11, 2018 – October 11, 2019 (the "HCC Policy") in order to effect the settlement of the Vandivere Action. This is the very conduct

that HCC asks the Court to endorse as lawful and appropriate in this lawsuit. In addition, claims will be asserted against two law firms which represented C3 in the Vandivere Action for their roles in failing to timely disclose HCC's supposed rescission of the HCC Policy to opposing counsel.[1] One of the firms also clandestinely sent an attorney to C3's co-defendant's place of business while the litigation was pending, and the other failed to timely recognize the conflict of interest that with just 3 – 4 weeks before trial, required lead counsel to withdraw and substitute counsel to be retained.

Each party to be named as a defendant in the Washington state court action is, according to C3, responsible for creating the environment where C3 was facing having to settle what was a defensible liability case at the last minute for the $5 million demanded by plaintiff's counsel, and where the court was so prejudiced against C3's interests that sanctions of more than $400,000 were awarded against C3 individually and against one of the defending law firms on a joint and several basis. HCC's position regarding the HCC Policy and the attorney misconduct created an untenable situation for C3 that caused substantial harm to its interests.

To summarize, then, this lawsuit and the Washington state court action involve C3 and HCC opposing each other on the same issues. The same claims will be asserted in both as well regardless of which party is denominated the plaintiff and which the defendant: C3 will seek to hold HCC liable for the harm caused by its refusal to make its $4 million coverage available to settle the Vandivere Action, and HCC will seek to have a judicial declaration of its rights vis-à-vis C3. The actions need not be mirror images of each other for purposes of *Colorado River*

[1] Lead defense counsel left the first firm to work for the second firm approximately five (5) weeks before trial was scheduled to start.

abstention; it is enough to satisfy the parallel requirement that the issues are "substantially the same[.]" *Tetra Tech, supra,* 2022 WL 16961720, *11.

**B. The List Of Factors Support Dismissal Of This Action.**

Turning to the list of factors that inform whether extraordinary circumstances exist that indicate abstention should be exercised.

Factor 1 is not implicated because the dispute between C3 and HCC do not involve personal or real property. *See id.* Factors 4 and 8 are neutral. This Federal Declaratory Judgment Act case was filed first, but no substantive proceedings have taken place.[2] *See id.* at *13 (factor 4 is concerned with chronology but how much progress has been made in each case). Forum shopping is not implicated as the Vandivere Action which is at the root of dispute between C3 and HCC is venued in Washington state court, and C3 is a Colorado corporation.

The remainder of the Tenth Circuit factors, on the other hand, support dismissal on *Colorado River* abstention grounds. Factors 2 and 3 tie together. Should the Court continue to hear the matter, it will necessarily lead to piecemeal litigation to address the harm that C3 suffered in connection with the Vandivere Action. *See Tetra Tech, supra,* *11 (avoiding piecemeal litigation is the paramount consideration in *Colorado River* abstention). That is because the claims against the other two parties whose conduct combined to cause C3's harm in that lawsuit could not be brought in Colorado, let alone as third-party claims in this action. *See id.* at *15 (considering the impact on the court's jurisdiction of future action to join additional parties in determining *Colorado River* abstention). The attorneys employed by the law firms in question are residents of

[2] C3 was not properly served. The agent for service of process and the only manager of the company is Ron Naranjo, and he was not the person to whom process was given as counsel for HCC was advised. *See* Exhibit 1.

Washington and their conduct was carried out there, where they were defending the Vandivere Action. Furthermore, the United States District Court for the District of Colorado would not have jurisdiction over a law firm that does not have an office in this state.[3] Litigating in two forums would not be convenient for C3 and at the same time HCC, a large multi-national corporation which is headquartered in Texas and which has no office in Colorado pertaining to commercial excess policies, would not be inconvenienced litigating in Washington.[4]

Factor 5 also weighs in favor of the Court abstaining from exercising jurisdiction. HCC is not aggrieved by anything that C3 has done and has not suffered any harm from attempting to effect a rescission or cancellation of the HCC Policy, so it is not pursuing any affirmative rights that have been impaired. Rather, HCC is taking the offensive while the Vandivere Action remains pending, in an apparent attempt to gain an advantage while C3 is dealing with the ramifications of the court's adverse rulings in that case. *See Tetra Tech, supra,* *13. Federal law does not apply, and the Washington state court will be able to provide the same remedy to HCC that it seeks here. Factors 6 and 7 support abstention as a result.

WHEREFORE, for the foregoing reasons, Defendant C3 Manufacturing, LLC respectfully requests that the Court exercise its discretion to abstain from hearing this matter and grant such other and further relief as the Court deems just and proper.

Dated this 27th day of July 2023.

---

[3] https://www.sinarslaw.com/locations/

[4] https://www.tmhcc.com/en-us/about-us/our-story (reflecting that HCC operates in 180 countries); https://www.tmhcc.com/en-us/office-directory .

Respectfully submitted,

**LEVIN SITCOFF WANEKA PC**

*s/Kerri J. Anderson*
Bradley A. Levin
Kerri J. Anderson
455 N. Sherman Street, Ste. 490
Denver, Colorado 80203
Telephone: (303) 575-9390
Fax: (303) 575-9385
brad@lsw-legal.com
kerri@lsw-legal.com
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July 2023, a true and correct copy of the foregoing **DEFENDANT, C3 MANUFACTURING LLC'S MOTION TO DISMISS BASED ON *COLORADO RIVER* ABSTENTION** was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following by the method indicated which will send notification of said filing to the following email addresses:

Jennifer C. Arnett
Arnett Litigation, LLC
1630 30th Street, Ste. A-184
Boulder, CO 80301
jennifer@arnettlawyers.com
*Attorneys for Houston Casualty Company*

*s/ Nicole R. Peterson*
Nicole R. Peterson