# EXHIBIT 1



August 9, 2023

**<u>VIA FIRST CLASS MAIL</u>**

Houston Casualty Company
13403 Northwest Fwy
Houston, TX 77040

       **RE:**    **Notice of Intended IFCA Claim for Unreasonable Denial of Coverage**

To whom it may concern,

I write on behalf of your insured, C3 Manufacturing, LLC ("C3 Manufacturing"), to provide advance notice of its intent to file a claim under the Insurance Fair Conduct Act or IFCA, RCW 48.18.015, against Houston Casualty Company ("Houston Casualty"). The IFCA protects policyholders whose insurance company has denied their claims without good reason, as Houston Casualty did with respect to C3 Manufacturing's claim for coverage for the lawsuit captioned *Vandivere, et al. v. Vertical World, Inc., et al.*, Case No. 19-2-2738502 (King Cnty., Wash. Super.) (the "Vandivere Action"). To provide Houston Casualty with the opportunity to cure, the IFCA requires C3 Manufacturing to initially send this notice of an intent to file an IFCA claim against Houston Casualty and to give it twenty days (plus three days for mailing) to cure the stated deficiencies. As described more fully below, C3 Manufacturing has been aggrieved by Houston Casualty's wrongful conduct, and now offers Houston Casualty the opportunity to cure by making C3 and its assignee whole and by immediately dismissing the improper lawsuit Houston Casualty has brought in Colorado, which was in and of itself an act of bad faith. Unless Houston Casualty cures within the statutory period, C3 Manufacturing will immediately file an IFCA claim for the reasons set forth more fully below.

C3 Manufacturing is asserting its right to payment as a covered person under the insurance policy issued by Houston Casualty, policy number H18PX50121-00, for the period of October 11, 2018 to October 11, 2019 (the "Houston Casualty Policy"), for a lawsuit and subsequent settlement arising out of an occurrence covered by the Houston Casualty Policy; specifically, the August 1, 2019 accident underlying the *Vandivere* Action.

Houston Casualty unreasonably denied a claim for coverage when it refused to participate in the *Vandivere* Action, including in failing to engage in a good faith settlement and wrongfully purporting to rescind and cancel the Houston Casualty Policy. Houston Casualty failed to conduct a reasonable investigation of the claim, and unreasonably refused to pay the claim in the *Vandivere* Action. Houston Casualty also failed to even attempt to effectuate a settlement with third-party claimants, specifically the Vandiveres, which third party interests are expressly contemplated under WAC 284-30-330(6) as incorporated by RCW 48.18.015(5)(a), denying all coverage on the grounds of its purported rescission and subsequent cancellation. Houston Casualty has admitted to receiving notice of the *Vandivere* Action by no later than July 22, 2022, yet it did not send any

455 Sherman St., Ste. 490
Denver, CO 80203
303-575-9390
kerri@lsw-legal.com
www.lsw-legal.com



Houston Casualty Company
August 9, 2023
Page 2

acknowledgement until several months later. Houston Casualty also failed to complete its investigation of the claim within 30 days of notice or even within 30 days of receiving the claim file and defense materials from the underlying insurer.

Further, Houston Casualty's cancellation did not comport with or even mention the cancellation provision in the Houston Casualty Policy, and Houston Casualty misrepresented that it could cancel that policy without complying with those policy provisions. The cancellation provision requires notice of cancellation at least 60 days before the effective date of cancellation. Houston Casualty listed such effective date to be at the inception of the Houston Casualty Policy. As the cancellation was mailed January 26, 2023, and as the inception of the Houston Casualty Policy was October 11, 2018, Houston Casualty failed to comport with this policy provision, and the cancellation was ineffective. For this and other reasons, including wrongful cancellation in the first instance, Houston Casualty has failed to participate in a settlement in which it should have participated. Houston Casualty has injured C3 Manufacturing, economically and non-economically, by its wrongful denial of coverage and wrongful claims of rescission and cancellation. C3 Manufacturing, and/or its assignees and subrogees, intend to seek all damages available under the IFCA, including treble damages as allowed under RCW 48.30.015(2).

Accordingly, pursuant to the above, C3 Manufacturing intends to bring an IFCA claim against Houston Casualty, which claim will be brought after the statutory notice period has expired. As stated, RCW 48.18.015(8)(b) allows for Houston Casualty to cure the basis of C3 Manufacturing's contemplated IFCA claim within twenty days of effective notice. Notice by mail is deemed effective three business days after such notice has been mailed. Barring cure by Houston Casualty, the same section allows C3 Manufacturing to bring the claim without further notice.

Very truly yours,

LEVIN SITCOFF WANEKA PC

Kerri J. Anderson
*Attorney for C3 Manufacturing*

cc: Office of the Insurance Commissioner, Washington State