

# INSURANCE FAIR CONDUCT ACT (IFCA) COVER SHEET

Complete and attach this cover sheet to your submission to the
Office of the Insurance Commissioner (OIC)

| Attn: | Submitted by: |
|---|---|
| Office of the Insurance Commissioner<br>Insurance Fair Conduct Act Claim Notification<br>Office Support Unit<br>P.O. Box 40255<br>Olympia, WA 98504-0255 | Name: Kerri J. Anderson<br>Law Office: Levin Sitcoff Waneka PC<br>Address: 455 Sherman St., Ste. 490<br>Denver, CO 80203<br>Phone: (303) 575-9390<br>Email: Kerri@lsw-legal.com<br>Date: August 9, 2023 |

**RCW 48.30.015(8)(a)** - Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. Notice may be provided by regular mail, registered mail, or certified mail with return receipt requested. Proof of notice by mail may be made in the same manner as prescribed by court rule or statute for proof of service by mail. The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed.

**Insurance Company:** Houston Casualty Company

**First Party Claimant:** C3 Manufacturing, LLC

**Line of Insurance:** Commercial General Liability

**Applicable Statute:**    ☑ RCW 48.30.015 (1)        ☑ RCW 48.30.015 (5), (a) through (f)

*A cover sheet is not required however, without clear identification of the document(s) as an IFCA notice, it is possible your notice will not be recognized and recorded as such. Additionally, any documents beyond the cover sheet and the written notice of the basis for the cause of action are not required and will not be retained, e.g., exhibits. All information provided to the OIC becomes subject to the Public Records Act. Please do not include any personal or confidential information such as medical records, Social Security numbers, banking information, driver's license information, etc.*

<span style="color:red">EXHIBIT 1</span>



August 9, 2023

<u>**VIA FIRST CLASS MAIL**</u>

Houston Casualty Company
13403 Northwest Fwy
Houston, TX 77040

      **RE:**    **Notice of Intended IFCA Claim for Unreasonable Denial of Coverage**

To whom it may concern,

    I write on behalf of your insured, C3 Manufacturing, LLC ("C3 Manufacturing"), to provide advance notice of its intent to file a claim under the Insurance Fair Conduct Act or IFCA, RCW 48.18.015, against Houston Casualty Company ("Houston Casualty"). The IFCA protects policyholders whose insurance company has denied their claims without good reason, as Houston Casualty did with respect to C3 Manufacturing's claim for coverage for the lawsuit captioned *Vandivere, et al. v. Vertical World, Inc., et al.*, Case No. 19-2-2738502 (King Cnty., Wash. Super.) (the "*Vandivere* Action"). To provide Houston Casualty with the opportunity to cure, the IFCA requires C3 Manufacturing to initially send this notice of an intent to file an IFCA claim against Houston Casualty and to give it twenty days (plus three days for mailing) to cure the stated deficiencies. As described more fully below, C3 Manufacturing has been aggrieved by Houston Casualty's wrongful conduct, and now offers Houston Casualty the opportunity to cure by making C3 and its assignee whole and by immediately dismissing the improper lawsuit Houston Casualty has brought in Colorado, which was in and of itself an act of bad faith. Unless Houston Casualty cures within the statutory period, C3 Manufacturing will immediately file an IFCA claim for the reasons set forth more fully below.

    C3 Manufacturing is asserting its right to payment as a covered person under the insurance policy issued by Houston Casualty, policy number H18PX50121-00, for the period of October 11, 2018 to October 11, 2019 (the "Houston Casualty Policy"), for a lawsuit and subsequent settlement arising out of an occurrence covered by the Houston Casualty Policy; specifically, the August 1, 2019 accident underlying the *Vandivere* Action.

    Houston Casualty unreasonably denied a claim for coverage when it refused to participate in the *Vandivere* Action, including in failing to engage in a good faith settlement and wrongfully purporting to rescind and cancel the Houston Casualty Policy. Houston Casualty failed to conduct a reasonable investigation of the claim, and unreasonably refused to pay the claim in the *Vandivere* Action. Houston Casualty also failed to even attempt to effectuate a settlement with third-party claimants, specifically the Vandiveres, which third party interests are expressly contemplated under WAC 284-30-330(6) as incorporated by RCW 48.18.015(5)(a), denying all coverage on the grounds of its purported rescission and subsequent cancellation. Houston Casualty has admitted to receiving notice of the *Vandivere* Action by no later than July 22, 2022, yet it did not send any

455 Sherman St., Ste. 490<br>
Denver, CO 80203<br>
303-575-9390<br>
kerri@lsw-legal.com<br>
www.lsw-legal.com

Houston Casualty Company
August 9, 2023
Page 2

acknowledgement until several months later. Houston Casualty also failed to complete its investigation of the claim within 30 days of notice or even within 30 days of receiving the claim file and defense materials from the underlying insurer.

Further, Houston Casualty's cancellation did not comport with or even mention the cancellation provision in the Houston Casualty Policy, and Houston Casualty misrepresented that it could cancel that policy without complying with those policy provisions. The cancellation provision requires notice of cancellation at least 60 days before the effective date of cancellation. Houston Casualty listed such effective date to be at the inception of the Houston Casualty Policy. As the cancellation was mailed January 26, 2023, and as the inception of the Houston Casualty Policy was October 11, 2018, Houston Casualty failed to comport with this policy provision, and the cancellation was ineffective. For this and other reasons, including wrongful cancellation in the first instance, Houston Casualty has failed to participate in a settlement in which it should have participated. Houston Casualty has injured C3 Manufacturing, economically and non-economically, by its wrongful denial of coverage and wrongful claims of rescission and cancellation. C3 Manufacturing, and/or its assignees and subrogees, intend to seek all damages available under the IFCA, including treble damages as allowed under RCW 48.30.015(2).

