**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   23-cv-01705-RMR

Houston Casualty Company,

     Plaintiff,

v.

C3 Manufacturing LLC,

     Defendant.

---

**HCC'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO RECOMMENDATION TO DENY ORIGINAL MOTION TO DISMISS**

---

Houston Casualty Company ("HCC"), by and through counsel, Arnett Litigation, LLC, files this Response in Opposition to Defendant's Objections to the Recommendation to Deny Defendant's Original Motion to Dismiss. In support of its Response, HCC states the following:

1. On July 5, 2023, Plaintiff HCC initiated this lawsuit seeking a declaration that its rescission ab initio of the policy it had issued to defendant C3 Manufacturing LLC ("C3") was effective. ECF No. 1. HCC filed a First Amended Complaint on July 10, 2023. ECF No. 5.

2. C3 attempted to evade service, *see* ECF No. 12, but this Court deemed that service had been effective, ECF No. 14.

3. Counsel for C3 then entered limited appearances, for the "limited purpose of filing the Motion to Dismiss [ECF No. 17] concurrently herewith." ECF Nos. 16 and 18.

4. C3's original motion to dismiss (the "Original Motion to Dismiss") was based on the *Colorado River* abstention doctrine, arguing that the Court should abstain from exercising its jurisdiction based on a potential lawsuit that C3 had threatened to file in Washington state court. ECF No. 17.

5. Magistrate Judge Neureiter issued a Recommendation on August 22, 2023, recommending that the Original Motion to Dismiss be denied because "there is nothing about the hypothetical state court lawsuit that would create the exceptional circumstances that would justify this federal court abstaining from its 'unflagging' obligation to adjudicate a controversy properly before it." ECF No. 26 at 6.

6. C3 has filed objections to Mag. J. Neureiter's Recommendation, ECF No. 27, requesting that the Court "defer" considering the objections because a second, untimely motion to dismiss filed by C3 "could moot C3's objections." *Id.* at 2.

7. C3 does not provide any substantive basis for objecting to the Recommendation, but requests only that this Court delay considering the (non-substantive) objections until it has considered C3's newly-filed and out of time second motion to dismiss. *Id.*

8. Because C3 failed to make any specific objection to the Recommendation, C3's objections are not proper. As the Tenth Circuit has held, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). *See also, e.g.*, *Hubbard v. Nestor*, 830 Fed. Appx. 574, 581 (10th Cir. 2020) ("To preserve an issue, 'a party's objections to the magistrate judge's report and recommendation must be *both* timely and *specific*.'") (quoting *United States v. 2121 E. 30th*

*St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)); *Ziankovich v. Large*, No. 17-cv-02039-CMA-NYW, 2019 U.S. Dist. LEXIS 159006, *12 (D. Colo. Sept. 18, 2019) ("An objection is properly made if it is both timely and specific.").

9. "An objection is sufficiently specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Smith v. Crockett*, No. 20-cv-0841-WJM-MEH, 2023 U.S. Dist. LEXIS 135292, *9 (D. Colo. Aug. 3, 2023) (quoting *2121 E. 30th St.*, 73 F.3d at 1059). *See also White v. United States Post Office*, Civ. No. 22-cv-01248-CNS-NRN, 2023 U.S. Dist. LEXIS 119045, *4-5 (D. Colo. July 11, 2023) (overruling objections to magistrate's recommendation because objections failed to "provide the Court with any information or arguments that enable the Court to focus its attention on any specific factual or legal issues between the parties or issues regarding the Magistrate Judge's Report and Recommendation").

10. C3's failure to properly object "result[s] in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge." *Zanikovich,* 2019 U.S. Dist. LEXIS at *13 (quoting *Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*, 244 F. Supp. 2d 1130, 1144 (D. Colo. 2002)).

11. In the event this Court is inclined to review the Recommendation de novo, there is no basis for reversing the Recommendation. Magistrate Judge Neureiter properly analyzed the issue presented by C3 and determined that "there was NO parallel litigation, and NO basis on which this Court could abstain from deciding this federal case." ECF No. 26 at 5.

3

**WHEREFORE**, for the reasons stated herein, C3's objections to Magistrate Judge Neureiter's Recommendation to deny C3's Original Motion to Dismiss should be denied.

**DATED** this 8th day of September 2023.

>Respectfully Submitted,
>
>By: *s/ *Jennifer C. Arnett
>
>Jennifer C. Arnett
>Arnett Litigation, LLC
>1630 30th Street, Ste. A-184
>Boulder, Colorado 80301
>Tel: 720-726-5852
>jennifer@arnettlawyers.com
>*Attorney for Plaintiff Houston Casualty Company*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I electronically filed the foregoing **HCC'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO RECOMMENDATION TO DENY ORIGINAL MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      *s/ Christine Giaquinto*
      Legal Assistant for Arnett Litigation, LLC