# EXHIBIT 5



James P. Ruggeri<br>
Phone: 202-469-7752<br>
jruggeri@ruggerilaw.com

June 17, 2023

**VIA EMAIL**

Ms. Lauren Kasheta
Claims Director
LDG Reinsurance Corporation
401 Edgewater Place, Suite 400
Wakefield, MA  01880
lauren_kasheta@ldgre.com

    Re:    Named Insured:    C3 Manufacturing, LLC
           Policy No.:    H18PX50121-00
           Effective Dates:    10/11/2018 – 10/11/2019
           Your Claim No.:    XPL-18-00175
           Underwriting Company:    Houston Casualty Company

Dear Ms. Kasheta:

This firm represents Great American E & S Insurance Company ("Great American") in connection with C3 Manufacturing, LLC's ("C3") claim for coverage for *Vandivere, et al. v. Vertical World, Inc., et al.*, Case No. 19-2-2738502 (King Cnty., Wash. Super.) (the "*Vandivere* Action") pending in Washington state court.  If you are represented by counsel in connection with this matter, please forward this correspondence to their attention or provide contact information so that I may.

Great American issued Policy No. PL17453470-01 to C3 for policy period 10/11/2018-10/11/2019 (the "Great American Policy").  The Great American Policy provides C3 with primary commercial general liability insurance subject to a $1,000,000 per occurrence limit.  Houston Casualty Company ("Houston Casualty") issued Policy No. H18PX50121-00 to C3 (the "Houston Casualty Policy"), which is excess to the Great American Policy and provides $4,000,000 of umbrella coverage to C3 over the Great American Policy.  I understand that Houston Casualty recently made the decision to refuse to participate in the potential settlement of the *Vandivere* Action based on a purported rescission or cancellation of the Houston Casualty Policy for alleged misrepresentations in C3's application for insurance.  Houston Casualty's attempt to rescind or cancel the Houston Casualty Policy after a covered accident has taken place is a violation of applicable law, and Houston Casualty's refusal to participate in settlement is a clear violation of its duty to participate in settlement decisions in good faith.  We ask Houston Casualty to reconsider its position and to confirm that it will participate in good faith in efforts to settle the *Vandivere* Action.

Ms. Lauren Kasheta
June 17, 2023
Page 2 of 2

Here is a summary of my understanding of the relevant facts.  On January 26, 2023, you sent a letter to Ron Naranjo of C3 purporting to rescind the Houston Casualty Policy based on alleged material misrepresentations that you claimed C3 made in the application for the policy.  Also on that date, the broker that placed the Houston Casualty policy, Veracity Insurance Solutions, sent a Policy Change Notification to Mr. Naranjo at C3.  The covering e-mail forwarding the cancellation notice described it as a "FLAT CANCELLATION of the 18/19 policy per the carrier's request," and the Policy Change Notification indicated that the Houston Casualty Policy was "cancelled effective inception."  The January 26 letter enclosed a refund check for the premium associated with the Houston Casualty policy, and the Policy Change Notification was accompanied by an invoice that also reflected the return of the premium amount to C3 as a result of the cancellation.  C3 contested the rescission attempt and did not cash the check.  Houston Casualty did not notify Great American of Houston Casualty's purported rescission or cancellation, and the Superior Court has ruled the plaintiff's counsel may depose Houston Casualty in regard to the above events in the *Vandivere* Action.

We are aware of no law under either potentially applicable state's law (Colorado or Washington) that would allow Houston Casualty to cancel its policy retroactively for accidents that occurred prior to the attempted cancellation.  And, of course, even if Houston Casualty cleared that obstacle, it is far from clear that it would prevail on the merits based on the documents I have seen.  These are issues we understand Houston Casualty will be forced to address at deposition if the *Vandivere* Action does not settle.  Rather than confront that distraction, Houston Casualty should reconsider its coverage position and join us in trying to resolve the matter.  Time is of the essence; trial is scheduled to start June 23, 2023, in Seattle.  Should Houston Casualty refuse to reconsider its position and that decision cause Great American to have to pay amounts that it would not otherwise have to pay, Great American reserves all rights against Houston Casualty.

Should you or counsel have any questions, please let me know.

                                    Sincerely yours,

                                    *[signature]*

                                    James P. Ruggeri