IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   23-cv-01705-RMR-NRN

Houston Casualty Company

      Plaintiff,

v.

C3 Manufacturing LLC

      Defendant,

## MOTION TO AMEND COMPLAINT

### CERTIFICATION – DUTY TO CONFER

      Counsel for the moving party certifies that, before filing this motion and pursuant to D.C.Colo.LCivR 7.1(A), she attempted in good faith to confer with counsel for the opposing party, but to date, counsel for defendant has not responded.

### MOTION

      Houston Casualty Company ("HCC"), by and through counsel, Arnett Litigation, LLC, moves the Court for permission to file a second amended complaint, and as grounds therefore states as follows:

      1.     HCC initiated this lawsuit by filing a Complaint on July 5, 2023. ECF No. 1.

      2.     The Court *sua sponte* filed an order to show cause why the case should not be dismissed due to lack of subject matter jurisdiction. ECF No. 4.

      3.     HCC filed a Response to the Order to Show Cause, indicating that complete diversity existed, along with a First Amended Complaint on July 10, 2023. ECF Nos. 5 and 8.

4. HCC seeks through this lawsuit a declaration "confirming that its rescission, on the basis of fraud, of the excess policy of insurance issued to C3, is effective and that the policy is rescinded ab initio, with the result that HCC has no duties or obligations to C3 under the rescinded policy." ECF No. 5 at ¶ 1.

5. Defendant C3 Manufacturing LLC ("C3") filed a motion to dismiss the First Amended Complaint on July 27, 2023. ECF No. 17. Magistrate Judge Neureiter issued a Recommendation to Deny the Motion to Dismiss, ECF No. 26, and C3 filed Objections to the Recommendation, ECF No. 27.

6. On September 5, 2023, C3 filed a second, out-of-time, motion to dismiss, ECF No. 28 (the "Second Motion to Dismiss"), and HCC filed a response in opposition to the Second Motion to Dismiss on September 13, 2023, ECF No. 32.

7. C3 attached as an exhibit to the Second Motion to Dismiss a complaint filed in Washington State Court. ECF No. 28-1. The plaintiff of the Washington state complaint is Great American E & S Insurance Company ("Great American"), as assignee of claims from its insured C3. Paragraph 1.2 of that complaint states, "Great American brings this action as the assignee of claims against the defendants which were assigned to Great American by C3 Manufacturing LLC ("C3"), a Colorado LLC, as a result of a written assignment of claims executed between Great American and C3 on August 4, 2023." *Id.* at ¶ 1.2.

8. In addition, C3 represented in its Second Motion to Dismiss that "C3 has assigned its rights against HCC to Great American Insurance Company . . . ." ECF No. 28 at 2.

9. Thus, Great American is a necessary party with respect to the effectiveness of the rescission of the C3 policy. Because C3 no longer holds the rights to the insurance policy, HCC seeks to name as a defendant C3's assignee, Great American.

10. Fed. R. Civ. P. 15(a) provides that "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

11. No Scheduling Order has yet been entered in this matter. As such, the Motion and the Second Amended Complaint are being filed well before any deadline to amend pleadings, which deadline has not yet been set.

12. Leave to amend is a discretionary matter which is left to the trial court to determine. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment – the leave sought should, as the rules require, be freely given. *Whitehead v. Marcantel*, 766 Fed. Appx. 691, 704-05 (10th Cir. 2019) (quoting *Forman*, 371 U.S. at 182) (finding denial of motion to amend complaint an abuse of discretion).

13. Justice and equity favor granting HCC's motion to amend its complaint because C3 no longer has an interest in the insurance policy that is the subject matter of this lawsuit. Rather, C3 has represented that it assigned its rights with respect to the policy to Great American. Thus, Great American is a necessary party and HCC should be granted leave to amend the complaint to name the real party in interest, Great American, as a defendant.

14. Aside from the fact of the assignment, the Second Amended Complaint does not introduce new substantive material. A redlined copy of the Second Amended Complaint is attached hereto as <u>Exhibit 1</u>, and a clean copy of the Second Amended Complaint is attached as <u>Exhibit 2</u>.

15. Further, neither C3 nor Great American will be prejudiced by the addition of the real party in interest, Great American, as a defendant. HCC does not seek to amend the complaint due to any dilatory motive, and HCC sought to amend the complaint very shortly after it was made aware of the assignment of rights from C3 to Great American.

**WHEREFORE**, in reliance on the aforementioned information and other facts set forth in the Second Amended Complaint, tendered herewith, HCC asks the Court to grant its motion and accept the Second Amended Complaint as filed.

**DATED** this 26th day of September 2023.

Respectfully Submitted,

[*]s/ *Jennifer C. Arnett*

Jennifer C. Arnett
Arnett Litigation, LLC
1630 30th St., Ste. A-184
Boulder, Colorado  80301
Tel: 720-726-5852
jennifer@arnettlawyers.com
*Attorney for Plaintiff Houston Casualty Company*

---

[*] Pursuant to Electronic Case Filing Procedure for the District of Colorado (Civil Cases) § 5(C)(1-3), the "s/ signature" serves as the filer's signature on all such documents filed with the court. It also serves as the filer's signature for purposes of the Federal Rules of Civil Procedure, the local rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court.

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2023, I electronically filed the foregoing **MOTION TO AMEND COMPLAINT and exhibits** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jennifer C. Arnett*
Member, Arnett Litigation, LLC