# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01705-RMR-NRN

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC,

    Defendant.

## ~~[PROPOSED]~~ SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

**Date:** November 1, 2023 at 11:00 am.

**Counsel for Houston Casualty Company:**

  Jennifer C. Arnett
  Arnett Litigation, LLC
  1630 30th St., Ste. A-184
  Boulder, Colorado 80301
  720-726-5852

**Counsel for C3 Manufacturing LLC:**

  Kerri J. Anderson
  Levin Sitcoff Waneka PC
  455 N. Sherman Street, Suite 490
  Denver, Colorado 80203
  303-575-9390

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, independent of interest and costs. Houston Casualty Company ("HCC") is a citizen of Texas for purposes of 28 U.S.C. § 1332 because its principal place of business is in Texas and it is a Texas corporation. C3 Manufacturing LLC ("C3") is a single-member LLC located and registered in Colorado. The sole member of C3, Ronald Naranjo, resides in and is a citizen of Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES
**Plaintiff:**

HCC initiated this declaratory judgment action to obtain a ruling on the validity of the insurance policy rescission that resulted from C3's fraudulent application. C3 represented in its application for insurance that it had never issued a recall of any product. Through its investigation of an underlying lawsuit, HCC was made aware that C3 had issued recalls, including one recall issued only a few days before Mr. Naranjo signed the application representing that no recalls had been issued.

HCC rescinded the excess policy of insurance that it had issued to C3, based on material misrepresentations, by letter dated January 26, 2023. Notwithstanding the rescission, C3 demanded in June 2023 that HCC tender the limits of the rescinded excess policy to settle an underlying lawsuit pending in Washington state court. Upon receiving this demand, HCC filed this declaratory judgment action to achieve certainty with respect to the parties' rights and responsibilities.

After the filing of this lawsuit, Great American E & S Insurance Company ("Great American"), C3's primary insurer, filed suit against HCC and others in Washington state court.

Great American claimed in the Washington suit that C3 had assigned its rights vis-à-vis HCC to Great American. HCC then filed a motion to amend the complaint in this action to add Great American as a party defendant. That motion remains pending.

**Defendant:**

HCC initiated this declaratory judgment action with the expectation that that a state court lawsuit would soon be filed against it in Washington state court regarding its efforts to rescind and/or cancel an excess insurance policy it issued to C3., HCC did so following its breach of its obligations to settle the Washington lawsuit in which its insured was facing a multi-million dollar verdict as a result of those efforts to rescind or cancel the policy, which ultimately caused Great American E & S Insurance Company ("Great American"), C3's primary insurer, to step in and resolve the matter by fronting HCC's share. As a matter of Washington law and public policy, HCC's attempts to cancel and/or rescind C3's policy post-loss were improper, even if HCC's misrepresentation allegations had merit (which they do not). C3 did not misrepresent anything concerning its autobelay products in its application for insurance with HCC, but rather accurately completed the answers to the questions that were asked with the assistance of its insurance advisor.

Moreover, C3 respectfully submits it would be premature to establish a schedule at this time. There are two motions pending. The first is C3's motion to dismiss or stay this matter under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). C3 contends that the *Brillhart* motion should be decided before setting the deadlines for the management of this case. This is because the granting of that motion would moot the need for a schedule altogether. The second motion pending is HCC's motion to amend its pleadings to add Great American as a party. Although C3 contends that motion should be denied,

3

to the extent the Court disagrees and declines to dismiss or stay this action, the interests of efficiency dictate that a schedule should not be imposed until all parties to the case are added and the pleadings are closed.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

A. C3 is a single-member limited liability company with its principal place of business in Colorado.

B. Ronald Naranjo is the owner and the single member of C3, and Mr. Naranjo resides in and is a citizen of the state of Colorado.

C. HCC is a foreign corporation with its principal place of business in Texas.

D. On August 31, 2018, the owner of C3, Mr. Naranjo, signed and submitted or caused to be submitted a General & Products Liability Insurance Application (the "Application").

E. HCC issued a Commercial Excess Liability insurance policy to C3, policy number H18PX50121-00, with effective dates of 10/11/2018 through 10/11/2019 (the "Excess Policy").

### 5. COMPUTATION OF DAMAGES

**Plaintiff:** Plaintiff seeks no damages at this time. HCC seeks a declaration that its rescission of the policy of insurance issued to C3 is effective and that HCC therefore has no obligations to C3 with respect to the policy. Plaintiff reserves its right to seek costs and attorneys' fees.

**Defendant:** Defendant has asserted no claims against Plaintiff in this action at this time.

      **6.**    **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    A.    Date of Rule 26(f) meeting: October 11, 2023.

    B.    Names of each participant and party he/she represented:

Jennifer C. Arnett on behalf of Plaintiff

Kerri J. Anderson on behalf of Defendant

    C.    Statement as to when Rule 26(a)(1) disclosures were made or will be made. Rule 26(a)(1) disclosures will be made on or before **October 25, 2023** (14 days after Rule 26(f) conference).

