**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   23-cv-01705-RMR-NRN

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC and Great American E & S Insurance Company, as assignee of C3 Manufacturing LLC,

    Defendants.

---

### HCC'S MOTION FOR LEAVE TO FILE AN EARLY RULE 56 MOTION FOR SUMMARY JUDGMENT AGAINST C3 MANUFACTURING LLC

---

Houston Casualty Company ("HCC"), by and through counsel, Arnett Litigation, LLC, and in accordance with the Court's Standing Order Regarding Rule 56 Motions, files this Motion for Leave to File an Early Rule 56 Motion for Summary Judgment Against C3 Manufacturing LLC. In support of its Motion, HCC states the following:

**CERTIFICATION – DUTY TO CONFER**

Counsel for the moving party certifies that, before filing this motion, she has conferred pursuant to D.C.Colo.LCivR 7.1(A) with counsel for defendant C3 Manufacturing LLC in good faith. Counsel for defendant does not consent to the present motion.

1.    Plaintiff HCC filed its initial Complaint against Defendant C3 Manufacturing LLC ("C3") on July 5, 2023 [ECF No. 1] and a First Amended Complaint on July 10, 2023 [ECF No. 5]. The Complaint and First Amended Complaint assert a single cause of action, seeking a

declaratory judgment that the excess policy of insurance issued by HCC to C3 (the "Excess Policy") was rescinded on the basis of material misrepresentations and that HCC therefore has no duties or obligations with respect to the Excess Policy.

2. C3 filed a motion to dismiss on July 27, 2023 [ECF No. 17], which Magistrate Judge Neureiter recommended denying [ECF No. 26]. This Court entered an order on November 8, 2023, adopting the Recommendation and denying C3's motion to dismiss. [ECF No. 42.]

3. C3 filed a second motion to dismiss on September 5, 2023. [ECF No. 28.]

4. After full briefing, a hearing, and supplemental reports on a case pending in the District Court for the Western District of Washington, Magistrate Neureiter issued a Recommendation to deny the second motion to dismiss. [ECF No. 46.]

5. C3 has filed objections to the Recommendation to deny the second motion to dismiss [ECF No. 49], and HCC responded to C3's objections [ECF No. 52]. C3's objections remain pending.

6. On September 26, 2023, after becoming aware that C3 assigned to Defendant Great American E&S Insurance Company ("Great American") certain of C3's rights concerning the Excess Policy, HCC moved to further amend the complaint to add Great American as a defendant. Over C3's objection, Magistrate Neureiter granted the motion to amend the complaint. [ECF No. 46.] The Second Amended Complaint was deemed filed on November 21, 2023. [ECF No. 47.] The Second Amended Complaint asserts the same single cause of action for declaratory relief as the original Complaint and the First Amended Complaint.

7. C3 filed an Answer to the Second Amended Complaint on December 5, 2023. [ECF No. 50].

2

8. Great American has been served with the Second Amended Complaint. [ECF No. 53.] By extension, Great American's answer or other responsive pleading is due by January 18, 2024. [ECF No. 60.]

9. As Magistrate Neureiter has expressed, the parties "should be entitled [ ] to get a relatively quick answer to the question of the validity of the rescission." [ECF No. 46 at 11.] "The critical and, presumably, dispositive issue here will be whether C3 made material misrepresentations in its insurance application. This discrete question should not take long to litigate in this forum." [ECF No. 26 at 6.] Per Magistrate Neureiter, the question "whether HCC properly rescinded the excess policy" "needs to be answered relatively quickly." [*Id.*]

10. HCC agrees that the question of whether the rescission of the Excess Policy is valid needs to be answered quickly.

11. Now that C3 has filed an Answer to the Second Amended Complaint, and C3 has responded to HCC's initial discovery requests, HCC is prepared to move for summary judgment against C3 on the single cause of action in this matter.

12. The determination of whether the rescission is valid turns on a simple question – whether C3's application for insurance submitted to HCC contained material misrepresentations. HCC submits that there is very little evidentiary material necessary to make this determination, and all such material was either attached as an exhibit to the Second Amended Complaint or has been produced by C3.[1]

---

[1] HCC reserves the right to submit affidavits or declarations in support of its motion for summary judgment. Fed. R. Civ. P. 56(c)(4).

3

13. Moving for summary judgment at this stage of this case is the most efficient course of action. Rather than waiting until the end of the discovery period (set to close on April 19, 2024 [ECF No. 40 at 7]), HCC is prepared to move forward with dispositive motion practice at this time.

14. No party will be prejudiced by the filing of an early motion for summary judgment.

15. HCC has reviewed this Court's Standing Order Regarding Rule 56 Motions and will comply with same.

**WHEREFORE**, for the reasons stated herein, HCC's Motion for Leave to File an Early Rule 56 Motion for Summary Judgment Against C3 Manufacturing LLC should be granted.

**DATED** this 4th day of January 2024.

Respectfully Submitted,

ARNETT LITIGATION, LLC

By: *s/ *Jennifer C. Arnett*

Jennifer C. Arnett
1630 30th Street, Ste. A-184
Boulder, Colorado 80301
Tel: 720-726-5852
jennifer@arnettlawyers.com
*Attorney for Plaintiff Houston Casualty Company*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on January 4, 2024, I electronically filed the foregoing **HCC'S MOTION FOR LEAVE TO FILE AN EARLY RULE 56 MOTION FOR SUMMARY JUDGMENT AGAINST C3 MANUFACTURING LLC** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                 *s/ Christine Giaquinto*
                                                 Legal Assistant for Arnett Litigation, LLC