**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   23-cv-01705-RMR-NRN

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC and Great American E & S Insurance Company, as assignee of C3 Manufacturing LLC,

    Defendant.

**PROTECTIVE ORDER**

Plaintiff Houston Casualty Company ("Plaintiff"), and Defendants C3 Manufacturing LLC ("C3") and Great American E & S Insurance Company, as assignee of C3 Manufacturing LLC ("Great American" and, together with C3, "Defendants") hereby stipulate as follows:

In the course of this litigation, the parties may be requested and required to produce documents and provide information and testimony of types such that disclosure could cause specific harm to Plaintiff or Defendants and therefore are subject to protection for good cause pursuant to Federal Rule of Civil Procedure 26(c).

**IT IS HEREBY ORDERED AS FOLLOWS:**

This Protective Order shall be ENTERED to facilitate discovery and other pretrial and trial proceedings. Protected information to be disclosed in this case may be designated as confidential, after good faith review by counsel of record, so long as they comport with Federal Rule of Civil

Procedure 26(c) and the interpreting case law. Nothing in this Protective Order, standing alone, may be construed as a finding by the court that any document constitutes confidential, proprietary, or trade secret information.

1.    As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2.    <u>Information to be Protected</u>. Information designated "CONFIDENTIAL" includes information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: financial information, private personnel information, trade secrets, and other proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

3.    <u>Marking of Designated Materials</u>.

Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." The mark shall not obscure or hinder the legibility of any of the text or other information in the document.

4.    <u>Inspection</u>. If a party elects to offer its business records for inspection, rather than producing specific documents, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party will mark as "CONFIDENTIAL" copies of only those

documents that contain confidential information at the time the copies are produced to the inspecting party.

5. <u>Electronic Media</u>. To the extent that matter stored or recorded in the form of electronic, machine-readable or other media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) (hereafter "Computerized Material") is produced by any party in such form, the producing party may designate such matter as "CONFIDENTIAL" by cover letter identifying such material or by affixing to such media a label with the appropriate legend. Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" or is produced reduces such material to hard-copy form, such party shall mark each page of such hard-copy form with the legend indicated in the cover letter by which the material was sent or in accordance with the label affixed to the media on which it was sent.

6. <u>Reproducing Electronic Media</u>. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information that is designated "CONFIDENTIAL" that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Protective Order, may have access to the information therein, and shall affix to any media containing confidential information a label with the legend provided for in paragraph 3 above.

7. <u>Designation After Production</u>.  All materials that a party seeks to have protected under this Protective Order shall be marked before providing a copy thereof to a receiving party. If materials already have been produced to another party before entry of this Protective Order, the

party producing such materials shall notify the other party as soon as practicable following entry of this Protective Order that such documents shall be marked and deemed "CONFIDENTIAL" and shall be subject to this Protective Order.  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL,"  shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Protective Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Protective Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

8. <u>Use of Designated Materials</u>.  Materials designated as "CONFIDENTIAL" may be used only for the purposes of this lawsuit, including without limit preparing for and conducting investigation, discovery, pretrial, trial, and appellate proceedings and any mediation or other settlement discussions or negotiations.

9. <u>Access to "CONFIDENTIAL" Materials</u>.  Information designated as "CONFIDENTIAL" shall not, without the consent of the designating party or further order of the Court, be disclosed, except that such information may be disclosed to:

(a) the receiving party, including directors, officers, employees, and former employees of the party who are expected to be witnesses in this legal action or to whom it otherwise is necessary that the materials be shown for purposes of general preparation / work product in this action;

(b) counsel in this action for a receiving party (including members and employees of such counsel's law firm as necessary for this action), or a person or entity retained to provide assistance to  said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) persons retained by the receiving party's attorney in this action to furnish expert or consultant services for purposes of this action, and the staffs of those persons;

4

(d) deponents in this action incident to their depositions;

(e) the Court, its officers and employees, including court reporters and videographers;

(f) witnesses in this action who are expected to testify and to whose testimony the information is relevant;

(g) the author of the document to be disclosed or any person whose name appears on the material as a person who has previously authored or received the material;

(h) employees or agents of photocopy, printing, or data management services engaged for the purpose of reproducing or otherwise processing such information; and

(i) such other persons as hereafter may be designated by written agreement of the parties or by Order of the Court; and

(j) any jury selected for the trial of this matter.

The foregoing persons, other than those listed in subparagraph 7(e), shall be made aware of this Protective Order and shall agree to be bound by it.

(k) Rules for the use and handling of materials marked "Confidential" during the trial and any appeal in this matter shall be established at the final pretrial conference for this matter.

