IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01705-RMR-NRN

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC and Great American E & S Insurance Company, as assignee of C3 Manufacturing LLC,

    Defendants.

---

**GREAT AMERICAN E & S INSURANCE COMPANY'S
MOTION TO RESTRICT ECF NO. 68**

---

    Pursuant to D.C.COLO.LCivR 7.2(c)1-5 and (e), Defendant Great American E & S Insurance Company ("Great American"), moves this Court to maintain Level 1 Restriction of the unredacted version of the Appendix to its Motion to Dismiss (ECF No. 67), filed separately under Level 1 Restriction as (ECF No. 68), and states as follows:

**CERTIFICATE OF CONFERRAL**

    Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel's office attempted to confer with counsel for Plaintiff Houston Casualty Company ("HCC") and counsel for Defendant C3 Manufacturing LLC ("C3") as to whether they oppose the relief requested in this motion; however, no response has been received from them as of this filing. Undersigned counsel will promptly supplement this certificate of conferral once HCC and C3's positions are known.

1

**MOTION**

1. On January 5, 2024, the Court entered a Protective Order in this matter. The Protective Order mandates procedures for the designation and treatment of documents and information the parties deem "Confidential." (ECF No. 66.)

2. The Protective Order requires that if Confidential information is to be filed as an exhibit to any motion or brief, the party filing the Confidential information "must file the documents in accordance with Local Rule 7.2." (*Id.* ¶ 15.)

3. On January 18, 2024, Defendant Great American filed its Motion to Dismiss the Second Amended Complaint Under Abstention Principles and for Lack of Personal Jurisdiction ("Motion") (ECF No. 67), with a supporting Appendix, containing Exhibits 1 through 14 (ECF No. 67-1). In the publicly filed version of the Appendix, Exhibits 1 through 3 (*Id.*, pp. 5-20) and 7 through 10 (*Id.*, pp. 159-197) are redacted as they contain Confidential information.

4. At the same time it filed its Motion, Great American separately filed an unredacted version of its Appendix under Level 1 Restriction, in compliance with the Protective Order and D.C.COLO.LCivR 7.2(e). (ECF No. 68.)

5. D.C.COLO.LCivR 7.2(e) provides that a motion to restrict must be filed within 14 days from the date of filing the restricted documents in order to maintain the restricted status until a ruling on the motion to restrict is issued; and, therefore this motion is timely.

6. Exhibits 1 through 3 and 7 through 10 are Confidential, as they contain precisely the "information that is and implicates the privacy or business interests of the parties, including but not limited to: financial information, private personnel information,

trade secrets, and other proprietary business information" the Protective Order is intended to protect. (ECF No. 66 ¶ 2.)

7. While "judicial documents are presumptively available to the public, [they] may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

8. Here, the interests favoring nondisclosure outweigh the right to public access because disclosure of the sensitive information described below would harm not only parties to this action, but persons who are not parties to this action.

9. Under D.C.COLO.LCivR 7.2(c), a party seeking to restrict access must: (1) identify the specific document for which relief is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear and serious injury that would result if access is not restricted; and (4) explain why no alternative to restricted access is practicable.

10. Exhibit 1 (ECF No. 67-1, pp. 5-9) is the *Vandivere* plaintiffs' July 21, 2022 demand letter in the underlying litigation, a confidential settlement communication between counsel for the *Vandivere* plaintiffs and counsel for C3 and Vertical World. Neither the *Vandivere* plaintiffs nor Vertical World are parties to this action. "[G]enerally, non-parties have an interest in protecting against disclosure of their confidential information." *Brokop v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2021 WL 4963272, at *3 (D. Colo. Aug. 25, 2021). The letter contains confidential financial information as well as confidential medical information that should be restricted from public access. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict

where public disclosure of documents would reveal financial information of both a party and third party); *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (restricting public access to medical information). Releasing Exhibit 1 to the public would invade the confidentiality and privacy interests of individuals who are not parties to this litigation and who have every expectation that it will remain confidential. *See Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599) (restricting information that invades privacy interests). No alternative to restricted access is practicable because the entire document is a private and confidential settlement communication.

11.     Exhibit 2 (ECF No. 67-1, pp. 10-15) is a July 22, 2022 email sent by Great American to HCC and contains information protected by the attorney-client privilege and attorney work product doctrine, and contains private communications between Great American and agents of HCC. Upon information and belief, this document has not been produced by HCC in this litigation. Releasing Exhibit 2 to the public would invade the privacy interests of Great American and HCC by divulging competitively sensitive and proprietary information not otherwise available to the public. *See Huddleson*, *supra*. No alternative to restricted access is practicable because the entire document is private and confidential and should not be made public.

12.     Exhibit 3 (ECF No. 67-1, pp. 16-20) is the Declaration of attorney J. Scott Wood, C3's attorney of record in the underlying *Vandivere* litigation and contains information protected by the attorney-client privilege and work product doctrine. Upon information and belief, this document has not been produced by C3 in this litigation and Mr. Wood and his law firms are not parties to this action. Releasing Exhibit 3 to the

4

public would breach the attorney-client and work product privileges, and provide privileged information not otherwise available to the public. No alternative to restricted access is practicable because the entire document is privileged and should not be made public.

13. Exhibit 7 (ECF No. 67-1, pp. 159-161) is a June 17, 2023 letter in the underlying *Vandivere* litigation from Great American's counsel to HCC seeking contribution, and is a confidential settlement communication. The letter also contains confidential financial information. Releasing Exhibit 7 to the public would invade the confidentiality and privacy interests of both Great American and HCC. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal financial information of both a party and third party); *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599) (restricting information that invades privacy interests). No alternative to restricted access is practicable because the entire document is a confidential and private settlement communication.

