IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01705-RMR-NRN

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC and Great American E & S Insurance Company, as assignee of C3 Manufacturing LLC,

    Defendants.

### GREAT AMERICAN E & S INSURANCE COMPANY'S UNOPPOSED *REVISED* MOTION TO RESTRICT ECF NO. 68

    Pursuant to D.C.COLO.LCivR 7.2(c)1-5 and (e), Defendant Great American E & S Insurance Company ("Great American"), submits this Unopposed Revised Motion to Restrict the unredacted version of the Appendix to its Motion to Dismiss ("Appendix") (ECF No. 68), and moves the Court to withdraw the publicly filed version of the Appendix (ECF No. 67-1) and replace it with the attached revised, redacted version filed herewith. In support of this motion, Great American states as follows:

### CERTIFICATE OF CONFERRAL

    Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for Plaintiff Houston Casualty Company ("HCC") and counsel for Defendant C3 Manufacturing LLC ("C3"). HCC and C3 do not oppose the relief requested in this motion.

1

## **MOTION**

1. On January 5, 2024, the Court entered a Protective Order in this matter. The Protective Order mandates procedures for the designation and treatment of documents and information the parties deem "Confidential." (ECF No. 66.)

2. The Protective Order requires that if Confidential information is to be filed as an exhibit to any motion or brief, the party filing the Confidential information "must file the documents in accordance with Local Rule 7.2." (*Id*. ¶ 15.)

3. On January 18, 2024, Defendant Great American filed its Motion to Dismiss the Second Amended Complaint Under Abstention Principles and for Lack of Personal Jurisdiction ("Motion") (ECF No. 67), with a supporting Appendix, containing Exhibits 1 through 14 (ECF No. 67-1). In the publicly filed version of the Appendix, Exhibits 1 through 3 (*Id*., pp. 5-20) and 7 through 10 (*Id*., pp. 159-197) were redacted as they contained information that were arguably Confidential.

4. At the same time it filed its Motion, Great American separately filed an unredacted version of its Appendix under Level 1 Restriction, in compliance with the Protective Order and D.C.COLO.LCivR 7.2(e). (ECF No. 68.)

5. Great American timely filed a Motion to Restrict ECF No. 68 on February 1, 2024. (ECF No. 77.)

6. Since that time, the Parties have conferred and agree that only confidential medical information contained in Appendix Exhibit 1, the *Vandivere* plaintiffs' July 21, 2022 demand letter in the underlying litigation, requires continued restriction, and that the restriction on Exhibits 2, 3 and 8 through 10 should be removed.

7. Appendix Exhibit 1 is Confidential, as it contains precisely the "information that is and implicates the privacy or business interests of the parties, including but not limited to: financial information, private personnel information, trade secrets, and other proprietary business information" the Protective Order is intended to protect. (ECF No. 66 ¶ 2.)

8. While "judicial documents are presumptively available to the public, [they] may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

9. Here, the interests favoring nondisclosure outweigh the right to public access because disclosure of the sensitive information described below would harm not only parties to this action, but persons who are not parties to this action.

10. Under D.C.COLO.LCivR 7.2(c), a party seeking to restrict access must: (1) identify the specific document for which relief is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear and serious injury that would result if access is not restricted; and (4) explain why no alternative to restricted access is practicable.

11. Exhibit 1 (ECF Nos. 67-1 and 68, pp. 5-9) is the *Vandivere* plaintiffs' July 21, 2022 demand letter in the underlying litigation, is a confidential settlement communication between counsel for the *Vandivere* plaintiffs and counsel for C3 and Vertical World. Neither the *Vandivere* plaintiffs nor Vertical World are parties to this action. "[G]enerally, non-parties have an interest in protecting against disclosure of their confidential information." *Brokop v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2021 WL 4963272, at *3 (D. Colo. Aug. 25, 2021). The letter contains confidential

3

medical information that should be restricted from public access. *See United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (restricting public access to medical information). Releasing Exhibit 1 to the public would invade the confidentiality and privacy interests of individuals who are not parties to this litigation and who have every expectation that it will remain confidential. *See Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599) (restricting information that invades privacy interests).

      12.    Accordingly, Great American is submitting a revised publicly filed Appendix in which only the confidential medical information has been redacted from Exhibit 1 and the redactions to Exhibits 2, 3 and 8 through 10 have been removed, and requests that the previously publicly filed version of the Appendix, ECF No. 67-1, be withdrawn.

      13.    Pursuant to the Parties' and non-parties' interests in the confidentiality, privacy, protection, and privilege of the documents described in this Motion, Great American respectfully requests that this Court grant continued protection under Level 1 Restriction of the unredacted Appendix to its Motion to Dismiss (ECF No. 68).

      **WHEREFORE**, Great American respectfully requests the Court grant this Motion and enter an order directing the Clerk of the Court to maintain the Level 1 Restriction of ECF No. 68, to withdraw ECF No. 67-1, and to accept the revised publicly filed version of the Appendix filed herewith in place of ECF No. 67-1.

Dated: February 21, 2024

Respectfully submitted,

*s/ Joel S. Neckers*
Cedric D. Logan
Joel S. Neckers
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: logan@wtotrial.com
neckers@wtotrial.com

James P. Ruggeri
Edward B. Parks, II
Ruggeri Parks Weinberg LLP
1875 K. Street, N.W.
Washington, DC 20006
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: jruggeri@ruggerilaw.com
eparks@ruggerilaw.com

*Attorneys for Defendant Great American E & S Insurance Company*

**CERTIFICATE OF SERVICE (CM/ECF)**

    I HEREBY CERTIFY that on February 21, 2024, I electronically filed the foregoing **GREAT AMERICAN E & S INSURANCE COMPANY'S REVISED MOTION TO RESTRICT ECF NO. 68** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Kerri J. Anderson**
  kerri@lsw-legal.com, nicole@lsw-legal.com, karen@lsw-legal.com

- **Jennifer Arnett**
  jennifer@arnettlawyers.com, christine@arnettlawyers.com, cgiaquinto@sanitaslaw.com

- **Bradley Aaron Levin**
  brad@lsw-legal.com, nicole@lsw-legal.com, karen@lsw-legal.com, nelson@lsw-legal.com

*s/ Joel S. Neckers*

6