# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01705-RMR-NRN

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC and Great American E & S Insurance Company, as assignee of C3 Manufacturing LLC,

    Defendants.

**GREAT AMERICAN E & S INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS OBJECTIONS**

    Great American E & S Insurance Company ("Great American") respectfully submits this reply in support of its Objections to the Recommendation of the Magistrate Judge Concerning its Motion to Dismiss the Second Amended Complaint, ECF No. 97 (the "Objections") to address new arguments made in Houston Casualty Company's ("HCC") response in opposition to Great American's Objections, ECF No. 98 (the "Response").  On page 6 of HCC's Response, HCC states that "the validity of the rescission is not pending in the Washington state court" and that the "Washington court will not hear the issue that is before this Court."  Those statements are untrue, and HCC provides no evidentiary basis to support them.

    To be sure, the Washington court, out of deference to this Court's consideration of HCC's request for permission to file an early summary judgment motion, ruled that Great American could not at that time file a dispositive motion on the same issue HCC

raised here, and vacated a single hearing.[1]  In doing so, the Washington court merely showed comity to this Court, which to date has not determined whether HCC may file the motion it wants to file.  But the Washington court did *not* stay any aspect of Great American's claims in Washington, including those claims addressing the validity of HCC's rescission.  The Washington court instead expressly clarified that:

> GAIC is correct that the [March 25, 2024] order could be read to prohibit GAIC from moving on issues involving rescission even if related to a claim or defense not before the Colorado court.  **That was not the Court's intention.**  The Court's March 25, 2024, Order, was limited to vacating the hearing on the specific issue of rescission presently before the Colorado court.

(emphasis added).  HCC's claim that there are no parallel pending legal issues in the Washington state court litigation is wrong, unsupported by any evidence, and contradicted by the text on the face of the Washington state court's order.

If this Court abstains as Great American respectfully submits it should, the Washington court will address the issue of the validity of the rescission if that issue has not already been mooted by the Washington court's ruling on the predicate issue of whether HCC was permitted to attempt to rescind when and how it did so under Washington law, an issue pending in Washington but not in this Court.

---

[1]   Great American had no intention of doing so, because the issue HCC wishes to resolve on summary judgment involves disputed issues of fact.

Dated: May 6, 2024

Respectfully submitted,

*s/Thomas A. Olsen*
Cedric D. Logan
Joel S. Neckers
Thomas A. Olsen
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile:  303.244.1879
Email:  logan@wtotrial.com
            neckers@wtotrial.com
            tolsen@wtotrial.com

James P. Ruggeri
Edward B. Parks, II
Ruggeri Parks Weinberg LLP
1875 K. Street, N.W.
Washington, DC  20006
Telephone: (202) 984-1400
Facsimile:  (202) 984-1401
Email: jruggeri@ruggerilaw.com
            eparks@ruggerilaw.com

*Attorneys for Defendant Great American E & S Insurance Company*