IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   23-cv-01705-RMR

Houston Casualty Company,

    Plaintiff,

v.

C3 Manufacturing LLC and Great American E & S Insurance Company, as assignee of C3 Manufacturing LLC,

    Defendants.

## MOTION FOR RECONSIDERATION

Houston Casualty Company ("HCC"), by and through undersigned counsel, files this Motion for Reconsideration of the Court's May 6, 2024 Order (ECF No. 100).

### Preliminary Statement

The result of this Court's Order of May 6, 2024 (the "Order") is that the single question presented to this Court is now pending before no court.

First, the substantive question of whether HCC effectuated rescission of the excess policy based on C3's submission of a fraudulent application is not pending before the Washington state court.

Second, no party could plead such an action because C3, the party to whom the excess policy was issued, is not a party to the Washington state lawsuit.

C3 Manufacturing LLC ("C3") and Great American E & S Insurance Company ("Great American") seek abstention on the grounds that HCC's pleadings in the later-filed Washington state action <u>could</u> be amended to add C3 as a new party (subject to establishing personal jurisdiction) such that HCC <u>could</u> then assert new substantive rescission counterclaims. In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), the Supreme Court emphasized "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Under Great American's proposed pleading standard, which evaluates how the later-filed state court pleadings could be amended, the abstention doctrine would swallow the rule. This Court's Order contains errors of both fact and law, and HCC respectfully requests that the Court reconsider its Order.

## Legal Standard

Grounds justifying a motion for reconsideration of an interlocutory order include, "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See also, e.g.*, *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). "Concomitantly, a motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . ." *Kennett v. Bayada Home Health Care, Inc.*, No. 14-cv-02005-CMA-MJW, 2016 U.S. Dist. Lexis 11497, at *5 (D. Colo. Feb. 1, 2016) (quoting and citing *Servants of the Paraclete*).[1] "[A] district court may revise an interlocutory

---

[1] While the Order granted the defendants' motions to dismiss, it also left the case "subject to reopening for good cause." ECF No. 100 at 15. HCC is therefore treating the Order as a non-final, interlocutory order. In the event the Court disagrees, HCC requests that this Motion be treated as a Motion to Alter or Amend a Judgment pursuant to Fed. R. Civ. P. 59(e).

order 'at any time before the entry of a judgment.' Fed. R. Civ. P. 54(b)." *Luo v. Wang*, 71 F.4th 1289, 1298 (10th Cir. 2023).

## Legal Argument

The Court's Order is based on factual and legal errors. As such, reconsideration of the Order is necessary to prevent manifest injustice.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. With respect to declaratory judgment actions, the abstention doctrine potentially applies when "another suit is pending in a state court presenting the <u>same issues</u>, . . . , <u>between the same parties</u>." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) (emphasis added). Conversely, when the same issues are not present in the federal and state cases, and the same parties are not involved in the two suits, abstention, the exception, is not appropriate. *See, e.g.*, *Little v. Dufour Yachts SAS*, No. 19 C 5411, 2020 U.S. Dist. LEXIS 177580, *15-16 (N.D. Ill. Sep. 28, 2020) (analyzing the *Colorado River* abstention doctrine and declining to abstain where the two cases arose from the same set of operative facts but "the parties and claims [were] mostly different"). Here, the same issues and the same parties are not involved in the case filed by HCC in this Court and the case filed by Great American in Washington state court. Abstention is not appropriate, and the Court committed error by abstaining from exercising its jurisdiction.

In the present case, HCC's complaint pleads a single cause of action, a request for a declaratory judgment that "the Excess Policy is rescinded, ab initio." ECF No. 47 ¶ 68.[2] That

---

[2] The Court makes much about the use of the phrase "with respect to" in the prayer for relief. *See* ECF No. 100 at 11. HCC sought a declaration that the excess policy was rescinded ab initio "and that HCC has no duties or obligations with respect to the rescinded Excess Policy." ECF No. 47 at 9. The only duties and obligations that HCC intended to capture by use of the phrase "with respect to" are those naturally flowing from an excess policy of liability insurance, the duty to indemnify. The Second Amended Complaint does not mention "the propriety of the timing and manner of

3

question is not pending before the Washington state court. As the Court correctly pointed out, the claims that Great American asserts against HCC in the Washington lawsuit are for "breach of contract, statutory unfair insurance conduct, violation of Washington State's Consumer Protection Act, and equitable indemnity/subrogation." Order, ECF No. 100 at 5. None of those causes of action seeks a determination about whether HCC effectively rescinded the excess policy.

