# EXHIBIT 2

Case No. 1:23-cv-01705-RMR-NRN   Document 101-2   filed 05/16/24   USDC Colorado   pg 2
of 36
Case 2:23-cv-01695-TSZ   Document 28   Filed 12/28/23   Page 1 of 35

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREAT AMERICAN E & S INSURANCE
COMPANY, individually, and as Assignee of
Claims from Its Insured C3
MANUFACTURING LLC, a Colorado
Company,

                Plaintiff,

    v.

HOUSTON CASUALTY COMPANY,
GORDON REES SCULLY MANSUKHANI,
LLP, SINARS SLOWIKOWSKI TOMASAKA
LLC, J. SCOTT WOOD and CHRISTOPHER
FURMAN,

                Defendants.

No. 2:23-cv-01695-TSZ

**DEFENDANT HOUSTON CASUALTY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, EQUITABLE SUBROGATION, LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY**

    Defendant HOUSTON CASUALTY COMPANY ("Defendant" or "HCC") files this

amended answer to Plaintiff GREAT AMERICAN E & S INSURANCE COMPANY's

complaint. To the extent that any allegation in the complaint is not specifically admitted, the

allegation is denied.  Defendant answers the corresponding numbered paragraphs of the

complaint as follows:

**I.    PLAINTIFF**

    1.1    Great American is a corporation organized and existing under the laws of the State

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 1
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   of Ohio with its principal place of business in Cincinnati, Ohio.

2       **ANSWER:**

3       HCC lacks sufficient knowledge and information to admit or deny the allegations

4   contained in Paragraph 1.1 of the Complaint, and therefore, denies same.

5

6       1.2    Great American brings this action as the assignee of claims against the defendants

7   which were assigned to Great American by C3 Manufacturing LLC ("C3"), a Colorado LLC, as

8   a result of a written assignment of claims executed between Great American and C3 on August 4,

9   2023.

10      **ANSWER:**

11      HCC denies the allegations in Paragraph 1.2 of the Complaint to the extent they allege

12  there is a valid assignment of claims. HCC otherwise lacks sufficient knowledge and information

13  to admit or deny the allegations contained in Paragraph 1.2 of the Complaint, and therefore,

14  denies same.

15

16      1.3    Great American also brings this action in its individual capacity owing to its right

17  to equitable subrogation from Houston Casualty Company ("Houston Casualty"), described

18  herein below.

19      **ANSWER:**

20      HCC lacks sufficient knowledge and information to admit or deny the allegations

21  contained in Paragraph 1.3 of the Complaint, and therefore, denies same.

22

23          II.    **DEFENDANTS**

24      2.1    Houston Casualty is a corporation organized under the laws of the State of Texas

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 2
4884-7124-9561v.1 012352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Case No. 1:23-cv-01705-RMR-NRN   Document 101-2   filed 05/16/24   USDC Colorado   pg 4
of 36
Case 2:23-cv-01695-TSZ   Document 28   Filed 12/28/23   Page 3 of 35

1    with its principal place of business in Texas. At all times material times, Houston Casualty was

2    engaged in the business of issuing policies of insurance and providing insurance coverage to its

3    policy holders, including in Washington State.

4        **ANSWER:**

5        HCC admits the allegations in Paragraph 2.1 of the Complaint.

6

7        2.2    J. Scott Wood is an attorney at law licensed to practice law in Washington State.

8    Mr. Wood resides in Seattle, King County, Washington. Mr. Wood was employed at the Seattle

9    office of defendant Sinars Slowikowski Tomaska LLC ("Sinars") from January 2022 to April 28,

10   2023 and then at the Seattle office of defendant Gordon Rees Scully Mansukhani, LLP ("Gordon

11   Rees") from April 28, 2023 to the present.

12       **ANSWER:**

13       HCC lacks sufficient knowledge and information to admit or deny the allegations

14   contained in Paragraph 2.2 of the Complaint, and therefore, denies same.

15

16       2.3    Christopher Furman is an attorney at law licensed to practice law in Washington

17   State. Mr. Furman resides in Seattle, King County, Washington. At all times material hereto, Mr.

18   Furman was employed at the Seattle office of defendant Sinars.

19       **ANSWER:**

20       HCC lacks sufficient knowledge and information to admit or deny the allegations

21   contained in Paragraph 2.3 of the Complaint, and therefore, denies same.

22

23       2.4    Gordon Rees is a law firm doing business as a limited liability partnership

24   organized under the laws of the State of California, with its principal place of business in

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 3
4884-7124-9561v.1 0122352-000001

Case No. 1:23-cv-01705-RMR-NRN    Document 101-2    filed 05/16/24    USDC Colorado    pg 5
of 36
Case 2:23-cv-01695-TSZ    Document 28    Filed 12/28/23    Page 4 of 35

1    California. Gordon Rees maintains an office in Seattle, King County, Washington where all

2    relevant acts and omissions took place.

3        **ANSWER:**

4        HCC lacks sufficient knowledge and information to admit or deny the allegations

5    contained in Paragraph 2.4 of the Complaint, and therefore, denies same.

6

7        2.5    Sinars is a law firm doing business as a limited liability company organized under

8    the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. Sinars

9    maintains an office in Seattle, King County, Washington where all relevant acts and omissions

10    took place.

11        **ANSWER:**

12        HCC lacks sufficient knowledge and information to admit or deny the allegations

13    contained in Paragraph 2.5 of the Complaint, and therefore, denies same.

14

15        **III.    JURISDICTION AND VENUE**

16        3.1    Jurisdiction is proper in the Superior Court pursuant to Wash. Const. Art. IV, §6,

17    RWC 4.28.185(1)(a), (b) and (d) and RCW 48.05.215.

18        **ANSWER:**

19        The allegations in Paragraph 3.1 call for a legal conclusion to which no response is

20    required. To the extent an answer is required, HCC lacks sufficient knowledge and information to

21    admit or deny the allegations contained in Paragraph 3.1 of the Complaint, and therefore, denies

22    same.

23

24        3.2    Venue in King County is proper because the acts and/or omissions giving rise to

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 4
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Case No. 1:23-cv-01705-RMR-NRN   Document 101-2   filed 05/16/24   USDC Colorado   pg 6
of 36
Case 2:23-cv-01695-TSZ   Document 28   Filed 12/28/23   Page 5 of 35

the claims set out in this Complaint took place in King County, Washington and, pursuant to

RCW 48.05.220, the cause of action against Houston Casualty arose in King County,

Washington.

