# EXHIBIT 3

June 25, 2021

**VIA CERTIFIED MAIL AND
VIA E-MAIL TO: ronnaranjo@c3mfg.com**

Ron Naranjo
C3 Manufacturing LLC
3809 Norwood Drive #4
Littleton, CO 80125

Re:   Insured:        **C3 Manufacturing LLC**
      Policy No.:     **PL1745347-01 (10/11/2018 to 10/11/2019)**
      Claim No.:      **A00365827**
      Caption:        *Michael Vandivere et al. v. Vertical World, Inc. et al.*, King County, Washington Superior Court, Case No. 19-2-27385-2 SEA

   ***RESERVATION OF RIGHTS – PLEASE READ CAREFULLY***

Dear Mr. Naranjo:

Great American E&S Insurance Company ("Great American") has completed its review of the tender of defense and indemnity on behalf of C3 Manufacturing LLC ("C3") with respect to the lawsuit pending in King County, Washington Superior Court, captioned *Michael Vandivere and Kathryn Snow Vandivere v. Vertical World, Inc. and C3 Manufacturing, LLC*, Case No. 19-2-27385-2 SEA ("Vandivere action").

This letter will inform you that Great American accepts the tender of defense of C3 in the Vandivere action pursuant to policy no. PL1745347-01.  Great American is accepting the tender of defense under a full and complete reservation of rights as set forth in this letter.
Great American fully and expressly reserves all of its rights as to indemnity under the policy and cannot accept the tender of indemnity at this time.  We discuss certain specific issues below.

Great American's reservation of rights includes, but is not limited to: (1) the right to seek a judicial declaration as to its rights and obligations, if any, under the Great American policy; (2) the right to withdraw from the defense at any time; and (3) the right to decline indemnity.  Great American also reserves the right to seek contribution or indemnity from any other insurer that should be providing a defense to C3 for any defense costs incurred or indemnity paid.

Great American also reserves its reimbursement rights under Colorado law, including the cases *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814 (Colo. 2004), and *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083 (Colo. 1991).  Great American may seek reimbursement from C3 if it should be determined that Great American had no obligation to pay defense costs or indemnity, including any settlement.

C3 Manufacturing LLC
June 25, 2021
Page 2

Great American has appointed J. Scott Wood with Foley & Mansfield PLLP to represent C3 in the Vandivere action and requests that C3 provide its full cooperation to that firm as required by the terms and conditions of the Great American policy.  Defense counsel's contact information is:

J. Scott Wood, Managing Partner
999 Third Avenue, Suite 3760
Seattle, WA 98104
Phone: (206) 456-5360
Fax: (206) 456-5361
Email: swood@foleymansfield.com

Great American will pay for C3's defense costs incurred in excess of the $10,000 per claim deductible[1] since the Vandivere action was reported to Great American on May 27, 2021.  Great American also requests that C3 provide us with the names of any other insurers to whom C3 has tendered the defense of the Vandivere action.

The following explains the basis for Great American's reservation of rights and its positions concerning coverage.

## I.  FACTUAL BACKGROUND

We outline the factual allegations as Great American understands them.  Please advise us if you believe we have misunderstood the allegations in any significant respect.  By summarizing these allegations, we do not mean to suggest that any or all of the allegations are true or legally meritorious.

On October 16, 2019, plaintiffs filed their original complaint against Vertical World, Inc. only, seeking damages arising out of injuries that plaintiff Michael Vandivere sustained on August 1, 2019, while rope climbing at the Vertical World facility in Seattle, Washington.  On May 21, 2021, plaintiffs filed a second amended complaint, which joined C3 as a defendant.  In the second amended complaint, plaintiffs allege that C3 manufactured the Perfect Descent auto-belay device that Michael used on August 1, 2019 and his injuries were caused by C3's alleged "failure to provide warnings and instructions."  (May 21, 2021 Second Am. Compl., ¶ 1.2.)

---

[1]  As set forth herein, coverage under the policy is subject to a $10,000 per "claim" deductible for "bodily injury," "personal and advertising injury," and "property damage" liability combined, inclusive of "defense costs."  This means that C3 is responsible for "defense costs" incurred up to the $10,000 per claim deductible.  In addition, a separate deductible amount will be applied to each person making a claim for damages for care, loss of services, or death resulting at any time from "bodily injury."

