```
                                    FILED
                              2024 MAR 05 02:48 PM
                                  KING COUNTY
                              SUPERIOR COURT CLERK
                                    E-FILED
                             CASE #: 23-2-16817-8 SEA
```

The Honorable Judge Mark Larrañaga
Hearing Date: March 18, 2024
Without Oral Argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY, INDIVIDUALLY, AND AS ASSIGNEE OF CLAIMS FROM ITS INSURED C3 MANUFACTURING LLC, A COLORADO COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON CASUALTY COMPANY, GORDON REES SCULLY MANSUKHANI, LLP, SINARS SLOWIKOWSKI TOMASAKA LLC, J. SCOTT WOOD and CHRISTOPHER FURMAN,<br><br>Defendants. | No. 23-2-16817-8<br><br>**MOTION TO STAY DISPOSITIVE MOTIONS ON THE ISSUE OF RESCISSION, VACATE SUMMARY JUDGMENT HEARING, AND STRIKE NOTE OF MOTION FOR SUMMARY JUDGMENT** |

### I.     RELIEF REQUESTED

Defendant Houston Casualty Company ("HCC") rescinded an insurance policy it had issued in Colorado, to a Colorado insured, based on misrepresentations the insured had made to HCC in Colorado. Before plaintiff Great American E & S Insurance Company ("GAIC") filed this lawsuit, HCC <u>first</u> filed a declaratory judgment action in the United States District Court for the District of Colorado (the "Colorado Case") to have the rescission adjudicated by a Colorado

MOTION TO STAY DISPOSITIVE MOTIONS,
VACATE HEARING, AND STRIKE NOTE
OF MOTION FOR SUMMARY JUDGMENT - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4855-0139-4598v.4 0122352-000001

**RESPONDENTS' APPENDIX 1**

judge applying Colorado law. The Colorado Case, which is laser-focused on rescission of the subject policy, has been pending for almost eight months, discovery has progressed, and as required by the rules of the presiding judge, HCC moved the Colorado court for an order allowing it to file a summary judgment motion on rescission of the policy under Colorado law. In response to HCC's request, and contrary to its actions in this case, GAIC told the Court that summary judgment on rescission was "premature".

GAIC talks out of both sides of its mouth. It claims in the Colorado Case that it is "premature" for the court to take up the issue of rescission but now seeks the same relief in this action. The court should not condone this kind of gamesmanship. HCC respectfully requests this Court stay any dispositive motions on the rescission question, vacate the summary judgment hearing noted by GAIC, and strike the note itself to the extent GAIC seeks adjudication of the rescission. That question of whether Colorado law permitted rescission of an insurance policy entered in Colorado with a Colorado insured should be permitted to proceed before a Colorado judge, in the first-filed Colorado Case that is the appropriate forum for its resolution. GAIC's gamesmanship – telling one court summary judgment is premature, then turning around and seeking expedited summary judgment in its preferred forum – is a waste of judicial and party resources. Allowing the Colorado court to resolve the rescission question first brought before it will simplify and streamline this case, whereas allowing GAIC to proceed with summary judgment here will deprive a plaintiff (HCC) of its chosen forum and deprive the Colorado court of an issue over which it has confirmed jurisdiction.

## II. RELEVANT FACTUAL BACKGROUND

### A. HCC Issues The Excess Insurance Policy In Colorado Based On C3's Representations In Colorado

On August 31, 2018, the underlying insured in this matter – C3 Manufacturing, LLC ("C3") – applied for General & Products Liability Insurance through HCC. C3's primary product for which it sought liability insurance was an automatic belay device, a tool used by rock

MOTION TO STAY DISPOSITIVE MOTIONS,
VACATE HEARING, AND STRIKE NOTE
OF MOTION FOR SUMMARY JUDGMENT - 2

4855-0139-4598v.4 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**RESPONDENTS' APPENDIX 2**

climbers to automatically reel in slack from climbing ropes so they can remain supported without human assistance. Declaration of Steven Caplow, Ex. A ¶ 13. HCC's application asked C3 the following questions:

- "Has the Applicant ever recalled or is it considering recalling any product?"
- "Is (are) any person(s) or organization(s) proposed for this insurance aware of any fact, incident, circumstance, situation, condition, defect or suspected defect which may result in a Products Liability claim?"

C3's owner, Ronald Naranjo, answered both questions "No," and certified that these representations were true and accurate. *Id.* ¶¶ 14-20.

