IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:23-cv-01705-RMR-NRN

HOUSTON CASUALTY COMPANY,

    Plaintiff,

v.

C3 MANUFACTURING LLC AND GREAT AMERICAN E & S INSURANCE COMPANY, AS ASSIGNEE OF C3 MANUFACTURING LLC,

    Defendants.

## ORDER

On May 6, 2024, the Court issued an order granting Defendants' Motions to Dismiss. ECF No. 100. Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 101. Defendants filed a response at ECF No. 102, and Plaintiff filed a reply at ECF No. 105. For the reasons set forth below, Plaintiff's Motion is DENIED.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the

facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff seeks reconsideration of the Court's May 6, 2024 Order, wherein the Court exercised its discretion under the Declaratory Judgment Act and *Brillhart* abstention doctrine to dismiss Plaintiff's declaratory judgment action in favor of the Washington State Action. ECF No. 100. After reviewing the arguments presented in the Motion, the Court finds that Plaintiff has failed to demonstrate that reconsideration of its Order is warranted.

Plaintiff's primary argument is that the Court has "committed error by abstaining from exercising its jurisdiction." ECF No. 101 at 3. In making this argument, however, Plaintiff erroneously relies on the standard governing the *Colorado River* abstention doctrine. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 285 (1995) (holding that the discretionary standard set forth in *Brillhart*, not the *Colorado River* "exceptional circumstances" test, governs a district court's decision to stay or dismiss a declaratory judgment action in favor of parallel state court proceedings). As the procedural history of this case demonstrates, the Court has already agreed with Plaintiff that abstention under *Colorado River* is not appropriate here. *See* ECF No. 43 (order denying C3's motion to dismiss under *Colorado River* abstention).

In its reply, Plaintiff concedes that "*Brillhart* is the controlling doctrine here." ECF No. 105 at 8. Because "[t]he *Brillhart* analysis differs fundamentally from the *Colorado River* analysis[,]" Plaintiff's arguments under *Colorado River* are unavailing. *United States v. City of Las Cruces,* 289 F.3d 1170, 1182 (10th Cir. 2002). To the extent Plaintiff perceives legal error with the Court's *Brillhart* analysis, such an argument amounts to a

2

disagreement with this Court's exercise of its "unique and substantial discretion in deciding whether to declare the rights of litigants." *See id.* ("The Declaratory Judgment Act, the backbone of the *Brillhart* doctrine, confers upon district courts 'unique and substantial discretion in deciding whether to declare the rights of litigants.'") (quoting *Wilton*, 515 U.S. at 286). Plaintiff argues the Court erred in the exercise of its discretion to abstain under *Brillhart* because (1) the question of whether Plaintiff effectuated rescission of the excess policy is not pending before the Washington state court; and (2) no party could plead such an action because C3 is not a party to the Washington State Action. Neither argument warrants reconsideration.

First, while Plaintiff is correct that the validity of the rescission is raised as an affirmative defense in the Washington State Action, that is where its logic ends. "Unlike a decision under *Colorado River* to refuse jurisdiction, there is no requirement under *Brillhart* that the district court look at the state and federal proceedings only as they currently exist." *City of Las Cruces*, 289 F.3d at 1188 n.15. The Tenth Circuit "has noted that a factor a district court should consider in deciding to decline jurisdiction over a declaratory judgment action is whether 'the same fact-dependent issues are likely to be decided in another pending proceeding.' " *Id.* (quoting *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169–70 (10th Cir. 1995). Here, the fact-dependent issue of the validity of the rescission will necessarily be at issue in the Washington State Action (even though it is only raised as an affirmative defense) because to determine whether Plaintiff's purported rescission was done in bad faith, the Washington state court will necessarily have to determine whether Plaintiff properly rescinded in the first place. Thus, the Court's

3

decision to abstain simply transfers this step of the process to the one place where all issues will be addressed and resolved—the Washington State Action. Although Plaintiff would prefer that the issue be addressed by this Court, that does not make the Court's decision to abstain a legal error.

Second, the Court has already explained that C3's absence from the Washington State Action can be remedied by joining C3. *See* ECF No. 100 at 14 (finding C3 has conceded to jurisdiction in the Washington State Action and can be joined). As the Court explained in its Order, when exercising its discretion under *Brillhart*, a district court may consider "whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). Plaintiff's Motion fails to offer any reason why C3—a party it claims is necessary—cannot be joined. Nor does Plaintiff dispute that C3 is amenable to process in the Washington State Action. Thus, the Court finds no reason to reconsider on this basis.

Ultimately, Plaintiff's Motion seeks to take a second bite at the apple, which is not a permissible use of a motion to reconsider. *See Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) ("The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed."). The Motion, ECF No. 101, is denied.

4

DATED: July 9, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

5