Accordingly, pursuant to the above, C3 Manufacturing intends to bring an IFCA claim against Houston Casualty, which claim will be brought after the statutory notice period has expired. As stated, RCW 48.18.015(8)(b) allows for Houston Casualty to cure the basis of C3 Manufacturing's contemplated IFCA claim within twenty days of effective notice. Notice by mail is deemed effective three business days after such notice has been mailed. Barring cure by Houston Casualty, the same section allows C3 Manufacturing to bring the claim without further notice.

Very truly yours,

LEVIN SITCOFF WANEKA PC

Kerri J. Anderson
*Attorney for C3 Manufacturing*

cc: Office of the Insurance Commissioner, Washington State



**Davis Wright Tremaine LLP**

Suite 2400
1300 SW Fifth Avenue
Portland, OR  97201

**Everett W. Jack, Jr.**
503.778.5218 tel
503.778.5299 fax

jacke@dwt.com

August 18, 2023

*VIA FIRST CLASS MAIL AND EMAIL*

Office of the Insurance Commissioner
Insurance Fair Conduct Act Claim Notification
Office Support Unit
P.O. Box 40255
Olympia, WA 98504
licinfo@oic.wa.gov

Re:   ***C3 Manufacturing, LLC – Houston Casualty Company***
        IFCA Claim Notice Response

Dear Commissioner:

We represent Houston Casualty Company ("HCC") and submit this response to the August 9, 2023 letter ("Notice Letter"), sent by Kerri J. Anderson of the Levin Sitcoff and Waneka firm as counsel for C3 Manufacturing LLC ("C3"), providing notice of their intent to file a claim under the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015 in regard to the insurance coverage concerning the *Vandivere, et al. v. Vertical World, Inc*. lawsuit ("Lawsuit").  HCC denies that it has engaged in any conduct that constitutes bad faith or a violation of IFCA.

C3 is a Colorado limited liability company that manufactures an automatic belay device and it faces potential risks nationwide.  C3 sought insurance coverage from HCC through an insurance broker located in Utah. Upon application and consideration of the information provided in the application, HCC issued an excess liability insurance policy to C3 for the policy period October 11, 2018 to October 11, 2019. Primary general liability coverage for the policy period was provided by Great American E&S Insurance Company ("GAIC").

An Amended Complaint was filed in the Lawsuit on May 21, 2021 naming C3 as a defendant. C3 tendered the Lawsuit to GAIC as the primary insurer and GAIC agreed to provide a defense. C3 did not tender to, or notify, HCC of the Lawsuit. Instead, on July 22, 2022, GAIC forwarded notice of the lawsuit to C3's broker. HCC received first notice of the Lawsuit from the broker five days later on July 27, 2022.

Notwithstanding the fact that C3 did not tender the Lawsuit, HCC acknowledged the claim, issued a reservation of rights letter, and requested information with regard to the case.  C3 refused to provide information and instead directed HCC to seek information from C3's defense

4881-6526-2200v.1 -

DWT.COM

Office of the Insurance Commissioner
Insurance Fair Conduct Act Claim Notification
Office Support Unit
August 18, 2023
Page 2

counsel in the Lawsuit.  Defense counsel provided HCC with deposition transcripts of C3's owner, which reflected that C3 had made false representations of material issues on its application for insurance with HCC.  Namely, C3 represented to HCC in the application for insurance, submitted on August 31, 2018, that C3 had not recalled nor was considering recalling any product.  However, in the deposition, C3's owner testified that C3 had issued two recalls of products – on May 19, 2016 and August 15, 2018 – the latter date a mere 16 days before the application for insurance was submitted to HCC.  Based on the material misrepresentations, it was clear that rescision of the HCC policy was appropriate.

HCC timely issued a notice of rescission of the Policy and issued a refund check for the premium paid.  Then, because the HCC policy was issued in Colorado, to a Colorado company, located in Colorado, HCC initiated a declaratory judgment action against C3 in the United States District Court for the District of Colorado seeking a declaration that the HCC policy was properly rescinded ("Coverage Action").  HCC believes that bringing the Coverage Action in the state of residence of C3, under Colorado law, is proper for both HCC's rescission claim and any alleged bad faith claim C3 may assert.  And although HCC firmly believes that Colorado law applies to any dispute with C3, timely initiation of the Coverage Action is consistent with instructions Washington Courts have repeatedly given to insurers when they believe no coverage exists for a claim.

In conclusion, HCC promptly acknowledged the claim, conducted a thorough investigation, and timely moved to rescind the policy based on the material misrepresentations by C3 in the application process.  HCC disputes that there has been any wrongful denial of coverage or any failure on its part that constitutes bad faith or a violation of IFCA.

        Sincerely,

        Davis Wright Tremaine LLP

        Everett W. Jack, Jr.

Cc:    Kerri J. Anderson
        Levin Sitcoff Waneka, PC
        455 Sherman Street, Suite 490
        Denver, CO  80203
        kerri@lsw-legal.com

4881-6526-2200v.1 -