    D.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

None.

    E.    Statement concerning any agreements to conduct informal discovery:

The parties have not agreed to conduct informal discovery.

    F.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

No specific procedures have been identified but the parties agree to cooperate to reduce the costs of litigation and expedite the just disposition of the case. The parties have agreed to a unified exhibit numbering system.

    G.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

HCC does not anticipate the involvement of extensive electronically stored information. C3 does anticipate the involvement of extensive electronically stored information from HCC.

H.	Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Counsel for the parties have not discussed settlement at this time.

### 7.	CONSENT

All parties have not consented to the exercise of jurisdiction of magistrate judge.

### 8.	DISCOVERY LIMITATIONS

A.	Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~Plaintiff and Defendant do not propose any modifications to the presumptive limits.~~ Each side shall be limited to 5 depositions, excluding experts. Each side shall be limited to 25 interrogatories.

B.	Limitations which any party proposes on the length of depositions.

~~Depositions are limited to 7 hours on the record.~~ For fact witnesses, depositions shall not exceed 7 hours for two deponents, all other fact depositions are limited to 4 hours. For retained experts, depositions shall not exceed 7 hours.

C.	Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party to be limited to 25 requests for production and 25 requests for admission.

D.	Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Written discovery requests must be served at least ~~33~~ 45 days prior to the close of discovery.

E.	Other Planning or Discovery Orders.

6

None contemplated at this time.

### 9.     CASE PLAN AND SCHEDULE

A.     Deadline for Joinder of Parties and Amendment of Pleadings:

**December 16, 2023 (45 days after Scheduling Conference).**

B.     Discovery Cut-Off: April 19, 2024

~~HCC's position - January 10, 2024 (10 weeks after Scheduling Conference).~~

~~C3's position— A discovery cut-off should not be set while the motions discussed above are pending. If the Court disagrees, no schedule should be set until all parties have been joined and the pleadings closed.~~

C.     Dispositive Motion Deadline: Counsel shall review and follow Judge Rodriguez's practice standards.

~~HCC's position - February 7, 2024 (4 weeks after Discovery Cut-Off).~~

~~C3's position-- A dispositive motions deadline should not be set while the motions discussed above are pending.  If the Court disagrees, no schedule should be set until all parties have been joined and the pleadings closed.~~

D.     Expert Witness Disclosure:

1.     The parties shall identify anticipated fields of expert testimony, if any.

**HCC's position** - Plaintiff does not anticipate the need for any affirmative experts at this time but reserves the right to call experts to address any potential counterclaims that Defendant may file. Plaintiff also reserves the right to name experts to rebut any experts identified by Defendant.

**C3's position**—If this action proceeds, C3 anticipates retaining experts but believes no date should be set for disclosing experts at this time for the reasons set forth above.

2.     Limitations which the parties propose on the use or number of expert witnesses.

**HCC's position** – the parties should be limited to two expert witnesses per party, inclusive of rebuttal experts.

**C3's position** – The Parties should be limited to four expert witnesses to per party, exclusive of rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) by ~~four weeks before the close of discovery~~ February 16, 2024.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) ~~30 days after the other party's disclosure~~ by March 19, 2024.

E. Identification of Persons to be Deposed:

At this time, HCC anticipates depositions of the following persons:

– Ronald Naranjo

– Experts designated by C3

C3 anticipates depositions of the following persons:

– HCC's claims handlers and other employees the identities of whom have not been disclosed.

– Cameron Allen

– Plaintiffs' counsel in the Washington action

– Thomas Quinn, Gordon Rees

– Experts designated by the parties

### 10. DATES FOR FURTHER CONFERENCES

A. Telephonic Status conferences will be held in this case at the following dates and times: February 1, 2024, at 10:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294. Five minutes prior to the start of the hearing, the parties shall call the conference line (888) 398-2342, Access Code 5755390# to participate.

B. A final pretrial conference will be held in this case on_____at _____ o'clock_____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

A. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. See above.

B. Anticipated length of and whether trial is to the court or jury. The parties anticipate a three-day trial for the issues currently in the action, which HCC believes should be to the Court. C3 believes the issues currently in the action will be tried to a jury if the case is not dismissed. If C3's motion to dismiss is denied and Great American is brought into the case, additional claims may be asserted against HCC, which C3 asserts will require a longer trial to a jury.

C. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be amended only upon a showing of good cause.

DATED at Denver, Colorado, this 1st day of November 2023.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Jennifer C. Arnett* | */s/ Kerri J. Anderson* |
| Jennifer C. Arnett | Kerri J. Anderson |
| Arnett Litigation, LLC | Levin Sitcoff Waneka PC |
| 1630 30th St., Ste. A-184 | 455 N. Sherman Street |
| Boulder, Colorado 80301 | Suite 490 |
| 720-726-5852 | Denver, Colorado 80203 |
| Attorney for Plaintiff | Attorney for Defendant |