(l) Nothing in this paragraph shall be construed as preventing a party from requesting additional protections as contemplated elsewhere in this Protective Order or from challenging the admissibility of any such documents at trial.

10. <u>Undertaking of Persons Receiving Designated Materials</u>.  Any person to whom information subject to this Protective Order is to be disclosed who is listed in subparagraphs 7(c), (d), (f), and (i) and who is not an employee of a producing party, shall acknowledge and confirm by Declaration, in the form of Exhibit "A" hereto, that (s)he has read this Protective Order and agrees to comply with its terms.  Each person or entity receiving Confidential Material under the terms of this Protective Order and executing a copy of the Declaration hereby agrees to subject himself, herself, or itself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.  Attorneys of

record shall be responsible for obtaining executed copies of Exhibit A from persons listed in this paragraph to whom they intend to disclose documents or information subject to this Protective Order. Such counsel shall not be required to disclose those executed Exhibit As except upon order of this Court.

11.     Interrogatory Answers.  If an interrogatory seeks information or material that falls within any of the CONFIDENTIAL categories, the party answering such interrogatory may answer the interrogatory separately from the other interrogatories with which it was served and shall designate such separate answer as "CONFIDENTIAL" (as appropriate pursuant to paragraph 3 of this Protective Order) by so marking the pages containing the answer.

12.     Production By Others.  In the event an opposing party produces documents or materials that contain information of a party that falls within any of the CONFIDENTIAL categories of this Protective Order without designating the materials "CONFIDENTIAL" such latter party may designate those materials "CONFIDENTIAL" by informing all other receiving parties thereof as soon as reasonably practicable but in no case less than 60 days before trial. Upon receipt of such notice, the receiving parties shall promptly mark their copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Protective Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Protective Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

13. <u>Deposition Testimony</u>. If deposition testimony concerning "CONFIDENTIAL" material is requested or elicited, counsel for any party may request that:

(a) the portions of the testimony, and the transcript thereof, disclosing such material be treated as "CONFIDENTIAL"; and

(b) the room in which the deposition is being taken be closed except to persons who are permitted access to such "CONFIDENTIAL" materials under the terms of this Protective Order for questioning pertaining to such material.

The designation of deposition testimony as "CONFIDENTIAL" may be made on the record at the time of the deposition or within thirty (30) days after counsel for the Designating Party receives the deposition transcript subject to the provisions of paragraph 3 herein. If a deposition or a portion of a deposition is designated during the deposition as "CONFIDENTIAL" the deposition will continue but all persons to whom access to Confidential Material is not permitted under this Protective Order must either be excused from or denied entry into the deposition until the portion of the deposition concerning Confidential Material has concluded. Failure to designate portions of the deposition testimony or transcript as "CONFIDENTIAL" during a deposition shall not affect a party's right to designate or re-designate such testimony or transcript in accordance with paragraph 3. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" counsel for each party shall cause the designated pages of each transcript in its custody to immediately be marked "CONFIDENTIAL." Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked "CONFIDENTIAL."

14. <u>Subsequent Designations</u>. (a) If a party inadvertently produces documents or information that the party believes to be "CONFIDENTIAL," the party that inadvertently produced material may designate it within a reasonable period, but in no event more than 45 days after

7

disclosure. Disclosure or production of material without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Protective Order.

(b) With respect to deposition testimony, if a party has designated any portion of a deposition as "CONFIDENTIAL" on the record, the parties will treat the entirety of the deposition transcript as "CONFIDENTIAL" until the designating party has had an opportunity to designate in writing those portions of the transcript that contain Confidential Materials. The designating party may designate portions or the entirety of a deposition transcript (including exhibits) as Confidential Material by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within thirty (30) days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating certain portions, or the entirety, of the transcript as "CONFIDENTIAL."  The letter or other notice must cite this Protective Order and identify the pages and lines, and/or exhibits, to be designated as Confidential Material.  Each copy of the transcript, and the designated portions, must be marked, by the person receiving the letter or other notice, with the legend specified in Paragraph 3 above and will be governed by the terms of this Protective Order.  After thirty (30) days following receipt of the deposition transcript, no portion of that transcript will be considered confidential unless it is designated as such in writing in accordance with this paragraph.

15. <u>Filings With Restricted Access</u>.  To the extent a party wishes to use "CONFIDENTIAL" information in documents filed with the court, the filing Party must file the documents in accordance with Local Rule 7.2.