14. Exhibit 8 (ECF No. 67-1, pp. 162-190) is a transcript of the June 22, 2022 deposition of attorney J. Scott Wood, C3's attorney of record in the underlying *Vandivere* litigation. Mr. Wood and his law firms are not parties to this action. Upon information and belief, this document has not been produced by C3 in this action. Exhibit 8 contains information protected by the attorney-client privilege and attorney work product doctrine, confidential financial information, and competitively sensitive and proprietary information not otherwise available to the public, including but not limited to,

5

the business and financial relationship between Mr. Wood, his law firms, and their clients, compensation rates, and internal procedures. *See Church Mut. Ins. Co. v. Coutu*, Case No. 17-cv-00209-RM-NYW, 2018 WL 10911737, at *3 (D. Colo. Sept. 10, 2018) (restricting public access to information regarding the business and financial relationship between two parties); *Cahey v. Int'l Bus. Machs. Corp.*, Case No. 20-cv-00781-NYW, 2021 WL 5051953, at *2 (D. Colo. Apr. 2, 2021) (restricting public access to internal compensation structure information). Mr. Wood and his law firms' businesses would be adversely affected if this information regarding the operation and functionality of their businesses were released to the public and made available to their competitors. *See Pine Tel. Co. v. Alcatel Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (a party may overcome the presumption of public access where the records contain trade secrets); *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (information which "could harm the competitive interests of third parties" may be properly restricted). No alternative to restricted access is practicable because the entire document is private and confidential.

15.     Exhibit 9 (ECF No. 67-1, pp. 191-193) is a June 26, 2023 assignment and settlement agreement negotiated between Great American and C3 ("Assignment") in the underlying *Vandivere* litigation. The Assignment contains a confidentiality provision that the Assignment and the settlement with the underlying plaintiffs must be kept confidential. The Assignment contains confidential information regarding settlement negotiations between Great American and the *Vandivere* plaintiffs, the Sinars law firm and its E&O insurer, and the Gordon Rees firm, as well as confidential financial information. The *Vandivere* plaintiffs, Sinars law firm and its E&O insurer, and the

6

Gordon Rees firm are not parties to this action. Failure to restrict access to Exhibit 9 would cause irreparable harm to Great American and C3, as it would vitiate the confidentiality to which the parties agreed and may constitute a breach of the Assignment. Releasing Exhibit 9 to the public would invade the confidentiality and privacy interests of individuals who are not parties to this litigation and who have the right to expect that information regarding the settlement negotiations between them and Great American will remain confidential. *See Coutu* at *2 (restricting access to settlement agreement between party and nonparty). No alternative to restricted access is practicable because the entire document is private and confidential.

16. Exhibit 10 (ECF No. 67-1, pp. 194-197 is a June 26, 2023 string of emails confirming the Assignment in the underlying *Vandivere* litigation and is in effect a continuation of Exhibit 9. The Assignment contains a confidentiality provision that the Assignment and the settlement with the underlying plaintiffs must be kept confidential. Exhibit 10 also references confidential settlement negotiations between the *Vandivere* plaintiffs and Vertical World, who are not parties to this action. Failure to restrict access to the Exhibit 10 would cause irreparable harm to Great American and C3, as it would vitiate the confidentiality to which the parties agreed and may constitute a breach of the Assignment. Releasing Exhibit 10 to the public would also invade the confidentiality and privacy interests of the *Vandivere* plaintiffs and Vertical World, individuals who are not parties to this litigation and who have the right to expect that information regarding the settlement negotiations between them and others will remain confidential. *See supra* ¶ 15. No alternative to restricted access is practicable because the entire document is privileged and confidential.

17. Pursuant to the Parties' and non-parties' interests in the confidentiality, privacy, protection, and privilege of the documents described in this Motion, Great American respectfully requests that this Court grant continued protection under Level 1 Restriction of the unredacted Appendix to its Motion to Dismiss (ECF #68).

**WHEREFORE**, Great American respectfully requests the Court grant this Motion and enter an order directing the Clerk of the Court to maintain Level 1 Restriction for ECF No. 68.

Dated: February 1, 2024    Respectfully submitted,

*s/ Cedric D. Logan*
Cedric D. Logan
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile:  303.244.1879
Email:  logan@wtotrial.com

James P. Ruggeri
Edward B. Parks, II
Ruggeri Parks Weinberg LLP
1875 K. Street, N.W.
Washington, DC  20006
Telephone: 303.244.1800
Facsimile:  303.244.1879
Email: jruggeri@ruggerilaw.com
          eparks@ruggerilaw.com

*Attorneys for Defendant Great American E & S Insurance Company*

## CERTIFICATE OF SERVICE (CM/ECF)

      I HEREBY CERTIFY that on February 1, 2024, I electronically filed the foregoing **GREAT AMERICAN E & S INSURANCE COMPANY'S MOTION TO RESTRICT ECF NO. 68** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Kerri J. Anderson**
  kerri@lsw-legal.com, nicole@lsw-legal.com, karen@lsw-legal.com

- **Jennifer Arnett**
  jennifer@arnettlawyers.com, christine@arnettlawyers.com, cgiaquinto@sanitaslaw.com

- **Bradley Aaron Levin**
  brad@lsw-legal.com, nicole@lsw-legal.com, karen@lsw-legal.com, nelson@lsw-legal.com

*s/ Cedric D. Logan*