Great American has taken pains to point out that the issues presented to this Court are fundamentally different than the issues pending in Washington. Per Great American:

> As an initial matter, there are two questions here: [1] whether HCC has grounds to rescind at all (the issue presented by this action), and [2] whether HCC could rescind *in the manner and at the time that it did* (the issue Great American has raised in Washington).

ECF No. 84 at 7 (brackets added). Great American distinguishes these questions by referring to the issues in this action as "substantive" and the issues in Washington action as "procedural." Exhibit 1, Tr. of Mar. 6, 2024 H'ing at 13:3-13, 28:17-22; *see also* Order, ECF No. 100, at 9 ("[I]n the parallel Washington State Action, Great American alleges that even if [] HCC had grounds to rescind, the manner in which HCC chose to rescind was improper, in bad faith, and prejudicial to third parties."). In other words, the legal question that HCC raised in this Court is not pending in the Washington court.

While the Court recognized that "Great American's claims [in the Washington action] do not necessarily depend on the validity of the rescission itself," Order, ECF No. 100 at 12, the Court incorrectly concluded that "the Washington State Action will resolve all issues between the relevant parties related to HCC's purported rescission," *id.* at 9. *See also id.* at 10 ("Adjudicating

---

HCC's purported rescission," ECF No. 100 at 11, and the Court's reading into the Second Amended Complaint allegations from the separate complaint filed by Great American in Washington state court was inappropriate.

the issue of the validity of HCC's purported rescission would be duplicative, as the same issue is present in the Washington State Action."). This conclusion is legal error – the question of the validity of the rescission as between HCC and C3 is not pending in the Washington state case, with the result that this issue will not be resolved by the Washington court.

The Court is also incorrect in stating that its analysis "would . . . require a review and determination of the meaning of the plain language of both policies and a factual determination of whether certain damages would be covered." *Id.* at 11. HCC did not seek a ruling on coverage issues in the Second Amended Complaint. The single cause of action seeks a declaration that the rescission of the Excess Policy, due to fraud, was effective. Whether C3 committed fraud in its submission of the application for insurance to HCC is a completely separate question from whether coverage exists under the Excess Policy for the underlying Vandivere lawsuit. Coverage is not before this Court, and it was error for the Court to determine that this was a factor supporting abstention.

Further, HCC's affirmative defenses in the Washington action are just that – defenses. HCC asserts as its thirteenth affirmative defense that "HCC was permitted to rescind the HCC Policy based on the misrepresentations of C3 and properly did so, and as a result plaintiffs' claims fail." Exhibit 2, HCC Amended Answer at Aff. Def. 13. The fourteenth affirmative defense is, "HCC was entitled to void the HCC Policy as a result of the fraud and misrepresentations by C3 and did so, and as a result plaintiffs' claims fail." *Id.* at Aff. Def. 14. Defenses are fundamentally different than a cause of action seeking a ruling. For this reason, federal district courts refuse to abstain from exercising their jurisdiction based on affirmative defenses. The Northern District of Illinois, for example, explained, "[i]n the state case, Lee is not seeking any affirmative relief under the IMWL.

5

Additionally, because Lee raised the IMWL issue as a defense, it is possible that the state case could be resolved on other grounds and that the state court may never reach the IMWL issue." *Jin Won Lee v. First Tek, Inc.*, No. 12-cv-4571, 2013 U.S. Dist. LEXIS 40510, *6 (N.D. Ill. March 20, 2013) (rejecting *Colorado River* abstention based on an affirmative defense). The Court has committed legal error to the extent it considered affirmative defenses raised in the Washington case as bases supporting abstention here.

Next, C3 is not a party to the Washington state lawsuit, making complete relief for HCC an impossibility. HCC issued the excess policy to C3, and C3 maintains certain rights in the excess policy. ECF No. 50, C3 Answer to Sec. Am. Compl. at ¶¶ 8, 51. *See also* ECF No. 46 at 11. The possibility of C3 being added as a party does not change the fact that it is not a party to the Washington suit. Both *Brillhart* and *Colorado River* come into play when the same parties are involved in suits pending in both federal and state courts, not when the same parties could be involved. Thus, even if the same substantive question about the effectiveness of HCC's rescission were pending before the Washington court, which it is not, HCC could not obtain complete relief on the rescission question.