**ANSWER:**

The allegations in Paragraph 3.2 call for a legal conclusion to which no response is

required. To the extent an answer is required, HCC lacks sufficient knowledge and information to

admit or deny the allegations contained in Paragraph 3.2 of the Complaint, and therefore, denies

same.

## IV.    VICARIOUS LIABILITY

4.1    The acts and/or omissions by Mr. Wood described herein took place within the

scope and course of his employment with Sinars and Gordon Rees such that Sinars and/or

Gordon Rees are liable for his tortious conduct.

**ANSWER:**

HCC lacks sufficient knowledge and information to admit or deny the allegations

contained in Paragraph 4.1 of the Complaint, and therefore, denies same.

4.2    The acts and/or omissions by Mr. Furman described herein took place within the

scope and course of his employment with Sinars such that Sinars is liable for his tortious

conduct.

**ANSWER:**

HCC lacks sufficient knowledge and information to admit or deny the allegations

contained in Paragraph 4.2 of the Complaint, and therefore, denies same.

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 5
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### V.   FACTS

5.1     On August 1, 2019, while climbing a vertical wall at the Vertical World rock climbing gym in Seattle, Michael Vandivere fell and sustained significant injuries.

**ANSWER:**

HCC lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 5.1 of the Complaint, and therefore, denies same.


5.2     On October 16, 2019 Mr. Vandivere filed suit for personal injuries in King County Superior Court against Vertical World.

**ANSWER:**

HCC admits paragraph 5.2.


5.3     At the time he fell, Mr. Vandivere was using an auto belay, a device intended to assist vertical wall climbers to safely descend a climbing wall, that was manufactured by C3.

**ANSWER:**

HCC lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 5.3 of the Complaint, and therefore, denies same.


5.4     On May 21, 2021, in a second-amended complaint, Mr. Vandivere named C3 as a defendant in the lawsuit, alleging that C3's auto belay device failed, owing to defects in manufacturing and/or design.

**ANSWER:**

HCC admits that a second-amended complaint was filed on May 21, 2021, the contents of the Second Amended Complaint speak for themselves.

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 6
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Case No. 1:23-cv-01705-RMR-NRN   Document 101-2   filed 05/16/24   USDC Colorado   pg 8
of 36
Case 2:23-cv-01695-TSZ   Document 28   Filed 12/28/23   Page 7 of 35

1

2    5.5    On or about May 25, 2021, Mr. Vandivere's counsel served C3.

3    **ANSWER:**

4    HCC lacks sufficient knowledge and information to admit or deny the allegations

5    contained in Paragraph 5.5 of the Complaint, and therefore, denies same.

6

7    5.6    At the time Mr. Vandivere was injured, C3 was insured by two policies of

8    insurance covering commercial general liability, including products liability claims.

9    **ANSWER:**

10    HCC lacks sufficient knowledge and information to admit or deny the allegations

11    contained in Paragraph 5.6 of the Complaint, and therefore, denies same.

12

13    5.7    One policy was issued to C3 by Great American under Policy No. PL1745347-01

14    (the "Great American Policy"). The Great American Policy provided C3 with primary

15    commercial general liability insurance, subject to a $1,000,000 per occurrence limit.

16    **ANSWER:**

17    HCC lacks sufficient knowledge and information to admit or deny the allegations

18    contained in Paragraph 5.7 of the Complaint, and therefore, denies same.

19

20    5.8    The second policy, an excess-umbrella policy, was issued to C3 by Houston

21    Casualty under Policy No. H18PX50121-00 to C3 (the "Houston Casualty Policy"). The Houston

22    Casualty Policy is excess to the Great American Policy and provided C3 $4,000,000 of umbrella

23    coverage over the Great American Policy.

24    **ANSWER:**

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 7
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Case No. 1:23-cv-01705-RMR-NRN   Document 101-2   filed 05/16/24   USDC Colorado   pg 9
of 36
Case 2:23-cv-01695-TSZ   Document 628   Filed 12/28/23   Page 8 of 35

1       HCC admits of paragraph 5.8 that it issued  a Commercial Excess Liability Policy to C3,

2   with the policy number H18PX50121-00 ("HCC Policy"), the terms and conditions of which

3   speak for themselves.

4       5.9    The Houston Casualty Policy generally follows form to the terms and conditions

5   of the Great American Policy but also contains its own terms, including terms that limit the

6   circumstances under which Houston Casualty may seek to cancel or attempt to void the policy.

7       **ANSWER:**

8       HCC admits of paragraph 5.9 that the terms and conditions of the HCC Policy speak for

9   themselves.

10

11       5.10    Section IV (Conditions), Paragraph 8 of the Houston Casualty Policy is entitled

12   "Cancellation." It provides in relevant part that Houston Casualty may cancel the policy but only

13   by providing written notice to C3 "at least . . . 60 days before the effective date of the

14   cancellation."

15       **ANSWER:**

16       HCC admits only of paragraph 5.10 that the language quoted is an incomplete recitation

17   of a provision of the HCC Policy.

18       5.11    The Cancellation provision does not permit Houston Casualty to retroactively

19   cancel the policy. Section IV (Conditions), Paragraph 13 of the Houston Casualty Policy is

20   entitled "Representations or Fraud." It provides that Houston Casualty may void a policy if it

21   determines that the "statements in the Declarations" are not accurate and complete because of

22   fraud. None of the statements in the Declarations is untrue, much less fraudulent. Moreover,

23   Houston Casualty's attempt to rescind or cancel the policy nearly three and a half years after

24   Mr. Vandivere's accident and six months before trial violated Washington law, including RCW

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 8
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Case No. 1:23-cv-01705-RMR-NRN   Document 101-2   filed 05/16/24   USDC Colorado   pg 10
of 36
Case 2:23-cv-01695-TSZ   Document 628   Filed 12/28/23   Page 9 of 35

1    48.18.320.

2        **ANSWER:**

3        HCC admits that paragraph 5.11 references a term of the HCC Policy, which term speaks

4    for itself.  Except as expressly admitted, HCC denies the allegations of paragraph 5.11.

5        5.12    Shortly after the second amended Vandivere complaint was filed, C3 was served

6    with a summons and complaint that it tendered to Great American, C3's primary insurer for the

7    period implicated by the claims in the lawsuit.