C3 Manufacturing LLC
June 25, 2021
Page 3

Plaintiffs assert that when Michael "began to descend the rope after he was finished climbing, the safety systems failed and he fell." (*Id.*, ¶ 5.16.) They further allege that "[t]he auto-belay device failed to control the rope slack or break [Michael's] fall" and he suffered severe injuries when he fell to the floor and sustained damage to his property. (*Id.*, ¶¶ 5.17, 5.20, 5.29.) Plaintiffs contend that the "dangerous and unsafe" condition of the belay were hidden or unknown to Michael. (*Id.*, ¶ 5.22.)

Plaintiffs allege that you, as C3's owner, executed a declaration wherein you "admit[ted] that the Operations Manual for the Perfect Descent Climbing Systems 'is almost a decade old,' and that over the course of time, C3 Manufacturing has 'learned that some of the information that [C3 Manufacturing and its] customers knew from experience may not be obvious in the manual to a person unfamiliar with our industry. [C3 Manufacturing] have clarified such questions on an individual basis as they come up.'" (*Id.*, ¶ 5.30.) Plaintiffs contend that you stated "product users decide for themselves how they should be using the device, declaring that 'it's up to the user of the auto-belay device to determine how they are going to use the device.'" (*Id.*, ¶ 5.31.) They further contend that you declared C3 "'expect[s] gyms to put in place rules and requirements and that climbers will abide by those rules,' and that if a climbing gym sought clarification regarding product instructions, C3 Manufacturing would state that gyms 'were to comply with CWA standards.'" (*Id.*, ¶ 5.32.) Plaintiffs assert that your statements "contradict the product instructions in several respects." (*Id.*, ¶ 5.33.) Plaintiffs further assert that rather than "making an affirmative statement that its product operation instructions are sufficiently clear and that Vertical World failed to comply with the explicit language of its product instructions, C3 Manufacturing instead recants its warning by claiming that 'it is up to the user of the auto-belay device to determine how they are going to use the device.'" (*Id.*, ¶ 5.36.) Plaintiffs contend that C3 "tacitly ratified Vertical World's violation of the Perfect Descent Operations Manual." (*Id.*)

Plaintiffs also assert that the Perfect Descent auto-belay is subject to a recall and was unsafe as designed or was defective after manufacture when Michael used it. (*Id.*, ¶ 5.37.) Plaintiffs allege that C3 designed, assembled, and manufactured, and distributed a defective product. (*Id.*, ¶ 7.2.) They contend that the Perfect Descent product "was not reasonably safe as designed or manufactured or was not reasonably safe because adequate warnings or instructions were not provided" and the likelihood that the product would cause Michael serious harm outweighed the burden on C3 to design a product that would have prevented those harms. (*Id.*, ¶¶ 7.3, 7.4.) In the alternative, plaintiffs allege that C3 "failed to exercise reasonable care in the manufacture and design" of the product or "breached express and implied warranties, including but not limited to the warranty of merchantability and the warranty of fitness regarding" the product. (*Id.*, ¶¶ 7.6, 7.7.)

Plaintiffs assert a cause of action for products liability under RCW 7.72.030 against C3 and a cause of action for loss of consortium and injury to parent-child relationship against both C3 and Vertical World. Plaintiffs also assert causes of action for: (1) gross negligence, (2) products liability under RCW 7.72.040, and (3) violation of the Washington Consumer Protection Act – Chapter 19.86 RCW against Vertical World only.

C3 Manufacturing LLC
June 25, 2021
Page 4

With respect to their claims asserted against C3, plaintiffs seek an award of: (1) past and future special damages for medical expenses, medication, lost earnings, and loss of earning capacity; (2) general damages for physical and emotional pain and suffering and loss of services, including emotional support, affection, care, assistance, love, and companionship; and (3) costs, attorneys' fees, and prejudgment interest.

## II.     POLICY TERMS

Great American issued commercial general liability policy no. PL1745347-01 to named insured C3 Manufacturing LLC for the policy period October 11, 2018 to October 11, 2019.  The policy provides insurance subject to limits of $1,000,000 each "occurrence," $1,000,000 for "personal and advertising injury," $2,000,000 general aggregate, and $2,000,000 "products-completed operations" aggregate.  Coverage is also subject to a $10,000 per claim deductible for "bodily injury," "personal and advertising injury," and "property damage" liability combined, inclusive of "defense costs."  When damages are claimed for care or loss of services resulting from "bodily injury," a separate deductible amount will be applied to each person making a claim for such damages.