Based on these representations, HCC issued C3 a Commercial Excess Liability insurance policy (the "Excess Policy"). *Id.* at ¶ 21. This policy could apply after C3 exceeded the $1,000,000 limit on its primary insurance policy through GAIC. Dkt. 1, ¶¶ 5.7-5.8. HCC issued the Excess Policy to C3, a Colorado company, in Colorado, covering products manufactured in Colorado. Caplow Decl. Ex. A at ¶¶ 4-6, Ex. B.

### B. After C3 Is Sued, Its Material Misrepresentations About Recalls Come To Light And HCC Rescinds The Excess Policy

On August 1, 2019, an individual named Michael Vandivere was rock climbing at a gym in Seattle using a C3 automatic belay device when he fell approximately 45 feet to the floor and suffered injuries. Caplow Decl. Ex. A at ¶¶ 24-26. Mr. Vandivere sued C3 and the climbing gym, alleging C3's automatic belay device was defective. *Id.* at ¶¶ 27-28. During his deposition in that lawsuit, C3's owner Mr. Naranjo admitted that C3's automatic belay device had, in fact, been subject to a recall that C3 had issued on August 15, 2018, because there had been reports of C3's automatic belay device failing. *Id.* at ¶¶ 38-40. C3 had issued this recall just sixteen (16) days before C3 told HCC in its application that there had not been any recalls of its products.

HCC received a copy of Mr. Naranjo's deposition transcript on December 1, 2022, and the next month issued C3 a letter rescinding the Excess Policy based on C3's material

MOTION TO STAY DISPOSITIVE MOTIONS,
VACATE HEARING, AND STRIKE NOTE
OF MOTION FOR SUMMARY JUDGMENT - 3

4855-0139-4598v.4 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**RESPONDENTS' APPENDIX 3**

misrepresentations about the recall in the application. *Id*. at ¶¶ 36-37, 42. At the same time, HCC tendered back to C3 all of its premium payments on the Excess Policy.

On June 26, 2023, C3 settled the lawsuit with Mr. Vandivere, with its primary insurer GAIC allegedly paying Mr. Vandivere in excess of its policy limits At the time, neither C3 nor GAIC informed HCC of the settlement.

**C. HCC Sues C3 In Colorado For A Declaration Of Rights Over The Rescission; Months Later GAIC Sues HCC For The Same Thing In King County**

On July 5, 2023, HCC sued C3 in the United States District Court for the District of Colorado seeking a declaration rescinding the Excess Policy due to C3's material misrepresentation. Caplow Decl. ¶ 2.

A month later, on August 4, 2023, C3 and GAIC entered an assignment agreement whereby C3 assigned certain claims it may have against HCC to GAIC. C3 and GAIC agreed that Colorado law would apply to the assignment agreement. Caplow Decl. Ex. B.

On September 26, 2023, having learned about the Vandivere settlement and the assignment of claims by C3 to GAIC, HCC requested leave in the Colorado Case to file an amended complaint to add GAIC as a defendant. Caplow Decl. ¶ 3. Over C3's objections, the Colorado court granted leave, and HCC's Second Amended Complaint was deemed filed on November 21, 2023. *Id*.

On November 6, 2023, four months after the Colorado Case was filed, and only after HCC moved to add GAIC as a defendant in the Colorado Case, GAIC served HCC with the present King County lawsuit, in which it seeks among other things a ruling that HCC breached the Excess Policy by seeking rescission based on C3's misrepresentations in the application. Dkt. 1 at ¶¶ 9.1-9.6.

MOTION TO STAY DISPOSITIVE MOTIONS, VACATE HEARING, AND STRIKE NOTE OF MOTION FOR SUMMARY JUDGMENT - 4

4855-0139-4598v.4 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**RESPONDENTS' APPENDIX 4**

    **D.**    **HCC Requests A Summary Judgment Hearing In Colorado; GAIC Tells The Colorado Court Summary Judgment Is Premature, Then Turns Around And Notes A Summary Judgment Motion In This Forum**

On January 4, 2024, HCC moved the court in the Colorado Case for leave to file an early summary judgment motion on the rescission. Caplow Decl. ¶ 5. On January 25, 2024, GAIC filed an opposition, stating that a motion on rescission was "premature." Caplow Decl. Ex. C. GAIC told the federal court in Colorado that the question of whether HCC's rescission was appropriate involves "a genuine issue of material fact that the Court cannot determine on summary judgment" at this stage, particularly given the under-developed record.[1] *Id*. at p. 2.