16. <u>Subpoena of "CONFIDENTIAL" Materials</u>.  If a party in possession of "CONFIDENTIAL" material receives a subpoena or other legal compulsion seeking production or other disclosure of "CONFIDENTIAL" material, that party shall immediately give written notice to counsel for the party that produced the material and shall identify the "CONFIDENTIAL" material that has been sought and the date and time proposed or demanded for production or disclosure of the material.  Any party objecting to the production or disclosure shall have the right to take timely action in the appropriate court or courts and the party from whom the material has been requested shall cooperate in such action.  In the event that such action is taken (e.g., a motion is filed), no "CONFIDENTIAL" material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by order of the appropriate court(s).

17. <u>Limitations Upon the Scope of Order</u>.  Nothing contained in this Protective Order shall affect the right of a party producing documents or information herein to disclose or use for any purpose any materials designated by the producing party as "CONFIDENTIAL."  This Protective Order shall not limit or affect the rights of any party to use or disclose any information that has not been obtained through, or derived as a result of, this litigation.

18. <u>Return or Destruction of Materials Following Litigation</u>.  Within 30 days of the termination of this action, including any appeals, any party who desires that "CONFIDENTIAL" materials be returned by the opposing party(ies) shall notify counsel for a Receiving Party, and that Receiving Party's counsel shall make arrangements to return any physical copies of "CONFIDENTIAL" materials so requested, with the requesting party covering any necessary shipping expenses.  After 30 days and within 120 days following the termination of this action,

including all appeals, the parties will destroy all materials (physical and electronic) marked "CONFIDENTIAL" by another party that were not requested by such party to be returned to it as allowed by this paragraph. A certificate acknowledging the destruction of materials marked "CONFIDENTIAL" shall be maintained by the Receiving Party and made available upon request. Notwithstanding the foregoing, outside counsel for each party may retain one copy of each document for record purposes only.

19. <u>Sanctions for Breach</u>. Within fourteen (14) days of a party learning of or suspecting a breach of this Protective Order, such party shall give notice to the party believed to be in breach and request such party to take all appropriate steps to recover the information that was disclosed in violation of this Protective Order and all appropriate steps to prevent or reduce harm to the party whose confidential information was disclosed.

20. <u>Challenges to Designations</u>. Nothing in this Protective Order constitutes a finding or admission that any "CONFIDENTIAL" materials are in fact confidential or otherwise not subject to disclosure. Any party may dispute the confidential nature of any "CONFIDENTIAL" materials or may dispute that the "CONFIDENTIAL" materials are entitled to the protections of this Protective Order and may move the Court for removal of the "CONFIDENTIAL" designation from any such materials. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information within 45 days of the objecting party's receipt of the information designated as CONFIDENTIAL. The written notice shall identify the information to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL to initiate a hearing. If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If the designating party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. Nothing in this Protective Order shall preclude the Court, *sua sponte*, from determining that a "CONFIDENTIAL" designation is unwarranted and ordering the removal of such designation.

21. <u>Additional Protection</u>. The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further protective order relating to any other document, information, or issue, or to modify this Protective Order after attempting to resolve the dispute through a meet and confer process.

22. <u>Duration of Protective Order</u>. The confidentiality obligations imposed by this Protective Order shall remain in effect during active litigaton and upon termination of this matter, unless otherwise expressly ordered by the Court.

23. <u>Clawback Provision</u>. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as privileged or subject to the work product doctrine at a later date. Any

party receiving such information or document shall return it upon request from the producing party. Upon receiving such a request, the receiving party shall return the information or document to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege *and/or work* product protection. In the event of any dispute regarding the basis for the clawback, either the producing party or the receiving party may promptly present the dispute to the Court. The producing Party must preserve the information until the claim is resolved. Disclosure of the information or document by the receiving party prior to the clawback shall not be deemed a violation of the provisions of this Protective Order. This Protective Order and this Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

IT IS SO ORDERED THIS  5th  DAY OF  January_____, 2024.

_____
The Hon. R. Neureiter

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned *Houston Casualty Company v. C3 Manufacturing LLC, et al. (*D. Colo. No. 23-cv-01705-RMR-NRN), and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
                                                Signature

Respectfully submitted,

/s/ *Jennifer C. Arnett*
Jennifer C. Arnett
Arnett Litigation, LLC
1630 30th St., Ste. A-184
Boulder, Colorado 80301
720-726-5852
*Attorney for Plaintiff*

/s/ *Kerri J. Anderson*
Kerri J. Anderson
Levin Sitcoff Waneka PC
455 N. Sherman Street, Ste. 490
Denver, CO 80203
303-575-9390
*Attorney for Defendant*