In addition, the Court committed an error of fact when it gave credence to C3 and Great American's claim that HCC filed the present lawsuit because it anticipated a suit being filed in Washington state. Order, ECF No. 100 at 12-13. As HCC has pointed out numerous times, there is no evidence that HCC anticipated a suit being filed in Washington state, and indeed, HCC did not anticipate a suit. *See, e.g.*, ECF No. 78 at 6 (referencing the standard reservation of rights

language included in a letter from Great American, which did <u>not</u> mention any intent to file suit).[3] As Magistrate Neureiter correctly determined, HCC filed suit once C3 demanded that HCC pay $4 million on the rescinded excess policy. ECF No. 96 at 3. By giving any weight to C3 and Great American's unsupported attorney argument, this Court committed an error of fact.

On the other hand, this Court failed to give proper weight to the Magistrate's finding that C3 and Great American are using abstention for procedural fencing. ECF No. 46 at 10 (C3's procedural fencing); ECF No. 96 at 17-19 (Great American's procedural fencing). In the Washington State action, Great American contends that "only a court can rescind an insurance policy," and to substantively rescind, HCC was required to "file an action in court promptly." <u>Exhibit 4</u>, Mar. 5, 2024 Mot. for Part. Summ. J'ment at 12. In this suit, Great American takes the position that this earlier and promptly filed federal court action by HCC is superfluous. Yet in Washington State court, Great American takes the contradictory position that filing a rescission action is essential. Great American has made the pending federal court action an element of its state court claims; to now block it from proceeding to resolution abuses the abstention process.

Finally, Colorado law applies to the question of the effectiveness of the rescission of the excess policy. C3 is based in Colorado, and HCC issued the excess policy to C3 in Colorado. The acts that are the basis of the recission notice occurred in Colorado, HCC's communications related to the rescission were exchanged with C3 in Littleton, Colorado, and its outside counsel is located in Denver, Colorado. *See, e.g.*, ECF Nos. 32-1, 32-2, and 32-3. By C3's own admission, the issue

---

[3] To underscore the point that a reservation of rights letter does not equate with an imminent lawsuit, HCC points to the reservation of rights letter issued by Great American to C3. <u>Exhibit 3</u>, June 25, 2021 Great American reservation of rights letter to C3. Even though this reservation letter specifically reserved Great American's right to initiate a declaratory judgment action (*id.* at 1), something the Great American reservation letter to HCC did not do, Great American did <u>not</u> initiate litigation against C3.

of rescission is governed by Colorado law.  ECF No. 32-2 at pdf pg. 3/5 ("Respectfully, we believe that Colorado law does not allow for rescission of the Excess Policy.")  To send a question of Colorado law to a Washington state court makes little sense – particularly where the fundamental question of rescission is not pending in Washington and the (former) insured is not even a party to that lawsuit.

By abstaining from hearing HCC's declaratory judgment action in favor of <u>potential</u> claims and parties being raised in a state court case, this Court has turned the law of abstention on its head. Neither the claim pending here – whether the rescission was effective – nor the main defendant – C3 – is before the Washington court. Therefore, this Court's determination that "only the Washington State Action can address all relevant issues among all relevant parties" is wrong. Due to factual and legal errors, the Court should reconsider its Order.

## Conclusion

**WHEREFORE**, for the reasons stated herein, HCC requests that the Court Reconsider its Order of May 6, 2024 (ECF No. 100), uphold the Recommendations of Magistrate Neureiter to deny motions to dismiss (ECF Nos. 46 and 96), and deny the Motions to Dismiss of C3 and Great American (ECF Nos. 28 and 67).

**DATED** this 16th day of May 2024.

Respectfully Submitted,

By: *s/ *Jennifer C. Arnett*

Jennifer C. Arnett
Arnett Litigation, LLC
1630 30th Street, Ste. A-184
Boulder, Colorado 80301
Tel: 720-726-5852
jennifer@arnettlawyers.com
*Attorney for Plaintiff Houston Casualty Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of May, 2024, I electronically filed the foregoing **MOTION FOR RECONSIDERATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                      *s/ Christine Giaquinto*
                                                      Legal Assistant for Arnett Litigation, LLC