8        **ANSWER:**

9        HCC lacks sufficient knowledge and information to admit or deny the allegations

10   contained in Paragraph 5.12 of the Complaint, and therefore, denies same.

11

12       5.13    Great American retained Mr. Wood, then a lawyer at Foley & Mansfield, to

13   defend C3 against the lawsuit.

14       **ANSWER:**

15       HCC lacks sufficient knowledge and information to admit or deny the allegations

16   contained in Paragraph 5.13 of the Complaint, and therefore, denies same.

17

18       5.14    On or about January 2022, Mr. Wood left Foley & Mansfield and joined Sinars.

19   C3 subsequently retained Sinars and Mr. Wood.

20       **ANSWER:**

21       HCC lacks sufficient knowledge and information to admit or deny the allegations

22   contained in Paragraph 5.14 of the Complaint, and therefore, denies same.

23

24       5.15    Mr. Wood worked on the *Vandivere* action with other Sinars lawyers, including

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 9
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Duncan Lemmon, a partner based in California, and Christopher Furman, an associate based in

2    Seattle.

3         **ANSWER:**

4         HCC lacks sufficient knowledge and information to admit or deny the allegations

5    contained in Paragraph 5.15 of the Complaint, and therefore, denies same.

6

7         5.16    While employed at Sinars, Mr. Wood prepared discovery responses on C3's

8    behalf, which disclosed the Great American and Houston Casualty policies as policies that

9    provided coverage to C3 at the time of the accident.

10        **ANSWER:**

11        HCC lacks sufficient knowledge and information to admit or deny the allegations

12   contained in Paragraph 5.16 of the Complaint, and therefore, denies same.

13

14        5.17    Mr. Wood, also while employed at Sinars, prepared a response to a discovery

15   request that asked C3 to identify all dates and locations in which employees, agents, attorneys,

16   directors, and officers of Vertical World met with employees, agents, attorneys and directors and

17   officers of C3. In that response, Mr. Wood identified two incidents involving Vertical World's

18   tour of C3's facility and a meeting in April 2022 with Vertical World, C3 and the Plaintiffs and

19   stated that C3 did not recall meeting on any other occasion.

20        **ANSWER:**

21        HCC lacks sufficient knowledge and information to admit or deny the allegations

22   contained in Paragraph 5.17 of the Complaint, and therefore, denies same.

23

24        5.18    Great American notified Houston Casualty of the action on July 22, 2022.

1    **ANSWER:**

2    Denied

3    5.19    On January 26, 2023, Houston Casualty sent a letter to C3 purporting to rescind

4    the Houston Casualty Policy based on alleged material misrepresentations it claimed C3

5    knowingly made in the application for the policy.

6    **ANSWER:**

7    HCC admits that by letter dated January 26, 2023 the contents of which speak for

8    themself.

9

10    5.20    Also on January 26, 2023, the broker that placed the Houston Casualty policy,

11    Veracity Insurance Solutions, sent a Policy Change Notification to C3. The cover e-mail

12    forwarding the cancellation notice described it as a "FLAT CANCELLATION of policy per the

13    carrier's request." In breach of the cancellation provision in the Houston Casualty Policy, the

14    Policy Change Notification indicated that the Houston Casualty Policy was "cancelled effective

15    inception."

16    **ANSWER:**

17    HCC lacks sufficient knowledge and information to admit or deny the allegations

18    contained in Paragraph 5.20 of the Complaint, and therefore, denies same.

19

20    5.21    Mr. Wood was contemporaneously notified of Houston Casualty's position that

21    the Houston Casualty Policy was rescinded and cancelled but he did not supplement C3's

22    discovery responses in the *Vandivere* action with respect to the insurance coverage available to

23    potentially pay Mr. Vandivere's and the other Plaintiffs' claims.

24    **ANSWER:**

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 11
4884-7124-9561v.1 012352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    HCC lacks sufficient knowledge and information to admit or deny the allegations

2    contained in Paragraph 5.21 of the Complaint, and therefore, denies same.

3

4    5.22    The January 26 letter enclosed a refund check for the premium associated with the

5    Houston Casualty Policy, and the Policy Change Notification was accompanied by an invoice

6    that also reflected the return of the premium amount to C3 as a result of the cancellation.

7    **ANSWER:**

8    HCC admits of paragraph 5.22 that it sent a refund check to  C3 along with its notice

9    rescinding the policy.

10

11    5.23    C3 did not cash the check and contested the rescission/cancellation attempt

12    because it was based on a false premise that C3 intentionally misrepresented a material fact with

13    the intent to deceive Houston Casualty.

14    **ANSWER:**

15    HCC admits only of paragraph 5.23 that C3 has not negotiated the premium refund check

16    sent by HCC.

17

18    5.24    In fact, C3 answered the question Houston Casualty used to try to justify

19    rescission truthfully, based on its understanding of the meaning of the question in consultation

20    with its broker.

21    **ANSWER:**

22    HCC denies the allegations in Paragraph 5.24.

23

24    5.25    On February 27, 2023, C3's coverage counsel responded to Houston Casualty's

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 12
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  purported termination/cancellation and explained why Houston Casualty's acts were

2  inappropriate and based on the false premise that C3 intentionally made false statements in its

3  insurance application with the intent to deceive Houston Casualty.

4  **ANSWER:**

5  HCC admits that it received certain correspondence from C3 and its counsel, the contents

6  of which speak for themselves.

7

8  5.26    On March 13, 2023, Andrew Lavin and Melissa Wiese, lawyers at Gordon Rees,

9  wrote C3's coverage counsel on behalf of Houston Casualty and affirmed Houston Casualty's

10  coverage position, wrongly accusing C3 of making material misrepresentations in its insurance

11  application.

12  **ANSWER:**

13  HCC admits of paragraph 5.26 that correspondence was exchanged between C3 and HCC

14  and their respective counsel, the substance of those exchanges speak for themselves.

15

16  5.27    Upon information and belief, Mr. Lavin and Ms. Wiese and Gordon Rees had

17  been Houston Casualty's insurance coverage counsel with respect to C3's claim for coverage

18  from at least the fall of 2022.

19  **ANSWER:**

20  HCC admits of paragraph 5.27 that for a period of time Gordon Rees was its coverage

21  counsel with regard to C3's claim for coverage.

22

23  5.28    Although C3 disagreed with, and continues to disagree with, Houston Casualty's

24  position, Washington Rule of Court 26(e) required Mr. Wood to seasonably supplement C3's

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 13
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1 | discovery responses to reflect Houston Casualty's purported recission, which was communicated

2 | to Mr. Wood no later than January 26, 2023.