Certain terms of the Great American policy are set forth in the Appendix to this letter.  Great American urges you to review the policy in its entirety so that you will be fully familiar with all of its terms, conditions, limitations, definitions, exclusions, and endorsements.  We quote specific portions of the policy here to bring them to your attention, but the quotation of particular provisions is not intended to be a waiver of Great American's right to rely on any applicable provision of the policy.

## III.    GREAT AMERICAN'S COVERAGE POSITION

Under Coverage A, the policy states that Great American will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies and will defend the insured against any "suit" seeking those damages.[2]

"Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death of a person and mental anguish, mental injury, or shock, if directly resulting from physical injury, sickness, or disease to that person.  Plaintiffs allege, in part, that they have suffered emotional trauma.  To the extent that the alleged emotional trauma did not directly result from physical injury, sickness, or disease to that person, the policy would not afford coverage for the

---

[2]   Under Coverage B, the policy states that Great American will pay those sums the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies and will defend the insured against any "suit" seeking those damages.  The Vandivere action does not include any allegations of "personal and advertising injury" as defined in the policy.  Accordingly, the Vandivere action does not seek potentially covered damages under Coverage B.

C3 Manufacturing LLC
June 25, 2021
Page 5

alleged emotional trauma.  Great American reserves the right to decline coverage for any emotional trauma or other damages that are not because of "bodily injury" as defined.

"Property damage" means physical injury to tangible property, including all resulting loss of use of that property, or loss of use of tangible property that is not physically injured.  Plaintiffs allege that when Michael fell, his property was damaged, but do not allege any additional facts.  Great American reserves the right to decline coverage for any damages that are not because of "property damage" as defined.

To be covered, "bodily injury" or "property damage" must be caused by an "occurrence."  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  Plaintiffs allege, in part, that C3 recanted its warnings and breached express and implied warranties.  To the extent that liability is imposed on C3 for conduct that is not an "accident" and, therefore, not an "occurrence," the policy would not afford coverage.  Great American reserves all rights in this regard.

The Exclusion of Claims and Suits Alleging Infringement of Intellectual Property or Unfair Competition endorsement excludes coverage for any "bodily injury" or "property damage" alleged in any "suit" that also alleges the violation of any statute, common law, or other laws or regulations concerning unfair competition, unfair trade practices, or any similar laws or regulations.  The Vandivere action includes a cause of action against Vertical World for violation of the Washington Consumer Protection Act, which is a unfair competition law.  Great American reserves the right to deny coverage under this endorsement.

Plaintiffs seek, in part, an award of attorneys' fees.  The supplementary payments provisions in the policy state that Great American will pay all sums taxed against an insured except attorneys' fees.  Great American reserves the right to decline coverage for any award of attorneys' fees on this basis.

The policy requires that C3 notify Great American as soon as practicable of an "occurrence" that may result in a claim.  We understand that Vertical World's owner Rich Johnston discussed "cases" with you in October 2019.  We also understand that plaintiffs' counsel served C3 with a subpoena to take C3's deposition on March 18, 2021, and C3's counsel informed plaintiffs' counsel on March 17, 2021 that C3 would not have a representative appear at the March 18, 2021 deposition.  As discussed above, plaintiffs allege that you, as C3's owner, executed a declaration dated March 30, 2021 in connection with a mediation in the Vandivere action.  C3 did not report the underlying August 1, 2019 incident involving the Vandiveres or the Vandivere action to Great American until May 27, 2021.  To the extent that C3 failed to notify Great American as soon as practicable of the underlying August 1, 2019 incident and this failure results in prejudice to Great American in its ability to defend C3 in the Vandivere action or in its investigation of the Vandiveres' claims, the policy will not afford coverage.  Great American reserves all rights in this regard.