Less than three weeks later – on February 13, 2024 – GAIC noted a motion for summary judgment on rescission for a hearing to be held April 19, 2024. Caplow Decl. Ex. D.

### III.    STATEMENT OF THE ISSUE

Should the Court stay dispositive motions on the rescission issue, vacate GAIC's summary judgment hearing, and strike the note for a summary judgment motion, given that question was first presented to the Colorado court, and is a question of Colorado law?

### IV.    EVIDENCE RELIED UPON

The Declaration of Steven P. Caplow and attached exhibits, as well as all pleadings and filings in this matter and other matters subject to judicial notice.

### V.    ARGUMENT AND AUTHORITY

The Court has broad discretion to manage its docket, including when to schedule hearings and whether to stay aspects of the proceedings. *State v. Castillo-Lopez*, 192 Wash. App. 741, 748, 370 P.3d 589, 593 (2016); *see also State v. Superior Ct. of Washington In & For Spokane Cnty.*, 147 Wash. 615, 617, 266 P. 1054, 1055 (1928) (recognizing authority of trial court to issue a stay in its own proceedings until resolution of an earlier-filed parallel action in another state).

---

[1] In the Colorado Case, the parties have exchanged disclosures, C3 has responded to discovery requests, and two depositions have been noticed.

MOTION TO STAY DISPOSITIVE MOTIONS,
VACATE HEARING, AND STRIKE NOTE
OF MOTION FOR SUMMARY JUDGMENT - 5

4855-0139-4598v.4 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**RESPONDENTS' APPENDIX 5**

The Court should stay any dispositive motion on the rescission issue, and strike GAIC's note of motion for summary judgment to the extent it relates to the rescission issue, because: (1) a Colorado judge should resolve the question of whether HCC properly rescinded an insurance policy entered into in Colorado involving a Colorado insured, consistent with Colorado law; (2) HCC first raised this question to the Colorado court, and was the first to request a summary judgment hearing in Colorado; and (3) GAIC's gamesmanship in seeking an advantageous forum should not be rewarded.

**A.    The Colorado Court Should Resolve The Rescission Question.**

Colorado law governs the specific question of whether HCC had the right to rescind the Excess Policy based on C3's misrepresentations in the application. This is because: (i) the insured, C3, was incorporated in Colorado; (ii) C3 has its principal place of business in Colorado; (iii) C3 applied for the Excess Policy in Colorado; and (iv) the misrepresentations and circumstances through which C3 obtained the Excess Policy all took place in Colorado. *See Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009) (applying Colorado law to resolve dispute over insurance policy because the "insurance contract was apparently negotiated and entered into in Colorado and the insured's place of business is in Colorado."); *DISH Network Corp. v. Arch Specialty Ins. Co.*, 734 F. Supp. 2d 1173, 1177-78 (D. Colo. 2010) (Colorado law applied to insurance policy negotiated and entered-into in Colorado by a Colorado insured who paid premiums from Colorado), *rev'd on other grounds*, 659 F.3d 1010 (10th Cir. 2011). A Colorado judge familiar with Colorado insurance law is best suited to resolve the specific question of whether a Colorado insured's misrepresentations in an insurance application completed in Colorado permitted HCC's rescission.

**B.    The Colorado Case – Where HCC First Filed Suit On The Rescission Question And First Sought Summary Judgment – Is Focused On The Rescission Issue**

This Court should exercise its discretion and stay consideration of the rescission issue in this action as a matter of judicial economy, comity, and basic fairness as well. The case before

MOTION TO STAY DISPOSITIVE MOTIONS,
VACATE HEARING, AND STRIKE NOTE
OF MOTION FOR SUMMARY JUDGMENT - 6

4855-0139-4598v.4 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**RESPONDENTS' APPENDIX 6**

this Court involves multiple issues, claims, and defendants, and revolves around conduct that occurred during the underlying Vendivere personal injury litigation. While the rescission itself took place during the Vendivere litigation, the critical factual and legal issues center on C3's application for the Excess Policy a year prior to the Vandivere personal injury litigation.

The Colorado Case, however, is entirely focused on the rescission question. The Colorado court has invested significant time on that case already as have the parties and their counsel in Colorado (for example, there are 89 docket entries)[2]. It costs nothing to the parties or Court here to allow the Colorado court to resolve the narrow question of rescission before it; in fact, everyone in this matter benefits from having this question resolved by the Colorado Court to streamline and simplify the issues presented in this case. At the same time, to strip HCC – the plaintiff in the Colorado Case – of its chosen forum to resolve this question would result in wasted party and judicial resources in Colorado, and run contrary to the policy of permitting a plaintiff to choose its forum. *See Myers v. Boeing Co.*, 115 Wash. 2d 123, 129, 794 P.2d 1272, 1276 (1990) (noting the policy that absent strong countervailing factors, a "plaintiff's choice of forum should rarely be disturbed." (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947)).