3 |      **ANSWER:**

4 |      HCC lacks sufficient knowledge and information to admit or deny the allegations

5 | contained in Paragraph 5.28 of the Complaint, and therefore, denies same.

6 |

7 |      5.29    Mr. Wood did not supplement the discovery responses, nor did he notify

8 | Mr. Vandivere's counsel of the material change in the amount of insurance coverage available for

9 | the Vandiveres' damages.

10 |      **ANSWER:**

11 |      HCC lacks sufficient knowledge and information to admit or deny the allegations

12 | contained in Paragraph 5.29 of the Complaint, and therefore, denies same.

13 |

14 |      5.30    On April 1, 2022, the same day C3, Vertical World, and Plaintiffs inspected C3's

15 | allegedly defective product, Mr. Furman joined a Vertical World climbing facility in Lynnwood,

16 | Washington without telling C3 or any party to the Vandivere case. Mr. Furman did inform Mr.

17 | Lemmon.

18 |      **ANSWER:**

19 |      HCC lacks sufficient knowledge and information to admit or deny the allegations

20 | contained in Paragraph 5.30 of the Complaint, and therefore, denies same.

21 |

22 |      5.31    On March 5, 2023, Mr. Furman joined Vertical World's Seattle facility, the same

23 | facility where Mr. Vandivere was injured. Between April 1, 2022, and April 26, 2023, Mr.

24 | Furman visited the Lynnwood and Seattle gyms dozens of times.

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 14
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1      **ANSWER:**

2          HCC lacks sufficient knowledge and information to admit or deny the allegations

3   contained in Paragraph 5.31 of the Complaint, and therefore, denies same.

4

5          5.32    Neither Mr. Wood nor anyone at Sinars supplemented C3's discovery responses to

6   report Mr. Furman's contact with employees of Vertical World.

7      **ANSWER:**

8          HCC lacks sufficient knowledge and information to admit or deny the allegations

9   contained in Paragraph 5.32 of the Complaint, and therefore, denies same.

10

11         5.33    Mr. Furman testified in a deposition that he ultimately decided to notify Vertical

12  World that he had been using the gym because, in his words, certain Vertical World employees

13  were giving him "some side-eye" and he felt "kind of being observed by people in the gym,"

14  although he could not identify the employees to whom he was referring by gender, age, or any

15  other identifying characteristic.

16     **ANSWER:**

17         HCC lacks sufficient knowledge and information to admit or deny the allegations

18  contained in Paragraph 5.33 of the Complaint, and therefore, denies same.

19

20         5.34    On April 28, 2023, Mr. Wood, while representing C3, joined the firm of Gordon

21  Rees, the same firm where Mr. Lavin and Ms. Wiese worked while representing Houston

22  Casualty with respect to the rescission and cancellation of the Houston Casualty Policy.

23     **ANSWER:**

24         HCC lacks sufficient knowledge and information to admit or deny the allegations

1    contained in Paragraph 5.34 of the Complaint, and therefore, denies same.

2

3           5.35    Prior to the date he joined Gordon Rees and took C3's defense of the Vandivere

4    case with him, Mr. Wood and Gordon Rees knew or should have known that Gordon Rees

5    represented Houston Casualty in an insurance coverage dispute against Mr. Wood's client C3.

6           **ANSWER:**

7           HCC lacks sufficient knowledge and information to admit or deny the allegations

8    contained in Paragraph 5.35 of the Complaint, and therefore, denies same.

9

10          5.36    For a period of two weeks, Mr. Wood continued to represent C3 at Gordon Rees

11   even though he and Gordon Rees had an ethically impermissible conflict of interest between

12   representing both C3 and Houston Casualty. During this time period, Mr. Wood did not disclose

13   Houston Casualty's attempt to rescind and cancel the Houston Casualty Policy.

14          **ANSWER:**

15          HCC lacks sufficient knowledge and information to admit or deny the allegations

16   contained in Paragraph 5.36 of the Complaint, and therefore, denies same.

17

18          5.37    In May of 2023, Mr. Wood and Gordon Rees acknowledged that their dual

19   representation of C3 and Houston Casualty constituted an ethically improper and impermissible

20   conflict of interest, and they moved to withdraw as C3's counsel.

21          **ANSWER:**

22          HCC lacks sufficient knowledge and information to admit or deny the allegations

23   contained in Paragraph 5.37 of the Complaint, and therefore, denies same.

24

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 16
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    5.38    Sinars refused to reengage in C3's defense, forcing Great American to bring in a

2    new law firm to defend C3 only weeks before the scheduled trial.

3    **<u>ANSWER:</u>**

4    HCC lacks sufficient knowledge and information to admit or deny the allegations

5    contained in Paragraph 5.38 of the Complaint, and therefore, denies same.

6

7    5.39    The Court granted the motion for Mr. Wood to withdraw as C3's counsel in the

8    *Vandivere* action, but in a scathing May 22, 2023 order, one month before trial, chastised C3 and

9    Mr. Wood for what it described as a "dizzying array of attorney withdrawals/substitutions and

10    law firm changes by counsel" and highlighted the problem Mr. Wood caused by joining a firm

11    with a known conflict:

12    The Court notes that this matter has been continued no fewer than 6
times. The parties have waited four and half years for their day in

13    court. The Court is troubled by what can only be described as C3's
dizzying array of attorney withdrawals/substitutions and law

14    firm changes by counsel. With an Order signed by Judge Shaffer on
October 12, 2022 indicating there would be no further continuances

15    **for any reason** and an **agreed** trial date of June 5, 2023 entered on
October 18, 2022, requesting a continuance two weeks away from

16    trial is unacceptable and **prejudices all parties and counsel**.
Counsel for C3 was fully aware of the October 12th and 18th Orders

17    and yet chose to change firms within a month of a hard set trial
**without first ascertaining that there was no conflict with the new**

18    **firm**.

19    (emphasis supplied).

20    **<u>ANSWER:</u>**

21    HCC admits of paragraph 5.39 that the Court issued orders in the *Vandivere*  lawsuit

22    which speak for themselves.

23

24    5.40    On May 5, 2023, Vertical World disclosed to the Plaintiffs that, notwithstanding

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 17
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    C3's discovery responses, Mr. Furman had accessed the Vertical World gyms without notice

2    more than two dozen times.