The Great American policy states that no insured will, except at its own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without Great

C3 Manufacturing LLC
June 25, 2021
Page 6

American's consent. As discussed above, we understand that plaintiffs' counsel served C3 with a subpoena to take C3's on March 18, 2021, and C3's counsel informed plaintiffs' counsel on March 17, 2021 that C3 would not have a representative appear at the March 18, 2021 deposition. We also understand that you, as C3's owner, executed a declaration dated March 30, 2021 in connection with a mediation in the Vandivere action. In their second amended complaint, plaintiffs rely, in part, on the statements in your declaration as proof of C3's alleged liability. To the extent that these or any other actions by C3 are in breach of C3's duties under the policy with respect to not voluntarily making any payments, assuming any obligations, or incurring any expenses without Great American's consent, the policy will not afford coverage. Great American has no obligation to indemnify or reimburse C3 for any such voluntary payments, assumed obligations, or incurred expenses by C3 without Great American's consent, including any legal fees incurred prior to May 27, 2021. Great American reserves all rights in this regard.

Great American expressly reserves the right to rely on other provisions, exclusions, limitations, and conditions if appropriate.

In the event the Washington Regulations apply to C3's request for coverage under the policy, Great American wishes to inform C3:

> If you have questions or concerns about the actions of your insurance company or agent, or would like information on your rights to file an appeal, contact the Washington state Office of the Insurance Commissioner's consumer protection hotline at 1- 800-562-6900 or visit www.insurance.wa.gov. The insurance commissioner protects and educates insurance consumers, advances the public interest, and provides fair and efficient regulation of the insurance industry.

### IV.    CONCLUSION

Great American trusts that C3 understands Great American's coverage position. If C3 has any questions or comments, please do not hesitate to contact us. Similarly, if C3 believes Great American is incorrect in any respect or wishes to bring any matter to Great American's attention, please do not hesitate to contact us. Great American is prepared to consider additional information and reassess its position should the circumstances so warrant.

Sincerely,


Porche Wood, AIC, AINS
Claim Specialist
Great American E&S Insurance Company
pwood4@GAIG.COM

C3 Manufacturing LLC
June 25, 2021
Page 7


cc:     Cameron S. Allen - cam@veracityins.com

## APPENDIX OF POLICY TERMS

The policy provides general liability insurance pursuant to Form CG 00 01 (Ed. 04 13), as amended, and states in part:

**SECTION I - COVERAGES**

**Coverage A - Bodily Injury and Property Damage Liability**

**1.     Insuring Agreement**

    **a.**     We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the Insured against any "suit" seeking those damages.  However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

\* \* \*

    **b.**     This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**     the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**     the "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

**Coverage B - Personal and Advertising Injury Liability**

**1.     Insuring Agreement**

    **a.**     We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the Insured against any "suit" seeking those damages.  However, we will have no duty to defend the Insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

\* \* \*

C3 Manufacturing LLC
June 25, 2021
Page 9

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * *

**Supplementary Payments - Coverages A and B**

**1.**    We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

* * *

    **e.**    All court costs taxed against the Insured in the "suit."  However, these payments do not include attorneys' fees or attorneys' expenses taxed against the Insured.

* * *

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

**2.**    **Duties in the Event of Occurrence, Offense, Claim or Suit** [*as amended by Specialty Plus Endorsement Form ESG 3206 (Ed. 01/16)*]

    **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

        **(1)**    how, when and where the "occurrence" or offense took place;

        **(2)**    the names and addresses of any injured persons and witnesses; and

        **(3)**    the nature and location of any injury or damage arising out of the "occurrence" or offense.

* * *

    **d.**    No insured will, except at that Insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

C3 Manufacturing LLC
June 25, 2021
Page 10

      Knowledge of any "occurrence", claim or "suit" by any agent, servant or "employee" of the Named Insured does not in itself constitute knowledge by the Insured unless notice of such "occurrence", claim or "suit" shall have been received by:

    **a.**    you, if you are an individual;

    **b.**    a partner, if you are a partnership; or

    **c.**    an executive officer or insurance manager, if you are a corporation.

* * *

**SECTION V - DEFINITIONS**

* * *

**3.**    **"Bodily injury"** [*as amended by Specialty Plus Endorsement Form ESG 3206 (Ed. 01/16)*] means bodily injury, sickness, or disease sustained by a person, including death of a person. "Bodily injury" also means mental anguish, mental injury, or shock, if directly resulting from physical injury, sickness, or disease to that person.