**C.    GAIC's Gamesmanship Should Not Be Rewarded**

It finally bears considering as a matter of equity that GAIC seeks through gamesmanship to deprive HCC of its chosen forum, and to deprive the Colorado court of a matter that it has determined it has jurisdiction to resolve. When HCC brought the Colorado Case there were no pending or threatened lawsuits involving the parties in this case or the rescission issue. HCC proceeded to resolve the rescission question in Colorado, where the insured is located, where the Excess Policy was issued, and where the underlying misrepresentations occurred, and in the forum of the applicable law.  Only after that filing did GAIC obtain an assignment of claims from C3, and only then did it bring its own action against HCC and several law firms involved in

---

[2] As of March 5, 204.  Caplow Decl. ¶ 7.

MOTION TO STAY DISPOSITIVE MOTIONS, VACATE HEARING, AND STRIKE NOTE OF MOTION FOR SUMMARY JUDGMENT - 7

4855-0139-4598v.4 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the underlying Vandivere litigation. As noted, GAIC filed an opposition to the Colorado court hearing a summary judgment motion on the rescission claiming that it is "premature", only to turn around and seek a summary judgment hearing on the same issue in this case. This is transparent procedural fencing and should not be encouraged.

## VI.   CONCLUSION

For the foregoing reasons, HCC respectfully requests the Court stay any dispositive motions on the validity of HCC's rescission of the Excess Policy so the Colorado court may rule on this issue, and vacate GAIC's hearing for summary judgment and strike its note for a summary judgment motion to the extent this planned motion involves the rescission issue.

DATED this 5th day of March, 2024.

Davis Wright Tremaine LLP
Attorneys for Defendant Houston Casualty Company

By  s/ Everett W. Jack
Everett W. Jack, WSBA No. 47076
1300 SW 5th Ave., Suite 2400
Portland, OR 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
everettjack@dwt.com

By  s/ Steven P. Caplow
Steven P. Caplow, WSBA No. 19843
stevencaplow@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
P: (206) 622-3150
F: (206) 757-7700
stevencaplow@dwt.com

I certify that this memorandum contains 2,213 words, in compliance with the Local Civil Rules.

MOTION TO STAY DISPOSITIVE MOTIONS, VACATE HEARING, AND STRIKE NOTE OF MOTION FOR SUMMARY JUDGMENT - 8

4855-0139-4598v.4 0122352-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**RESPONDENTS' APPENDIX 8**

The Honorable Judge Mark Larrañaga
Hearing Date: Tuesday, April 9, 2024
*Without Oral Argument*

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY, INDIVIDUALLY, AND AS ASSIGNEE OF CLAIMS FROM ITS INSURED C3 MANUFACTURING LLC, A COLORADO COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON CASUALTY COMPANY, GORDON REES SCULLY MANSUKHANI, LLP, SINARS SLOWIKOWSKI TOMASAKA LLC, J. SCOTT WOOD and CHRISTOPHER FURMAN,<br><br>Defendants. | No. 23-2-16817-8<br><br>**SUR REPLY TO PLAINTIFF GREAT AMERICAN E & S COMPANY'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S MARCH 25, 2024 ORDER** |

HCC files this brief sur-reply to respond to the new evidence GAIC has submitted in its reply from the deposition of Cameron Allen. This apparent evidence on the <u>merits</u> of the rescission argument – taken out of context and without the remainder of the record before the Court – is not relevant to the Court's procedural decision that the rescission issue should be resolved in Colorado. As the hearing transcript demonstrates, GAIC can and will raise all of its arguments to the Colorado court as to why HCC's rescission is unenforceable, including (1)

SUR REPLY TO PLAINTIFF GREAT AMERICAN E & S COMPANY'S
MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE
COURT'S MARCH 25, 2024 ORDER - 1
4872-5364-6005v.1 0122352-000001

**RESPONDENTS' APPENDIX 9**

whether there was an underlying basis for rescission and (2) whether it was procedurally sound. It is uncontested that the issues presented by HCC for resolution in Colorado, and the three specific affirmative defenses later addressed by Great American's before this Court on summary judgment motion, involve common core questions of law and fact.  The question of whether HCC properly rescinded the contract should not be entertained by two courts at once.[1]

DATED this 9th day of April, 2024.