3          **ANSWER:**

4          HCC lacks sufficient knowledge and information to admit or deny the allegations

5    contained in Paragraph 5.40 of the Complaint, and therefore, denies same.

6

7          5.41    On May 22, 2023, after Mr. Wood's withdrawal, C3's new counsel promptly

8    disclosed to the parties to the *Vandivere* action that Houston Casualty had attempted to cancel

9    and/or rescind its policy and was taking the position that there was no coverage available under

10   its policy for the Plaintiffs' claims.

11         **ANSWER:**

12         HCC lacks sufficient knowledge and information to admit or deny the allegations

13   contained in Paragraph 5.41 of the Complaint, and therefore, denies same.

14

15         5.42    On May 24, 2023, Plaintiffs moved for sanctions against C3 based on Mr.

16   Furman's undisclosed visits and the failure to disclose, before May 22, 2023, Houston Casualty's

17   coverage position.

18         **ANSWER:**

19         HCC lacks sufficient knowledge and information to admit or deny the allegations

20   contained in Paragraph 5.42 of the Complaint, and therefore, denies same.

21

22         5.43    On June 14, 2023, shortly before trial was scheduled to begin, the Court granted

23   Plaintiffs' motion, ordered monetary sanctions, and indicated that it would provide a jury

24   instruction that would allow the jury to make a negative inference from what it found to be C3's

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 18
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  discovery misconduct.

2      **ANSWER:**

3          To the extent the allegations in Paragraph 5.43 of the Complaint refer to a court order,

4  that order speaks for itself. HCC otherwise lacks sufficient knowledge and information to admit

5  or deny the allegations contained in Paragraph 5.43 of the Complaint, and therefore, denies same.

6

7          5.44    The Court also made a number of factual and legal findings, including that: (i) Mr.

8  Wood's misconduct was egregious and a "massive breach of the rules of discovery by C3 and its

9  attorneys"; (ii) Mr. Furman's visits to Vertical World were an "unbridled effort" to engage in

10  "covert discovery"; (iii) Mr. Furman's unauthorized contact with Vertical World's employees was

11  a violation of Washington Rules of Professional Conduct 4.2 and 4.3; and (iv) Mr. Wood knew

12  about the Houston Casualty conflict and that "he never could have taken [the *Vandivere* Action]

13  with him because [Gordon Rees] represent[ed] the insurance company which rescind[ed] the

14  excess insurance policy."

15      **ANSWER:**

16          HCC admits of paragraph 5.44 that the Court issued orders in the *Vandivere* lawsuit

17  which speak for themselves.

18

19          5.45    The Court also, for the first time in ten years on the bench, referred an attorney to

20  the Washington State Bar Association, Mr. Wood.

21      **ANSWER:**

22          HCC lacks sufficient knowledge and information to admit or deny the allegations

23  contained in Paragraph 5.45 of the Complaint, and therefore, denies same.

24

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 19
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    5.46    The Plaintiffs in the *Vandivere* action also alleged that, as a result of the above-

2    referenced misconduct, Great American was obligated to fund the entirety of any judgment,

3    irrespective of its limit.

4    **ANSWER:**

5    HCC lacks sufficient knowledge and information to admit or deny the allegations

6    contained in Paragraph 5.46 of the Complaint, and therefore, denies same.

7

8    5.47    Faced with negligence and breaches of fiduciary duty by two law firms, and a

9    breach of contract by a co-insurer on the eve of trial, all of which declined to participate in

10   discussions regarding an appropriate settlement of the *Vandivere* action, C3 and Great American

11   were forced to resolve the *Vandivere* action for an amount that was significantly higher than it

12   otherwise would have been and involved sums greatly in excess of Great American's policy

13   limits; sums that should have been paid by Houston Casualty (or one or more of the other

14   defendants).

15   **ANSWER:**

16   HCC lacks sufficient knowledge and information to admit or deny the allegations

17   contained in Paragraph 5.47 of the Complaint, and therefore, denies same.

18

19   5.48    Houston Casualty's breach of its contract, its bad faith claims handling, and the

20   negligence and breaches of fiduciary duty by Mr. Wood, Mr. Furman, Sinars, and Gordon Rees

21   forced C3 and Great American to resolve the *Vandivere* action for a confidential amount that was

22   significantly higher than it otherwise would have been and involved sums greatly in excess of

23   Great American's policy limits; sums that should have been paid by Houston Casualty.

24   **ANSWER:**

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 20
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    HCC denies the allegations in Paragraph 5.48 of the Complaint.

2

3    5.49    On August 9, 2023, the Court awarded additional monetary sanctions to Vertical

4    World as a result of Mr. Wood's, Mr. Furman's and Sinar's misconduct. Great American is

5    paying on C3' s behalf a portion of those sanctions concurrently with the filing of this action and

6    anticipates paying an additional amount on or before September 29, 2023.

7    **ANSWER:**

8    HCC lacks sufficient knowledge and information to admit or deny the allegations

9    contained in Paragraph 5.49 of the Complaint, and therefore, denies same

10    **VI.    FIRST CAUSE OF ACTION**

11    ***Breach of Contract by Houston Casualty***

12    6.1    Plaintiff incorporates by reference Sections I-V as if set forth fully herein.

13    **ANSWER:**

14    HCC incorporates its responses to the allegations in all of the preceding Paragraphs as

15    through fully restated herein.

16

17    6.2    By refusing to provide coverage, by refusing to participate in the settlement of the

18    *Vandivere* action, and by refusing to fund its share of the Vandivere Settlement, Houston

19    Casualty breached the Houston Casualty Policy by unilaterally and wrongfully purporting to

20    rescind and/or cancel its policy with C3 after an injury-causing event, without a reasonable basis

21    to do so, in violation of terms of the contract, the doctrine of equitable estoppel and Washington

22    State's insurance bad faith law including, but not limited to, Washington's public policy to

23    preserve insurance compensation sources for injured persons after an injury-causing event.

24    **ANSWER:**

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 21
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    The allegations in Paragraph 6.2 require a legal conclusion to which no response is

2    required. To the extent an answer is required, HCC denies the allegations in Paragraph 6.2 of the

3    Complaint.

4

5    6.3    As a direct and proximate result of Houston Casualty's breach of contract, Great

6    American, as C3's contractual and equitable subrogee and assignee, has suffered damages

7    including that: (i) Great American paid the portion of the settlement of the *Vandivere* action that

8    was rightfully and legally owed by Houston Casualty and; (ii) the amount paid to resolve the

9    *Vandivere* action was higher than it would have been but for Houston Casualty's breach(es) of

10   contract.