* * *

**13.**    **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    **"Personal and advertising injury"** [*as amended by Specialty Plus Endorsement Form ESG 3206 (Ed. 01/16)*] means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    **a.**    false arrest, detention or imprisonment;

    **b.**    malicious prosecution;

    **c.**    the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    oral, written or electronic publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

C3 Manufacturing LLC
June 25, 2021
Page 11

      **e.**      oral, written or electronic publication, in any manner, of material that violates a person's right of privacy;

      **f.**      the use of another's advertising idea in your "advertisement"; or

      **g.**      infringing upon another's copyright, trade dress or slogan in your "advertisement".

      **h.**      discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:

            **(1)**      not done intentionally by or at the direction of[:]

                  **(a)**      an insured; or

                  **(b)**      any "executive officer," director, stockholder, partner or member of the insured; and

            **(2)**      not directly or indirectly related to the employment, prospective employment or termination of employment of any person or persons by any insured.

* * *

**17.**      **"Property damage"** means:

      **a.**      physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**      loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

The policy includes a Deductible Liability Insurance endorsement, Form AES 3013 (Ed. 04/11), which states in part:

**Schedule**

**DEDUCTIBLE AMOUNT AND COVERAGE    DEDUCTIBLE BASIS**

* * *

C3 Manufacturing LLC
June 25, 2021
Page 12

| | | | |
|---|---|---|---|
| $10,000 | Bodily Injury, Personal and Advertising Injury and Property Damage Liability combined | ( x ) per claim | |

\* \* \*

Applicable to the sum of damages, Supplementary Payments and defense costs

\* \* \*

1. Our obligation under Bodily Injury Liability, Personal and Advertising Injury and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.

2. The deductible applies for the deductible amount and coverage option and on the deductible basis indicated in the Schedule above.  The deductible amount stated in the Schedule above applies as follows:

    a.  **PER CLAIM BASIS** - If the deductible amount indicated in the Schedule is on a "per claim" basis, that deductible applies as follows:

    \* \* \*

    **(3)** under Bodily Injury, Personal and Advertising Injury and/or Property Damage Liability Coverage combined to the sum of damages, supplementary payments and "defense costs" because of "bodily injury," "personal and advertising injury" and "property damage" sustained by any one person as a result of any one "occurrence" or offense.

    If damages are claimed for care, loss of services or death resulting at any time from "bodily injury," a separate deductible amount will be applied to each person making a claim for such damages.

    \* \* \*

3. The terms of this insurance, including those with respect to:

    **(a)** our right and duty to defend any "suits" seeking those damages; and

    **(b)** your duties in the event of an "occurrence," offense, claim or "suit"

C3 Manufacturing LLC
June 25, 2021
Page 13

>  apply irrespective of the application of the deductible amount.
>
> \* \* \*
>
> **6.** "Defense Costs" mean all expenses incurred in the investigation, defense and settlement of any claim or "suit" under this policy including attorneys fees, court reporter fees, charges for independent medical examinations and expert witnesses, provided such claim expense is incurred by us or with our prior written permission.  "Defense Costs" will not include salaried employees, counsel on retainer and office expense of either you or us.
>
> \* \* \*

The policy also includes an Exclusion - Claims and Suits Alleging Infringement of Intellectual Property or Unfair Competition endorsement, Form CG 90 29 (Ed. 05/16), which states in part:

> \* \* \*
>
> **B.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES, Coverage B – Personal and Advertising Injury Liability, 2. Exclusions:**
>
> **Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws**
>
> [*This insurance does not apply to*:]
>
> **1.** Any claim or "suit" that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.
>
> **2.** Any "personal and advertising injury" alleged in a claim or "suit" that also alleges any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.
>
> This exclusion applies to our duty to defend and our duty to pay damages whether such misappropriation, infringement, or violation is committed in your "advertisement" or otherwise.
>
> **C.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES,**

C3 Manufacturing LLC
June 25, 2021
Page 14

>**Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions:**
>
>**Claim or Suit Alleging Infringement of Intellectual Property or Violation of Laws Concerning Unfair Competition or Similar Laws**
>
>[*This insurance does not apply to*:]
>
>Any "bodily injury" or "property damage" alleged in any claim or "suit" that also alleges any:
>
>\* \* \*
>
>**2.**   violation of any statute, common law, or other laws or regulations described in **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES, Coverage B – Personal and Advertising Injury, 2. Exclusions, Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws.**
>
>\* \* \*