Davis Wright Tremaine LLP
Attorneys for Defendant Houston Casualty Company

By s/ Everett W. Jack
Everett W. Jack, WSBA No. 47076
1300 SW 5th Ave., Suite 2400
Portland, OR 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
everettjack@dwt.com

By s/ Steven P. Caplow
Steven P. Caplow, WSBA No. 19843
stevencaplow@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
P: (206) 622-3150
F: (206) 757-7700
stevencaplow@dwt.com

I certify that this memorandum contains 198 words, in compliance with the Local Civil Rules

---

[1] For the first time in Reply, Great American's proposed order asks the Court to set Great American's motion for partial summary judgment on the original date.  This untimely and prejudicial request should also be rejected.

SUR REPLY TO PLAINTIFF GREAT AMERICAN E & S COMPANY'S
MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE
COURT'S MARCH 25, 2024 ORDER - 2
4872-5364-6005v.1 0122352-000001

**RESPONDENTS' APPENDIX 10**

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY, INDIVIDUALLY, AND AS ASSIGNEE OF CLAIMS FROM ITS INSURED C3 MANUFACTURING LLC, A COLORADO COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON CASUALTY COMPANY, GORDON REES SCULLY MANSUKHANI, LLP, SINARS SLOWIKOWSKI TOMASAKA LLC, J. SCOTT WOOD and CHRISTOPHER FURMAN,<br><br>Defendants. | No. 23-2-16817-8 KNT<br><br>**ORDER LIFTING STAY AND SETTING BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF RESCISSION** |

This matter comes before the Court on Plaintiff's previously filed motion for summary judgment on the issue of rescission[1], which was stayed on March 24, 2024[2] because the matter was pending in the United States District Court for the District of Colorado.

On May 7, 2024, the Court was provided the decision rendered by Judge Regina M. Rodriguez of the United States District Court for the District of Colorado, which reads in part:

> Given the many overlapping factual and legal disputes, the Court finds that the Washington State Action provides a better opportunity for a complete and efficient resolution of the parties' dispute. As described above, only the Washington State Action can address all relevant issues among all relevant parties. . . . For all of these

---

[1] Dkt. 38.
[2] Dkt. 57; Dkt. 89 (Order Denying Motion for Reconsideration).

ORDER SETTING BRIEFING SCHEDULE FOR
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF RESCISSION - 1

**RESPONDENTS' APPENDIX 11**

reasons, the Court will exercise its discretion to abstain from hearing this declaratory judgment action and administratively close this matter pending the resolution of issues in the Washington state Action.[3]

As such, this Court lifts the stay on the issue(s) of rescission and sets the following schedule:

1. *Motion of Plaintiff Great American E & S Insurance Company for Partial Summary Judgment Against Defendant Houston Casualty Company* was previously filed on March 5, 2024.[4]

2. Defendant Houston Casualty Company's response is due **June 6, 2024**.

3. Plaintiff Great American E & S Insurance Company's reply (if any) is due **June 14, 2024**.

4. Argument on the matter will be heard **June 21, 2024 at 1:00 p.m**.

Dated the 15th day of May, 2024.

                                                *Mark A. Larrañaga*
                                                HON. MARK LARRAÑAGA

---

[3] Dkt. 107, Decl. of James P. Ruggeri, Exh. 1, at 13.
[4] Dkt. 38.

ORDER SETTING BRIEFING SCHEDULE FOR
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF RESCISSION - 2

# King County Superior Court
## Judicial Electronic Signature Page

| | |
|---|---|
| Case Number: | 23-2-16817-8 |
| Case Title: | GREAT AMERICAN E & S INS CO VS HOUSTON CASUALTY CO ET AL |
| Document Title: | ORDER RE LIFTING STAY AND BRIEFING SCHEDULE |
| Signed By: | Mark Larranaga |
| Date: | May 16, 2024 |

Judge: Mark Larranaga

This document is signed in accordance with the provisions in GR 30.

| | |
|---|---|
| Certificate Hash: | B53C561C3AC69D12359B2A3F0D343B31FEB70629 |
| Certificate effective date: | 5/11/2023 12:14:51 PM |
| Certificate expiry date: | 5/11/2028 12:14:51 PM |
| Certificate Issued by: | C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Mark Larranaga: DEwZqakz7RGaDc2sztdelA==" |

Page 3 of 3

**RESPONDENTS' APPENDIX 13**