11   **ANSWER:**

12   The allegations in Paragraph 6.3 require a legal conclusion to which no response is

13   required. To the extent an answer is required, HCC denies the allegations in Paragraph 7.2 of the

14   Complaint.

15

16   ## VII.    SECOND CAUSE OF ACTION

17   ### *Violation of Washington's Insurance Fair Conduct Act By Houston Casualty*

18   7.1    Plaintiff incorporates by reference Sections I-VI as if set forth fully herein.

19   **ANSWER:**

20   HCC incorporates its responses to the allegations in all of the preceding Paragraphs as

21   through fully restated herein.

22

23   7.2    Houston Casualty's wrongful purported rescission and/or cancellation of C3's

24   policy violated Washington State's Insurance Fair Conduct Act (IFCA), including RCW

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 22
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   48.30.010, 48.30.015 and Washington Administrative Code Regulations, including WAC

2   284¬30-330 and Washington's public policy to preserve insurance compensation sources for

3   injured persons after an injury-causing event.

4       **ANSWER:**

5       The allegations in Paragraph 7.2 require a legal conclusion to which no response is

6   required. To the extent an answer is required, HCC denies the allegations in Paragraph 7.2 of the

7   Complaint.

8

9       7.3    C3 did not make material misrepresentations in connection with its application for

10   insurance and, as a result, Houston Casualty had no good faith basis to attempt to rescind or

11   cancel the Houston Casualty Policy. Houston Casualty also had no good faith basis to attempt to

12   rescind or cancel the Houston Casualty Policy after the occurrence of Mr. Vandivere's injury for

13   which C3 was alleged to be liable.

14       **ANSWER:**

15       The allegations in Paragraph 7.3 require a legal conclusion to which no response is

16   required. To the extent an answer is required, HCC denies the allegations in Paragraph 7.3 of the

17   Complaint.

18

19       7.4    Houston Casualty had a duty not to attempt to rescind or cancel the Houston

20   Casualty Policy, a duty to participate in settlement discussions, a duty to pay its share of the

21   settlement of the *Vandivere* action and also a duty not to make false allegations of fraud and

22   dishonesty against its policyholder, knowing that the Plaintiffs in the *Vandivere* action would

23   learn about the allegations, thereby allowing them to be unfairly used against C3.

24       **ANSWER:**

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 23
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    The allegations in Paragraph 7.4 require a legal conclusion to which no response is

2    required. To the extent an answer is required, HCC denies the allegations in Paragraph 7.4 of the

3    Complaint.

4

5    7.5    As a direct and proximate result of one or more of the aforesaid breaches of duty

6    by Houston Casualty, Great American, as C3's contractual and equitable subrogee and, to the

7    extent permitted, assignee, has suffered economic and noneconomic damages, including that:

8    (i) Great American funded the portion of the settlement of the *Vandivere* action owed by Houston

9    Casualty and; (ii) the amount paid to resolve the *Vandivere* action was higher than it would have

10   been but for Houston Casualty's breaches of duty.

11   **ANSWER:**

12   The allegations in Paragraph 7.5 require a legal conclusion to which no response is

13   required. To the extent an answer is required, HCC denies the allegations in Paragraph 7.5 of the

14   Complaint.

15

16   7.6    Plaintiff seeks all damages recoverable under the IFCA, including treble damages

17   and attorney's fees as authorized by the IFCA.

18   **ANSWER:**

19   No response is required to Paragraph 7.6 of the Complaint. To the extent an answer is

20   required, HCC denies the allegations in Paragraph 7.6 of the Complaint.

21   **VIII.   THIRD CAUSE OF ACTION**

22   ***Violation of Washington's Consumer Protection Act By Houston Casualty***

23   8.1    Plaintiff incorporates by reference Sections I-VII as if set forth fully herein.

24   **ANSWER:**

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 24
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    HCC incorporates its responses to the allegations in all of the preceding Paragraphs as

2    through fully restated herein.

3

4    8.2    Houston Casualty's wrongful purported rescission/cancellation of the Houston

5    Casualty Policy, including its bad faith denial of coverage and other violations of Washington's

6    Insurance Fair Conduct Act and Washington Administrative code regulations cited herein above,

7    constitute per se violations of Washington's Consumer Protection Act, Chapter 19.86 RCW

8    ("CPA").

9    **<u>ANSWER:</u>**

10    The allegations in Paragraph 8.2 require a legal conclusion to which no response is

11    required. To the extent an answer is required, HCC denies the allegations in Paragraph 8.2 of the

12    Complaint.

13

14    8.3    As a direct and proximate result of Houston Casualty's violations of Washington's

15    CPA, Great American, as C3's contractual and equitable subrogee and, to the extent permitted,

16    assignee, has suffered damages as a result of the violations, including that: (i) Great American

17    funded the portion of the settlement of the *Vandivere* action owed by Houston Casualty and;

18    (ii) the amount paid to resolve the *Vandivere* action was higher than it would have been but for

19    Houston Casualty's breach.

20    **<u>ANSWER:</u>**

21    The allegations in Paragraph 8.3 require a legal conclusion to which no response is

22    required. To the extent an answer is required, HCC denies the allegations in Paragraph 8.3 of the

23    Complaint.

24

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 25
4884-7124-9561v.1 0122352-000001

8.4     Plaintiff seeks all damages recoverable under the CPA, including treble damages and attorney's fees as authorized by the CPA.

**ANSWER:**

No answer is required to Paragraph 8.4 of the Complaint. To the extent an answer is required, HCC denies the allegations in Paragraph 8.4 of the Complaint.

## IX.     FOURTH CAUSE OF ACTION

### *Equitable Indemnity/Subrogation From Houston Casualty*

9.1     Plaintiff incorporates by reference Sections I-VIII as if set forth fully herein.

**ANSWER:**

HCC incorporates its responses to the allegations in all of the preceding Paragraphs as through fully restated herein.

9.2     In addition to claims based on Great American's status as C3's contractual and equitable subrogee and assignee, Great American also has an independent claim for equitable subrogation against Houston Casualty.

**ANSWER:**

The allegations in Paragraph 9.2 require a legal conclusion to which no response is required. To the extent and answer is required, HCC denies the allegations in Paragraph 9.2 of the Complaint.

9.3     Houston Casualty's breach of its contract with C3 and its violation of Washington's IFCA and CPA proximately caused damage to Great American by interfering with Great American's ability to resolve the *Vandivere* action when it was prudent and reasonable to do so, and by exposing Great American to litigation with the Plaintiffs and C3.

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 26
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1        **ANSWER:**

2        The allegations in Paragraph 9.3 require a legal conclusion to which no response is

3   required. To the extent an answer is required, HCC lacks sufficient information to admit or deny

4   the allegations in Paragraph 9.3 of the Complaint, and therefore, denies same.

5

6        9.4      Great American reached a settlement resolving all claims in the *Vandivere* action

7   but was forced to fund the portion of the settlement that should have been paid by Houston

8   Casualty.

9        **ANSWER:**

10       HCC lacks sufficient information to admit or deny the allegations contained in Paragraph

11   9.4 of the Complaint, and therefore, denies same.

12

13       9.5      Great American's actions were necessitated by, and the proximate result of,

14   Houston's Casualty's wrongful acts and breaches of duty and were necessary to protect Great

15   American's and C3's interests because, had Great American not resolved the *Vandivere* action,

16   Great American would have been forced to continue paying defense costs in the action and was

17   exposed to potential claims from both the Plaintiffs in the *Vandivere* action and C3.

18       **ANSWER:**

19       Denied.

20

21       9.6      Great American is entitled to equitable indemnity from Houston Casualty for the

22   damages Great American sustained, including that: (i) Great American funded the portion of the

23   settlement of the *Vandivere* action owed by Houston Casualty and; (ii) the amount paid to resolve

24   the *Vandivere* action was higher than it would have been but for Houston Casualty's breach.

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 27
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    **ANSWER:**

2        The allegations in Paragraph 9.6 require a legal conclusion to which no response is

3    required. To the extent an answer is required, To the extent an answer is required, HCC denies

4    the allegations in Paragraph 7.5 of the Complaint.

5

6                            **X.    FIFTH CAUSE OF ACTION**

7        ***Legal Malpractice By Mr. Wood, Mr. Furman, Sinars, and Gordon Rees***

8        10.1    Plaintiff incorporates by reference Sections I-IX as if set forth fully herein.

9    **ANSWER:**

10        The allegations of paragraph 10.1 are directed to other parties and for that reason no

11    response is required from HCC.  To the extent any response is required, HCC  incorporates its

12    responses to the allegations in all of the preceding Paragraphs as through fully restated herein.

13

14        10.2    As C3's attorneys, Mr. Wood, Mr. Furman, Sinars, and Gordon Rees owed C3 a

15    duty to comply with the standard of care of reasonable, careful, and prudent attorneys in the State

16    of Washington acting in the same or similar circumstances.

17    **ANSWER:**

18        The allegations of paragraph 10.2 are directed to other parties and for that reason no

19    response is required from HCC.  To the extent any response is required, HCC lacks sufficient

20    knowledge and information to admit or deny the allegations contained in Paragraph 10.2 of the

21    Complaint, and therefore, denies same.

22

23        10.3    Mr. Wood and Gordon Rees breached the duty of care by, among other things,

24    failing to timely supplement C3's discovery responses relating to the Houston Casualty insurance

1  coverage dispute.

2      **ANSWER:**

3      The allegations of paragraph 10.3 are directed to other parties and for that reason no

4  response is required from HCC.  To the extent any response is required, HCC lacks sufficient

5  knowledge and information to admit or deny the allegations contained in Paragraph 10.3 of the

6  Complaint, and therefore, denies same.

7

8      10.4    Mr. Wood, Mr. Furman and Sinars also breached the duty of care by allowing Mr.

9  Furman to visit the Vertical World gym while participating in the defense of the *Vandivere* action.

10     **ANSWER:**

11     The allegations of paragraph 10.4 are directed to other parties and for that reason no

12 response is required from HCC.  To the extent any response is required, HCC lacks sufficient

13 knowledge and information to admit or deny the allegations contained in Paragraph 10.4 of the

14 Complaint, and therefore, denies same.

15

16     10.5    Prior, and subsequent to, Mr. Wood's becoming an employee of Gordon Rees, Mr.

17 Wood and Gordon Rees had an obligation to disclose to C3, Great American and the Court in the

18 *Vandivere* action that Mr. Wood intended to join the firm and, as such, he would have a

19 disqualifying conflict of interest created by his representation of C3 and Gordon Rees's

20 representation of Houston Casualty in the C3 coverage dispute.

21     **ANSWER:**

22     The allegations of paragraph 10.5 are directed to other parties and for that reason no

23 response is required from HCC.  To the extent any response is required, HCC lacks sufficient

24 knowledge and information to admit or deny the allegations contained in Paragraph 10.5 of the

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Complaint, and therefore, denies same.

2

3         10.6    Mr. Wood's, Mr. Furman's, Sinars's, and Gordon Rees's aforementioned breaches

4    of the duty, proximately caused damage to Great American, as C3's contractual and equitable

5    subrogee and, to the extent permitted, assignee by: (i) it was required to pay more in settlement

6    of the *Vandivere* action, and; (ii) it paid and expects to pay in the future court-ordered sanctions

7    on C3's behalf.

8    **ANSWER:**

9        The allegations of paragraph 10.6 are directed to other parties and for that reason no

10    response is required from HCC.  To the extent any response is required, HCC lacks sufficient

11    knowledge and information to admit or deny the allegations contained in Paragraph 10.6 of the

12    Complaint, and therefore, denies same.

13

14               **XI.    SIXTH CAUSE OF ACTION**

15    ***Breach of Fiduciary Duty by Mr. Wood, Mr. Furman, Sinars and Gordon Rees***

16        11.1    Plaintiff incorporates by reference Sections I-X as if set forth fully herein.

17    **ANSWER:**

18        The allegations of paragraph 11.1 are directed to other parties and for that reason no

19    response is required from HCC.  To the extent any response is required, HCC incorporates its

20    responses to the allegations in all of the preceding Paragraphs as through fully restated herein.

21

22        11.2    As C3's attorneys, Mr. Wood, Mr. Furman, Sinars, and Gordon Rees owed C3, as

23    a matter of law, a fiduciary duty, including the obligations of utmost good faith, complete

24    honesty, full disclosure (the duty to inform) and loyally.

1    **ANSWER:**

2        The allegations of paragraph 11.2 are directed to other parties and for that reason no

3    response is required from HCC.  To the extent any response is required, HCC lacks sufficient

4    knowledge and information to admit or deny the allegations contained in Paragraph 11.2 of the

5    Complaint, and therefore, denies same.

6

7        11.3    Mr. Wood and Gordon Rees breached their fiduciary duty to C3 by failing to

8    identify and disclose, prior to Mr. Wood's accepting at Gordon Rees, that his employment would

9    create a direct conflict of interest between Gordon Rees's representation of C3 and Gordon

10   Rees's representation of Houston Casualty.

11   **ANSWER:**

12       The allegations of paragraph 11.3 are directed to other parties and for that reason no

13   response is required from HCC.  To the extent any response is required, HCC lacks sufficient

14   knowledge and information to admit or deny the allegations contained in Paragraph 11.3 of the

15   Complaint, and therefore, denies same.

16

17       11.4    Mr. Furman and Sinars breached their fiduciary duty to C3 by failing to inform

18   C3, prior to Mr. Furman's visits that they intended to conduct intentional and unethical contacts

19   with a represented party, by failing to explain the potential adverse consequences to C3 and by

20   failing to inform C3 that they had done so.

21   **ANSWER:**

22       The allegations of paragraph 11.4 are directed to other parties and for that reason no

23   response is required from HCC.  To the extent any response is required, HCC lacks sufficient

24   knowledge and information to admit or deny the allegations contained in Paragraph 11.4 of the

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 31
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Complaint, and therefore, denies same.

2

3         11.5    Mr. Wood's, Mr. Furman's, Sinar's, and Gordon Rees's breaches of fiduciary duty

4    proximately caused damage to Great American, as C3's contractual and equitable subrogee and,

5    to the extent permitted assignee, including that: (i) it was required to pay more in settlement of

6    the *Vandivere* action than it otherwise would have had to pay, and; (ii) it paid and expects to pay

7    in the future court-ordered sanctions on C3's behalf.

8         **ANSWER:**

9         The allegations of paragraph 10.2 are directed to other parties and for that reason no

10   response is required from HCC.  To the extent any response is required, HCC lacks sufficient

11   knowledge and information to admit or deny the allegations contained in Paragraph 11.5 of the

12   Complaint, and therefore, denies same.

13

14                       **XII.    AD DAMNUM**

15        WHEREFORE, Plaintiff seeks judgment in its favor for all damages recoverable under

16   Washington law against Defendants Houston Casualty, Gordon Rees, Mr. Wood, Mr. Furman and

17   Sinars as follows:

18        The portion of the settlement of the *Vandivere* action that should have been paid by

19   Houston Casualty;

20        The excess amount required to resolve the *Vandivere* action;

21        The court ordered sanctions Great American paid on C3's behalf;

22        Treble and punitive damages, to the extent permissible; and

23        Awarding Great American such attorney's fees and litigation costs, and such other relief

24   that the Court deems just and proper.

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 32
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:**

HCC denies the allegations in the AD DAMNUM portion of the Complaint to the extent those allegations are made against HCC. Defendant lacks sufficient knowledge and information to admit or deny the reaming allegations in the AD DAMNUM portion of the Complaint, and therefore, denies same.

Except to the extent expressly admitted in response to paragraphs 1.1 through XII. Ad Damnum above, HCC denies the allegations of plaintiffs' Complaint and the whole thereof.

<strong>AFFIRMATIVE DEFENSES</strong>

By setting forth these affirmative defenses, HCC does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff.  HCC reserves the right to amend or supplement its affirmative defenses.

1.     The Complaint fails to state a claim for which relief can be granted against HCC.

2.     The Complaint is based upon, and alleges claims that are void as a matter of public policy in Washington, Colorado, and/or Ohio.

3.     The Complaint alleges causes of action which Plaintiff lacks standing to assert.

4.     The Complaint seeks damages that are the result of Plaintiff's own negligence and contributory fault.

5.     The Complaint seeks damages that are the result of Plaintiff's beach of a contract to provide indemnification to its insured.

6.     The Complaint alleges claims that Plaintiff waived before filing its Complaint.

7.     The Complaint alleges claims that are barred by the doctrine of estoppel.

8.     The Complaint fails to include a necessary party.

9.     The Complaint alleges claims that are subject to the affirmative defenses of accord and satisfaction.

10.    The Complaint alleges claims that are barred by the doctrines of unclean hands

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 33
4884-7124-9561v.1 012352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and unjust enrichment.

11.     The Complaint alleges claims that are barred, in whole or in part, because Defendant's alleged conduct was justified.

12.     The law of Colorado applies to preclude the claims asserted in plaintiffs' Complaint.

13.     Under the common law, HCC was permitted to rescind the HCC Policy based on the misrepresentations of C3 and properly did so, and as a result plaintiffs' claims fail.

14.     Under the terms of the HCC Policy, HCC was entitled to void the HCC Policy as a result of the fraud and misrepresentations by C3 and did so, and as a result plaintiffs' claims fail.

15.     Coverage under the HCC policy, if any, is limited to the limits of liability of the HCC Policy.

16.     Plaintiff's loss or damages, if any, were caused in whole or in part by the contributory fault of others, including Plaintiff's own negligence, with the result that Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault and each party or entity or individual determined to be at fault should only be liable for its percentage degree of fault.

17.     If Plaintiff sustained loss or damage, these were the result of intervening or superseding causes, and not as a result of the acts or omissions of HCC.

18.     Plaintiff's alleged damages should be barred or reduced due to the failure to mitigate.

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 34
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 28th day of December, 2023.

Davis Wright Tremaine LLP
Attorneys for Defendant
Houston Casualty Company

By *s/ Everett W. Jack*
      Everett W. Jack, WSBA No. 47076
      1300 SW Fifth Ave., Suite 2400
      Portland, OR 97201
      Telephone: (503) 241-2300
      Facsimile: (503) 778-5299
      everettjack@dwt.com

By *s/ Steven P. Caplow*
      Steven P. Caplow, WSBA No. 19843
      stevencaplow@dwt.com
      920 Fifth Avenue, Suite Seattle, WA 98104-
      1610
      P: (206) 622-3150
      F: (206) 757-7700

HOUSTON CASUALTY'S AMENDED ANSWER
TO COMPLAINT (2:23-CV-01695-TSZ) - 35
4884-7124-9561v.1 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax